UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE PENSION COMMITTEE OF THE            :
UNIVERSITY OF MONTREAL PENSION PLAN,
et al.,                                 :

               Plaintiffs,        :        05-CV-09016 (SAS)

      - against -                   :        ECF Case

BANC OF AMERICA SECURITIES, LLC, CITCO  :
FUND SERVICES (CURACAO) N.V., THE CITCO
GROUP LIMITED, INTERNATIONAL FUND       :
SERVICES (IRELAND) LIMITED,
PRICEWATERHOUSECOOPERS (NETHERLAND :
ANTILLES), JOHN W. BENDALL, JR., RICHARD
GESIT, ANTHONY STOCKS, KIERAN CONROY    :
and DECLAN QUILLIGAN,

                    :

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT INTERNATIONAL FUND SERVICES (IRELAND) LTD.'S <u>MOTION TO DISMISS THE COMPLAINT</u>


SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Attorneys for Defendant
International Fund Services (Ireland) Limited

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS ........................................................................................... 2

      1.    Relevant Parties ................................................................................... 2

      2.    IFSI's Duties as Administrator of the Funds ..................................... 3

      3.    Plaintiffs' Complaint .......................................................................... 3

      4.    Plaintiffs' Claims Against IFSI ......................................................... 4

ARGUMENT ............................................................................................................... 6

I.     IFSI IS NOT SUBJECT TO PERSONAL JURISDICTION ............................. 6

     A.    Standards for Personal Jurisdiction ................................................... 6

     B.    IFSI is Not Subject to General Jurisdiction ..................................... 7

     C.    IFSI is Not Subject to Specific Jurisdiction ..................................... 9

II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST IFSI .............. 15

CONCLUSION ........................................................................................................... 16

# TABLE OF AUTHORITIES

## CASES

Abrams v. Van Kampen Funds, Inc.,
   No. 01 C 7538, 2002 WL. 1160171 (N.D. Ill. May 30, 2002) .............................................3

Ainbinder v. Potter,
   282 F. Supp. 2d 180 (S.D.N.Y. 2003)...............................................................................11

Asahi Metal Industrial Co. v. Super. Ct. of Cal., Solano County,
   480 U.S. 102 (1987)...........................................................................................................8

Avecmedia, Inc. v. Gottschalk,
   No. 03 Civ. 7831, 2004 WL. 1586411 (S.D.N.Y. July 14, 2004) ...................................13

Ball v. Metallurgie Hoboken-Overpelt, S.A.,
   902 F.2d 194 (2d Cir. 1990)................................................................................................8

Beacon Enterprises, Inc. v. Menzies,
   715 F.2d 757 (2d Cir. 1983)................................................................................................6

Beekman Paper Co. v. National Paper Products,
   909 F.2d 67 (2d Cir. 1990)..................................................................................................6

Bensusan Restaurant Corp. v. King,
   126 F.3d 25 (2d Cir. 1997)................................................................................................12

Chase Manhattan Bank v. Iridium Afr. Corp.,
   C.A. No. 00-564-RRM, 2002 U.S. Dist. LEXIS 7794 (D. Del. Apr. 5, 2002).................11

Communications Partners Worldwide, Inc. v. Main Street Restaurants,
   No. 04 Civ. 10003, 2005 WL. 1765712 (S.D.N.Y. July 26, 2005) ............................13, 14

Fantis Foods, Inc. v. Standard Importing Co.,
   49 N.Y.2d 317, 425 N.Y.S.2d 783 (1980) ........................................................................14

Franklin v. Catawba Insurance Co.,
   291 A.D.2d 371, 737 N.Y.S.2d 378 (2d Dep't 2002)..........................................................9

Fraternity Fund Ltd. v. Beacon Hill Asset Management LLC,
   376 F. Supp. 2d 443 (S.D.N.Y. 2005)...............................................................................15

Granat v. Bochner,
   268 A.D.2d 365, 702 N.Y.S.2d 262 (1st Dep't 2000)........................................................11

Greenwald v. Shearson Lehman Bros., Inc.,
    N.Y.L.J. Nov. 4, 1993 (Sup. Ct. N.Y. County Nov. 3, 1993)............................................16

I. Meyer Pincus & Associates, P.C. v. Oppenheimer & Co.,
    936 F.2d 759 (2d Cir. 1991)..........................................................................................3

International Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,
    326 U.S. 310 (1945)....................................................................................................14

Jaisan, Inc. v. Sullivan,
    No. 96 Civ. 4336, 1997 WL. 86402 (S.D.N.Y. Feb. 28, 1997) ........................................14

Jazini v. Nissan Motor Co.,
    148 F.3d 181 (2d Cir. 1998)...........................................................................................8

Kahn Lucas Lancaster, Inc. v. Lark International Ltd.,
    956 F. Supp. 1131 (S.D.N .Y.1997)...............................................................................10

Kramer v. Vogl,
    17 N.Y.2d 27, 267 N.Y.S.2d 900 (1966) ......................................................................12

Kronisch v. United States,
    150 F.3d 112 (2d Cir. 1998)...........................................................................................9

Landau v. New Horizon Partners, Inc.,
    No. 02 Civ. 6802, 2003 WL. 22097989 (S.D.N.Y. Sep. 8, 2003) ....................................11

Landoil Resources Corp. v. Alexander & Alexander Services, Inc.,
    77 N.Y.2d 28, 563 N.Y.S.2d 739 (1990) ........................................................................7

Landoil Resources Corp. v. Alexander & Alexander Services, Inc.,
    918 F.2d 1039 (2d Cir. 1990)..........................................................................................8

Lawrence Wisser & Co. v. Slender You, Inc.,
    695 F. Supp. 1560 (S.D.N.Y. 1988)...............................................................................10

Lehigh Valley Industrial, Inc. v. Birenbaum,
    527 F.2d 87 (2d Cir. 1975)..............................................................................................6

Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,
    15 N.Y.2d 443, 261 N.Y.S.2d 8 (1965) ........................................................................12

Mareno v. Rowe,
    910 F.2d 1043 (2d Cir. 1990).........................................................................................13

McGowan v. Smith,
    52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981) ...................................................9, 10

Milliken v. Meyer,
    311 U.S. 457 (1940)...........................................................................................15

Niagara Mohawk Energy Marketing, Inc. v. Entergy Power Marketing Corp.,
    270 A.D.2d 872, 706 N.Y.S.2d 794 (4th Dep't 2000) .........................................9

OneBeacon Insurance Co. v. Forman International, Ltd.,
    No. 04 Civ. 2271, 2005 WL 100849 (S.D.N.Y. Jan. 19, 2005)..........................15

Palace Exploration Co. v. Petrol. Development Co.,
    41 F. Supp. 2d 427 (S.D.N.Y. 1998).................................................................11

Parke-Bernet Galleries, Inc. v. Franklyn,
    26 N.Y.2d 13, 308 N.Y.S.2d 337 (1970) ..........................................................10

Plastwood Corp. v. Robinson,
    No. 04 CV 3214, 2004 WL 1933625 (S.D.N.Y. Aug 30, 2004) ......................14

Platt Corp. v. Platt,
    17 N.Y.2d 234, 270 N.Y.S.2d 408 (1966) ........................................................12

Roper Starch Worldwide, Inc. v. Reymer & Associates, Inc.,
    2 F. Supp. 2d 470 (S.D.N.Y. 1998)..................................................................11

Shaffer v. Heitner,
    433 U.S. 186 (1977)............................................................................................6

Sterling National Bank & Trust Co. v. Southern Scrap Exp. Co.,
    468 F. Supp. 1100 (S.D.N.Y. 1979)..................................................................11

Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,
    No. 01-CV-1574, 2002 WL 719471 (E.D.N.Y. Mar. 1, 2002)..........................13

Terry v. Farmer's Insurance Co. of Ariz.,
    236 A.D.2d 829, 653 N.Y.S.2d 767 (4th Dep't 1997) ........................................9

United Bank of Kuwait, PLC v. James M. Bridges Ltd.,
    766 F. Supp. 113 (S.D.N.Y. 1991)....................................................................14

United States v. Philip Morris Inc.,
    116 F. Supp. 2d 116 (D.D.C. 2000) ..................................................................11

Westvaco Corp. v. Viva Magnetics Ltd.,
   No. 00 Civ. 9399, 2003 WL. 21136729 (S.D.N.Y. May 15, 2003)..................................13

Whitaker v. America Telecasting, Inc.,
   261 F.3d 196 (2d Cir. 2001)..........................................................................................13

Williams & Sons Erectors, Inc. v. S.C. Steel Corp.,
   983 F.2d 1176 (2d  Cir. 1993)........................................................................................15

**STATUTES**

CPLR § 301...........................................................................................................................6, 7, 8

CPLR § 302(a) ...................................................................................................... passim

Defendant International Fund Services (Ireland) Limited ("IFSI") respectfully submits this Memorandum of Law in support of its Motion for an order, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing plaintiffs' complaint (the "Complaint")[1] for lack of personal jurisdiction and failure to state a claim for relief.

## PRELIMINARY STATEMENT

This action arises out of plaintiffs' investment in Lancer Offshore, Inc. and the OmniFund Ltd. (collectively, the "Funds"), two hedge funds with significant investments in public and private companies with small to micro market capitalizations. Pursuant to the April 1, 2002 Confidential Private Placement Memorandum of The Omnifund, Ltd. and the February 15, 2002 Placement Memorandum of Lancer Offshore, Inc., plaintiffs collectively claim to have invested over $571 million in the Funds. (Compl. ¶ 1.)

The investment manager of the Funds was Lancer Management Group, LLC, an entity owned and operated by Michael Lauer. (Id.) Neither Lancer Management nor Lauer has any affiliation with IFSI. According to the Complaint, each individual plaintiff lost its entire investment in the Funds due to a fraudulent scheme, hatched by Lancer Management and Lauer, and aided by its directors, accountant and broker, to inflate the value of the funds' assets. (See id. ¶¶ 2-12.) The alleged scheme was as follows: Lauer purchased significant amounts of stock in small companies for a small investment. When it became time to report the progress (or lack thereof) of the investments, Lauer allegedly purchased much smaller amounts of stock in these companies but did so at a much higher price. The value of the Funds' assets were then allegedly reported to plaintiffs using this higher, inflated price.

---

[1]      References to the Complaint are denoted as "(Compl. ¶ __)."

Although IFSI had no responsibility for investing or valuing the Funds' assets, and performed nothing more than administrative and ministerial tasks assigned to it pursuant to a contractual agreement with the Funds, plaintiffs have dragged IFSI into this lawsuit, alleging that it breached fiduciary duties it purportedly owed to the Funds' shareholders and performed its administrative duties in a negligent manner.  As shown below, however, the Complaint should be dismissed for at least two separate and independent reasons:

- IFSI, an Irish corporation with its principal place of business located in Dublin, Ireland, is not subject to personal jurisdiction in New York;

- Plaintiffs fail to state a claim against IFSI.

Accordingly, IFSI's motion to dismiss the Complaint should be granted.

## STATEMENT OF FACTS

### 1.    Relevant Parties

Plaintiffs are shareholders in the Funds.  (Compl. ¶ 1.)  The Funds, two British Virgin Islands corporations which are currently in liquidation, were managed by Lancer Management Group, LLC and its principal, Michael Lauer.  (See id.)  Neither Lancer Management nor Lauer are parties to this action.  (See id. ¶ 15.)

IFSI is a corporation organized under the laws of Ireland with its principal place of business located in Dublin, Ireland, where it served as the administrator of the Funds beginning in September 2002.  (See id. ¶¶ 12, 109.)  IFSI conducts all of its business operations and houses all of its employees and business records in Ireland.  (See Byrne Aff. ¶ 5.)[2]  The company is not registered to do business in New York, does not conduct business in New York

---

[2]    References to "Byrne Aff." are to the October 28, 2005 affidavit of Susan Byrne submitted herewith.

and does not solicit business within the state.  (Id. ¶¶ 6-8.)  IFSI also does not have any clients or customers based within New York.  (Id. ¶ 8.)

### 2.    IFSI's Duties as Administrator of the Funds

IFSI served as administrator pursuant to Administrative Services Agreements between IFSI and each Fund (the "Agreements").[3]  (See Byrne Aff. Exs. A & B.)  Pursuant to the Agreements, IFSI's duties were expressly limited in scope and were administrative and ministerial in nature.  As explained in the Funds' offering memoranda, pursuant to the terms of the Agreements, IFSI was responsible for maintaining the register of shareholders of the Funds, maintaining the Funds' corporate records and books of accounts, performing the arithmetic necessary for calculating the net asset value ("NAV") of the Funds,[4] and mailing shareholders statements reflecting NAVs.  (See id.)  IFSI did not have trading authority, did not make trading decisions, was not consulted by Lancer Management or Lauer before or after trades were made, and had no role in determining (and no obligation to determine) the value of any securities purchased by Lancer Management on behalf of the Funds.  Instead, as alleged in the Complaint, all values were "supplied by Lauer."  (Compl. ¶ 252.)

### 3.    Plaintiffs' Complaint

The Complaint alleges a scheme to defraud plaintiffs hatched by the Funds' management company, Lancer Management, and its principal, Michael Lauer.  (See Compl. ¶¶

---

[3]    Because these documents are integral to the Complaint, they are considered part of the pleading for purposes of a motion to dismiss.  See I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir. 1991).

[4]    NAV is a straightforward mathematical calculation equal to the market value of Fund assets less any liabilities (both as determined by the Funds' investment adviser and board of directors), divided by the total number of Fund shares outstanding.  See, e.g., Abrams v. Van Kampen Funds, Inc., No. 01 C 7538, 2002 WL 1160171, at *3 (N.D. Ill. May 30, 2002).

3-4)  Plaintiffs claim that Lancer Management and Lauer invested the Funds' capital in small or micro-cap stocks that were unlisted and only traded in over the counter markets and on pink sheets.  (<u>See</u> <u>id.</u> ¶ 3.)  Plaintiffs claim that the Funds acquired large stakes in these companies, sometimes a controlling share, for a very small investment.  (<u>See</u> <u>id.</u>)  Shortly before month end, to show that the value of the Funds had increased, Lauer purchased small numbers of shares in these same companies at a per share price significantly higher than it paid for the larger stake. (<u>See</u> <u>id.</u>)  According to plaintiffs, Lauer would then calculate the Funds' entire holding of the company at the "inflated price" reflected in the last purchase.  (<u>See</u> <u>id.</u>)  The allegedly inflated values of the Funds' holdings were then used to report positive results to investors.  (<u>See</u> <u>id.</u> ¶ 4.)

Plaintiffs claim that by inflating the month-end closing price of these investments, Lauer made it appear that the value of the investments held by the Funds were on the rise even when the market value of the Funds' holdings was on the decline.  (<u>See</u> <u>id.</u>)  Plaintiffs allege that this continually inflated valuation induced them to invest and remain invested in the Funds and was the proximate cause of the losses they allegedly suffered.

**4.      <u>Plaintiffs' Claims Against IFSI</u>**

Plaintiffs allege twenty-one different causes of action against the various defendants including alleged violations of Section 10(b) of the Securities Exchange Act of 1934, common law fraud and negligent misrepresentation.  Only two counts of the Complaint are addressed to IFSI, however:  Count Ten, alleging breach of fiduciary duty, and Count Twenty-One, alleging negligence and professional malpractice.  (<u>See</u> <u>id.</u> ¶¶ 193-206, 280-87.)

As to Count Ten, the Complaint alleges that as administrator of the Funds, IFSI purportedly owed plaintiffs "the highest obligations and fiduciary duties" and was "bound to act in . . . utmost good faith" towards all investors.  (<u>Id.</u> ¶ 194.)  In that regard, although plaintiffs

4

nowhere allege that they ever had any contact with any representative of IFSI, they nevertheless

make the conclusory assertion in their Complaint that IFSI somehow

> owed directly to each of the plaintiffs, as shareholders of the Funds, the duty to
> exercise due care and diligence in the management and administration of the
> Funds, in the use and preservation of the plaintiffs' property and assets and in
> ensuring the accuracy of information transmitted to investors concerning the
> holdings and valuations of the Funds' assets.  [IFSI also] owed directly to the
> plaintiffs the duties of full and candid disclosure of all material facts relevant to
> the Funds and the duties to deal fairly and honestly with the plaintiffs.

(Id. ¶ 195.)  Additionally, plaintiffs allege that IFSI was somehow "obligated to ensure that

Lauer and Lancer Management did not engage in any fraudulent, unsafe or unsound valuation

practices."  (Id.)  Plaintiffs contend that IFSI breached the purported duties by "falsely reporting

prices and results of the plaintiffs' investments, and by failing to report that Lauer was

fraudulently overstating the value of the Funds' portfolios and otherwise disregarding the

representations made in the PPMs."  (Id. ¶ 196.)  No facts are alleged, however, to show that

IFSI had any knowledge of Lauer's alleged fraud or that it ever had or assumed any obligation

under its Agreements with the Funds to monitor, much less vouch for, Lauer's conduct.

   In Count Twenty-One, plaintiffs allege -- again without pleading any factual basis

for the claim -- that "IFSI had a duty to the plaintiffs to independently calculate and verify the

NAVs each month, to verify that the NAVs used by Lauer reflected market value and to send

accurate NAV statements to plaintiffs."  (Id. ¶ 281.)  Plaintiffs further allege that IFSI performed

its purported duties in a negligent manner by "failing to independently confirm or assess the

NAVs of the Funds and to ensure the accuracy of the values supplied by Lauer."  (Id. ¶ 282.)

Furthermore, although the Agreements specifically provided that the Funds alone would be

responsible for ensuring the accuracy of all information provided to IFSI, plaintiffs nevertheless

allege that IFSI "failed to use its best professional judgment in the application of its knowledge

and skill" as administrator of the Funds when it allegedly used "Lauer's valuations to calculate

and send false NAV statements."  (Id. ¶¶ 282-83.)  Based on these allegations, plaintiffs contend

that IFSI was negligent in performing its purported "professional" duties as administrator of the

Funds.  (Id. ¶ 282.)

## ARGUMENT

## I.   IFSI IS NOT SUBJECT TO PERSONAL JURISDICTION

### A.   Standards for Personal Jurisdiction

A federal court in a diversity action may exercise personal jurisdiction over a

nonresident defendant only to the extent permitted by the long-arm statute of the forum state.[5]

See Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 762 (2d Cir. 1983); Beekman Paper Co. v.

Nat'l Paper Prods., 909 F.2d 67, 69 (2d Cir. 1990).  Plaintiffs bear the burden of proving that this

Court has personal jurisdiction over IFSI pursuant to either Section 301(a) or 302(a) of the New

York Civil Practice Law and Rules (the "CPLR").  See Lehigh Valley Indus., Inc. v. Birenbaum,

527 F.2d 87, 92 (2d Cir. 1975) ("It is basic that the burden of proving jurisdiction is upon the

party who asserts it and that he must show by the complaint and supporting affidavits the

essential requirements of the jurisdictional statute.").  In addition, plaintiffs have the burden of

proving that IFSI has "minimum contacts" with this State so as not to offend the protections

afforded by the Due Process Clause of the United States Constitution.  See Shaffer v. Heitner,

433 U.S. 186, 207 (1977).

Section 301, which provides a basis for the exercise of general jurisdiction over a

defendant, states that "[a] court may exercise such jurisdiction over persons, property, or status

as might have been exercised heretofore."  CPLR § 301.  In construing this provision, the New

---

[5]      Although plaintiffs allege federal question jurisdiction as to some defendants, their claims
against IFSI are solely based on state law.  Accordingly, the personal jurisdiction
standard for diversity of citizenship actions is applied to pendent parties such as IFSI.

York Court of Appeals has held that "[a] foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted."  Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 77 N.Y.2d 28, 33, 563 N.Y.S.2d 739, 741 (1990).

Section 302(a), New York's "specific jurisdiction" statute, states:

(a) Acts which are the basis of jurisdiction.  As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;  or

4. owns, uses or possesses any real property situated within the state.

CPLR § 302(a).

As shown below, Plaintiffs cannot establish personal jurisdiction over IFSI pursuant to Sections 301 or 302(a).

**B.    IFSI is Not Subject to General Jurisdiction**

Unlike specific jurisdiction, general jurisdiction may be asserted if the forum state has no direct connection to the underlying dispute, but only if the state has a substantial connection with the out-of-state defendant because of its continuing and systematic contacts with

the forum.  See Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998).; see also Ball v.

Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 198 (2d Cir. 1990).  Because general

jurisdiction allows a court to exercise jurisdiction over a defendant in connection with any claim,

regardless of its connection to New York, the defendant's contacts with the forum must be

especially pervasive and substantial.  See id. ("Since a corporation amenable to jurisdiction under

section 301 may be sued in New York on causes of action wholly unrelated to acts done in New

York, its exposure to suit on such a wide range of legal actions requires a showing that it is doing

business in New York 'with a fair measure of permanence and continuity.'" (citations omitted)).

New York courts have found "pervasive and substantial" contacts to mean that the defendant "be

present in New York 'not occasionally or casually, but with a fair measure of permanence and

continuity.'"  See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039,

1043 (2d Cir. 1990) (citation omitted).

       In assessing jurisdiction under Section 301, New York courts generally focus on

the following indicia of jurisdiction: "the existence of an office in New York; the solicitation of

business in New York; the presence of bank accounts or other property in New York; and the

presence of employees or agents in New York."  Id.  None of these factors are present here.  For

example, as discussed above, IFSI is a business incorporated in Ireland with its principal place of

business in Dublin.  (Byrne Aff. ¶ 5.)  All IFSI employees, as well as the company's business

records, are located in Ireland.  (See id.)  IFSI conducts all of its business from Ireland.  (See id.)

IFSI is not registered to do business in New York, maintains no office or property or bank

accounts in New York and has no employees or agents in this State.  (See id. ¶¶ 6, 7.)  See Asahi

Metal Indus. Co. v. Super. Ct. of Cal., Solano County, 480 U.S. 102, 112-13 (1987) (no personal

jurisdiction over Japanese corporation that had no office, employees, agents, or property in

California, who did not maintain business records in California and who did not conduct business in California); see also Franklin v. Catawba Ins. Co., 291 A.D.2d 371, 371, 737 N.Y.S.2d 378, 379 (2d Dep't 2002) (no personal jurisdiction over South Carolina corporation that was not licensed to do business in New York, had no offices, agents, or telephones in New York, and did not solicit any business in New York); Niagara Mohawk Energy Mktg., Inc. v. Entergy Power Mktg. Corp., 270 A.D.2d 872, 873, 706 N.Y.S.2d 794, 795 (4th Dep't 2000) (Delaware corporation that "has no offices or employees in New York, owns no property in New York, pays no taxes in New York and is not authorized to do business in New York" not subject to general personal jurisdiction). Moreover, IFSI has no clients or customers located in New York and does not solicit business from persons or entities in this State. (See Byrne Aff. ¶ 8.) See Terry v. Farmer's Ins. Co. of Ariz., 236 A.D.2d 829, 829-30, 653 N.Y.S.2d 767, 768 (4th Dep't 1997) (no basis for the exercise of personal jurisdiction over Arizona corporation that was not authorized to do business in New York, had no office in New York, had no agents, employees or representatives in New York, and did not solicit business or write policies for any type of insurance coverage in New York). Accordingly, IFSI is not subject to personal jurisdiction in New York and all of the claims asserted against it should be dismissed.

### C.   IFSI is Not Subject to Specific Jurisdiction

The provisions of CPLR 302(a) require a direct nexus between the cause of action and the defendant's specific contacts with the state. See McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645 (1981) ("Essential to the maintenance of a suit against a nondomiciliary under CPLR 302 . . . is the existence of some articulable nexus between the business transacted and the cause of action sued upon."); see also Kronisch v. United States, 150 F.3d 112, 130 (2d Cir. 1998) (there must be an "articulable nexus" or a "substantial relationship" between the claim asserted and the actions that occurred in New York). Thus, based on the claims asserted against

IFSI in the Complaint, only subsections (a)(1), "transacts any business within the state or contracts anywhere to supply goods or services in the state," (a)(2) "commits a tortious act within the state" and (a)(3) "commits a tortious act without the state causing injury to person or property within the state," could theoretically apply here.[6]

IFSI will only be subject to jurisdiction under subsection (a)(1) if the claims asserted against IFSI are <u>directly</u> related to IFSI's transaction of business within New York.[7] <u>See McGowan</u>, 52 N.Y.2d at 272, 437 N.Y.S.2d at 645. Because subsection (a)(1) requires a direct nexus between the transaction of business and the claims in the suit, "what counts is not the quantity of contacts with New York, but rather the nature and quality of the contacts." <u>Lawrence Wisser & Co. v. Slender You, Inc.</u>, 695 F. Supp. 1560, 1563 (S.D.N.Y. 1988); <u>see also</u> <u>Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.</u>, 956 F. Supp. 1131, 1134 (S.D .Y.1997) (section 302(a)(1) requires purposeful activities within New York and a "'substantial nexus' between the transaction of business and the cause of action sued upon") (citation omitted); <u>Parke-Bernet Galleries, Inc. v. Franklyn</u>, 26 N.Y.2d 13, 16-18, 308 N.Y.S.2d 337, 339-41 (1970) (same). Here, there is no allegation in the Complaint that IFSI transacted any business in New York. In fact, IFSI operates its entire business -- including all administrative responsibilities on behalf of the Funds -- out of its offices in Ireland. (<u>See</u> Byrne Aff. ¶ 5.)

Although nowhere alleged in the Complaint, the only "contact" with New York that would even remotely relate to the claims asserted against IFSI would be the mailing of

_____

[6]    Subsection (a)(4), "owns, uses or possesses any real property" within New York, is inapplicable to this action.

[7]    The second part of Section 302(a)(1), permitting the exercise of personal jurisdiction over a foreign defendant who has contracted to supply goods or services within in New York, is wholly inapplicable here because there is no allegation in the Complaint that IFSI entered into a contract to provide goods or services within New York.

allegedly inaccurate account statements to Fund investors who live or are otherwise found in the State. Such contact with New York, if it existed at all, would be minimal at best and would not constitute "transacting business" in New York.[8] See, e.g., Ainbinder v. Potter, 282 F. Supp. 2d 180, 189 (S.D.N.Y. 2003) (New York law is clear that sending of mail, facsimiles and checks to plaintiffs in New York is insufficient to satisfy the "transacting business" requirement of Section 302(a)(1)); Landau v. New Horizon Partners, Inc., No. 02 Civ. 6802, 2003 WL 22097989, at *5 (S.D.N.Y. Sep. 8, 2003) ("New York courts have consistently held" that unless the "center of gravity" of business transacted is in New York, telephone and mail contacts will not generally suffice to confer jurisdiction); Palace Exploration Co. v. Petrol. Dev. Co., 41 F. Supp. 2d 427, 433 (S.D.N.Y. 1998) (finding it "well-settled" that, "generally, telephone and mail contacts do not constitute 'transacting business' under [Section 302(a)(1)]"); Roper Starch Worldwide, Inc. v. Reymer & Assocs., Inc., 2 F. Supp. 2d 470, 474-75 (S.D.N.Y. 1998) (phone calls, faxes and mailings, and sending payments to New York are not sufficient to create jurisdiction under 302(a)(1)); Granat v. Bochner, 268 A.D.2d 365, 365, 702 N.Y.S.2d 262, 263 (1st Dep't 2000) (sending faxes and making telephone calls, without more, did not qualify as transacting business).

Plaintiffs also cannot establish personal jurisdiction under subsection (a)(2) which permits the exercise of jurisdiction over an out-of-state defendant if the lawsuit arises out of a

---

[8]    Any attempt by plaintiffs to argue that this Court has personal jurisdiction over IFSI based on the partial consent to New York jurisdiction in the Agreements would be futile. The consent to jurisdiction is limited solely to disputes between IFSI and the Funds arising under the terms of the Agreements, contracts to which none of the plaintiffs is a party. As a matter of law, such limited contractual consents to jurisdiction are insufficient to confer personal jurisdiction in actions, such as this one, brought by plaintiffs who are not parties to the contract containing the forum selection clause. See Chase Manhattan Bank v. Iridium Afr. Corp., C.A. No. 00-564-RRM, 2002 U.S. Dist. LEXIS 7794, at *12-13 (D. Del. Apr. 5, 2002) (contractual consent to jurisdiction did not extend to disputes beyond the scope of the contract); United States v. Philip Morris Inc., 116 F. Supp. 2d 116, 128 (D.D.C. 2000) (same); Sterling Nat. Bank & Trust Co. v. Southern Scrap Exp. Co., 468 F. Supp. 1100, 1102-03 (S.D.N.Y. 1979) (same).

tortious act committed by that defendant <u>while physically present</u> in New York.  <u>See Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.</u>, 15 N.Y.2d 443, 463-64, 261 N.Y.S.2d 8, 23-24 (1965) (Section 302(a)(2) requires that the defendant be physically present in New York when the wrongful conduct on which the alleged tort is predicated is performed); <u>Bensusan Rest. Corp. v. King</u>, 126 F.3d 25, 27 (2d Cir. 1997) (no personal jurisdiction under Section 302(a)(2) over a Missouri defendant who concededly was not present in New York at the time of the alleged tort).  The alleged conduct underlying the tort claims asserted by plaintiffs against IFSI -- breach of fiduciary duty and negligence/professional malpractice -- occurred, if at all, in Ireland where IFSI is located and all services relating to the Funds were performed.  <u>See Longines-Wittnauer</u>, 15 N.Y.2d at 460, 261 N.Y.S.2d at 21 ("The mere occurrence of the injury in this State certainly cannot serve to transmute an out-of-state tortious act into one committed here within the sense of the statutory wording."); <u>Kramer v. Vogl</u>, 17 N.Y.2d 27, 31-32, 267 N.Y.S.2d 900, 903-04 (1966) (no jurisdiction under Section 302(a)(2) over Austrian defendant where defendant was not in New York when agreement on which fraud action was based was made); <u>Platt Corp. v. Platt</u>, 17 N.Y.2d 234, 237-38, 270 N.Y.S.2d 408, 409-11 (1966) (no jurisdiction under § 302(a)(2) in action alleging breach of fiduciary duty predicated on the failure of a non-domiciliary director of a New York corporation to leave Florida to attend director's meeting and perform other director's duties as defendant was not within New York when alleged tortious act was committed).  Thus, any claimed breach of fiduciary duty or negligence arising out of IFSI's role as administrator of the Funds would necessarily have occurred in Ireland, where IFSI and its employees conducted their Funds-related work.  Accordingly, subsection (a)(2) does not apply to IFSI.

Finally, the exercise of personal jurisdiction over IFSI pursuant to subsection (a)(3) -- commission of a tortious act outside New York causing injury to person or property

12

within New York -- is also inappropriate.  In order to establish jurisdiction under this provision, a plaintiff must make a prima facie showing that:

> (1) defendants committed a tortious act outside of the state; (2) the cause of action arises from that act; (3) the act caused the injury to a person or property within the state; (4) defendants expected or should reasonably have expected the act to have consequences in the state; and (5) defendants derived substantial revenue from interstate or international commerce.

Communication Partners Worldwide, Inc. v. Main Street Res., No. 04 Civ. 10003, 2005 WL 1765712 (S.D.N.Y. July 26, 2005); see also Avecmedia, Inc. v. Gottschalk, No. 03 Civ. 7831, 2004 WL 1586411, at *7 (S.D.N.Y. July 14, 2004); Westvaco Corp. v. Viva Magnetics Ltd., No. 00 Civ. 9399, 2003 WL 21136729, at *2 (S.D.N.Y. May 15, 2003); Team Obsolete Ltd. v. A.H.R.M.A. Ltd., No. 01-CV-1574, 2002 WL 719471, at *4 (E.D.N.Y. Mar. 1, 2002).

Even if Plaintiffs could adequately plead a prima facie case of breach of fiduciary duty and negligence and professional malpractice, which they cannot (see infra at 15-16), they have not (and cannot) satisfy the third element of Section 302(a)(3), causing injury to person or property within the state.  To determine the location of the place of injury, New York courts apply a "situs-of-injury" test in order to locate the "original event" that caused the plaintiff's injury.  See Communications Partners, 2005 WL 1765712, at *6; see also Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 209 (2d Cir. 2001).  The situs of the "original event" is generally distinguished from the place of the plaintiff's final economic injury.  See Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) ("'[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff.'" (alteration in the original)) (quoting Carte v. Parkoff, 152 A.D.2d 615, 616, 543 N.Y.S.2d 718, 719 (App. Div. 1989)).

In the case of a non-physical commercial injury, like the alleged injury Plaintiffs complain about here, "New York courts . . . 'have uniformly held'" that the situs of the injury is

13

"'where the critical events associated with the dispute took place,'" not the place of the plaintiff's final economic injury.  Jaisan, Inc. v. Sullivan, No. 96 Civ. 4336, 1997 WL 86402, at *5 (S.D.N.Y. Feb. 28, 1997) (quoting United Bank of Kuwait, PLC v. James M. Bridges Ltd., 766 F. Supp. 113, 116 (S.D.N.Y. 1991)).  Thus, the occurrence of financial consequences in New York, or the plaintiff's mere residence or domicile in New York, are an "'[in]sufficient basis for jurisdiction under Section 302(a)(3) where the underlying events took place outside New York.'" Id.; see also Communications Partners, 2005 WL 1765712, at *6 ("'New York does not become the situs of the injury merely because the plaintiff is a domiciliary or resident of New York.'" (citation omitted)); Plastwood Corp. v. Robinson, No. 04 CV. 3214, 2004 WL 1933625, at *6 (S.D.N.Y. Aug 30, 2004) (same); Fantis Foods, Inc. v. Standard Importing Co., 49 N.Y.2d 317, 326, 425 N.Y.S.2d 783, 786-87 (1980) (overall diminution of a New York company's net worth is not an injury within the state so as to support jurisdiction under 302(a)(3)).

Here, the "critical event" or "original event" that caused Plaintiffs' alleged IFSI-related injuries -- IFSI's alleged failure to independently calculate the Funds' NAV -- took place, if at all, in Dublin, Ireland.  That is where IFSI's entire Funds-related business took place, i.e., where it received information from the Funds, where it calculated each plaintiff's holdings, where it printed out and addressed each plaintiff's NAV statement and where it conducted all other functions as administrator for the Funds.  Thus, the situs of Plaintiffs' supposed IFSI injuries is Dublin, Ireland.  Accordingly, this Court lacks personal jurisdiction over IFSI pursuant to Section 302(a).[9]

---

[9]     Because plaintiffs cannot allege (or prove) that IFSI meets the statutory requirements for personal jurisdiction, it is unnecessary to consider whether exercising jurisdiction under New York's long-arm statute would comport with "'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. &

II.     **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST IFSI**

Even if plaintiffs could establish personal jurisdiction over IFSI, which they cannot, their claims against IFSI still would fail.  Under New York law, an essential element of plaintiffs' claims against IFSI, whether framed as breach of fiduciary duty (Tenth Claim for Relief) or negligence (Twenty-First Claim for Relief), is the existence of a fiduciary duty or duty of care running from IFSI to plaintiffs.  See OneBeacon Ins. Co. v. Forman Int'l, Ltd., No. 04 Civ. 2271, 2005 WL 100849, at *5 nn.2 & 3 (S.D.N.Y. Jan. 19, 2005).  The Complaint, however, alleges no facts sufficient to show that any such duty existed.  The Complaint alleges only that IFSI acted as Administrator of the Funds for three months at the end of 2002 and prepared monthly account statements to be sent to Fund investors pursuant to an Administrative Services Agreement between the Funds and IFSI.  (See Compl. ¶¶ 109-111.)  There are no allegations (as opposed to conclusory assertions) that IFSI ever had any contact with any of the plaintiffs, much less represented that it would undertake any duty to any of them.[10]  The Complaint therefore fails to state any claim of breach of fiduciary duty or negligence as against IFSI.  See OneBeacon Ins. Co., 2005 WL 100849, at *5 (dismissing negligence and breach of fiduciary duty claims because the complaint's "general and conclusory" assertions of duties owed by defendant to plaintiff were insufficient to state a claim).  Consequently, no claim has been stated against IFSI even under New York law.  See Williams & Sons Erectors, Inc. v. S.C. Steel Corp., 983 F.2d 1176, 1183 (2d

---

Placement, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

[10]     IFSI's only Funds-related duties are contractual in nature and arise out of the Agreements. (See Byrne Aff. Exs. A & B.)  Pursuant to the terms of the Agreements, IFIS's only duties are to the Funds, not the Funds' shareholders.  See Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC, 376 F. Supp. 2d 443, 447-48 (S.D.N.Y. 2005) (fund administrator's duty to compute NAV of hedge fund did not give rise to a duty to investors to conduct independent valuation of securities in funds' portfolios).

Cir. 1993) (architect hired by developer owed no duty of care to contractor who consulted with architect and relied to its detriment on architect's faulty plans; architect was "acting merely as a representative of the [developer] and not establishing a direct relationship of its own that would link it with [contractor]"); Greenwald v. Shearson Lehman Bros., Inc., N.Y.L.J., Nov. 4, 1993, at 22 (Sup. Ct. N.Y. County Nov. 3, 1993) (plaintiffs failed to adequately allege existence of fiduciary duty owed by Shearson where they pled only that "plaintiffs maintained a cash account with Shearson; that plaintiffs bought the Computervision stock on the recommendation of Shearson's employee; and that Shearson acted as a dealer in selling them the stock").

## **CONCLUSION**

For the reasons stated, IFSI respectfully submits that its motion to dismiss should be granted in all respects.

Dated:  November 7, 2005

Respectfully submitted,

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

By: \s\ Seth M. Schwartz
    Seth M. Schwartz (SS 2530)
    William F. Clarke, Jr. (WC 3501)
    Four Times Square
    New York, New York 10036-6522
    (212) 735-3000

    Attorneys for Defendant
    International Fund Services (Ireland) Limited