UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE PENSION COMMITTEE OF THE                              :
UNIVERSITY OF MONTREAL PENSION PLAN,
et al.,                                                                          :

                 Plaintiffs,         :    05-CV-09016 (SAS)

     - against -                                                  :    ECF Case

BANC OF AMERICA SECURITIES, LLC, CITCO  :
FUND SERVICES (CURACAO) N.V., THE CITCO
GROUP LIMITED, INTERNATIONAL FUND       :
SERVICES (IRELAND) LIMITED,
PRICEWATERHOUSECOOPERS (NETHERLAND :
ANTILLES), JOHN W. BENDALL, JR., RICHARD
GESIT, ANTHONY STOCKS, KIERAN CONROY    :
and DECLAN QUILLIGAN,
                                                          :
                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT INTERNATIONAL FUND SERVICES (IRELAND) LTD.'S MOTION TO DISMISS THE COMPLAINT

                                              SKADDEN, ARPS, SLATE,
                                                MEAGHER & FLOM LLP
                                              Four Times Square
                                              New York, New York 10036-6522
                                              (212) 735-3000

                                              Attorneys for Defendant
                                              International Fund Services (Ireland) Limited

## ARGUMENT[1]

### I.   IFSI IS NOT SUBJECT TO PERSONAL JURISDICTION

#### A.   IFSI is Not Subject to Specific Jurisdiction

##### 1.   IFSI Did Not "Transact Business" in New York

There is and can be no personal jurisdiction under CPLR 302(a)(1) unless plaintiffs demonstrate that their claims arise out of IFSI's purported transaction of business in New York.  See McGowan v. Smith, 52 N.Y.2d 268, 272-73, 437 N.Y.S.2d 643, 645 (1981).  This principle is fatal to plaintiffs here because none of their claims against IFSI arises out of any activity conducted by IFSI in this state.

Plaintiffs' breach of fiduciary duty and negligence claims against IFSI are based almost entirely on the following "factual" allegations:  IFSI "did not perform an independent valuation of the Funds' NAV," and instead "negligently relied on Lauer's fraudulent valuations," which it included in monthly reports sent to plaintiffs in October, November and December of 2002.  (Compl. ¶¶ 110, 111, 196, 282)  Ireland is the situs of all this alleged misconduct, i.e., Dublin is where it received securities valuations and other NAV information from the Funds and Lauer, where it printed and addressed each plaintiff's NAV statement, and where it conducted all other functions as administrator of the Funds.  Accordingly, even if IFSI had some contact with New York, such contacts would not and could not support personal jurisdiction under 302(a)(1) because there is no "direct relation" between any such contacts and plaintiffs' claims against IFSI.  Beacon Enter., Inc. v. Menzies, 715 F.2d 757, 764 (2d Cir. 1983).

In their opposition brief, in an attempt to create the impression that IFSI transacted business in New York, plaintiffs make reference to a variety of "connections" that IFSI had with

---

[1]   Capitalized terms used herein have the meanings ascribed to them in IFSI's opening brief ("Def. Mem.").  Citations to "Pl. Mem." refer to plaintiffs' opposition brief.

New York, but none of them gives rise to their claims against IFSI.[2]  For example, plaintiffs contend that the Funds "were managed in New York and [IFSI] took directions from and constantly communicated with Lauer and Lancer Management in New York." (Pl. Mem. at 11.) But plaintiffs fail to explain, as they must, (a) whether and to what extent these purported (unspecified) "communications" were made <u>in New York by IFSI</u>, or (b) which, if any, communications were directly related to the claim that IFSI failed to independently verify the Funds' NAVs.  See <u>Beacon Enter., Inc. v. Menzies</u>, 715 F.2d at 764.[3]

In the same vein, there is no merit to plaintiffs' contention that jurisdiction over IFSI is established by the Funds' investment in securities traded in New York, or by the Funds' maintenance of a brokerage account in New York.  (<u>See</u> Pl. Mem. at 11.)  Plaintiffs do not and cannot allege that IFSI had any responsibility for the investment of the Funds' assets or the maintenance of their brokerage account, much less assert any claim based on IFSI's performance of those functions, which in fact were handled by others.

---

[2]  <u>Cromer Fin. Ltd. v. Berger</u>, 137 F. Supp. 2d 452 (S.D.N.Y. 2001), is readily distinguishable and plaintiffs' heavy reliance on it is misplaced.  (<u>See</u> Pl. Mem. at 10-13.) The principal claims at issue in that case arose under the federal securities laws, and thus the court's discussion of personal jurisdiction focused primarily on defendants' minimum contacts with the United States, not New York alone.  <u>See</u> 137 F. Supp. 2d at 473, 476-77. The opinion does contain limited discussion of CPLR 302(a), but the analysis is cursory and appears contrary to the great weight of authority requiring a direct relation between the New York contacts alleged in the complaint and plaintiff's cause of action, which is absent here.  <u>See</u> <u>id.</u> at 483.

[3]  <u>First City Nat'l Bank & Trust Co. v. Simmons</u>, 878 F.2d 76 (2d Cir. 1989) (Pl. Mem. at 11) is not to the contrary, and plaintiffs' reliance on the case is misplaced.  There, the Second Circuit noted in dicta that the defendants "transacted business" in New York by signing a promissory note with a New York bank and pledging as security certain partnership interests they owned.  <u>See</u> <u>id.</u> at 79.  Jurisdiction was proper because the plaintiff's claim arose directly out of the promissory note signed by the defendants.  <u>See</u> <u>id.</u> In contrast, in this case, plaintiffs' claims are based on IFSI's conduct in Dublin, <u>not</u> on communications or any other activity of IFSI in New York.

2

Plaintiffs fare no better with their reliance on the partial forum selection clause in IFSI's Administration Agreements with the Funds. (Id. at 12.) As a matter of law, IFSI's forum selection agreement with the Funds does not subject IFSI to the jurisdiction of this Court in connection with the claims of plaintiffs here, who have no contract of any kind with IFSI.[4] (See Def. Mem. at 11 n.8)

Finally, plaintiffs' claim that IFSI "transacts business" through its website also is wrong as a matter of law. Personal jurisdiction pursuant to 301(a)(1) does not automatically attach to owners or operators of "interactive" websites merely because they are available to Internet users in New York. See Seldon v. Direct Response Tech., Inc., No. 03 Civ. 5381, 2004 WL 691222, at *3 (S.D.N.Y. Mar. 31, 2004) (Scheindlin, J.). Instead, the party asserting jurisdiction must show that the interactive nature of the website is significant, specifically directed toward New York users and that use of the website in New York has a direct relationship to the claims asserted in the lawsuit. Id. Plaintiffs have failed to make that showing here.

First, the IFSI website is available to any Internet user regardless of where that person may be located. It is not specifically geared to or aimed at users in New York. See id. Second, the interactive components of IFSI's website were limited. At most, the clients of IFSI, which are comprised of hedge funds, not investors in such funds (such as plaintiffs), could elect to "log into" IFSI's website and view reports and information that had already been compiled and produced in Ireland (i.e., an IFSI hedge fund client could not generate new reports or view up-to-

---

[4]  In addition, IFSI's mailing of NAV statements to four New York-based plaintiffs (see Pl. Mem. at 11), does not constitute "transacting business." (See Def. Mem. at 10-11.) IFSI mailed, at most, three NAV statements to each of the four plaintiffs identified (a small fraction of the approximately 90 named plaintiffs in this action). Such minimal contact has been held to be insufficient to constitute "transacting business" under New York law. (See id.)

3

the-minute information about the Funds from IFSI's website).  There were no message boards or discussion groups and investors were unable to affect their investments in the Funds in any way from the website.  Such limited interactive websites do not meet the "transacting business" requirement of section 302(a)(1).  See id. at *5 (interactive website containing message boards available to New York users insufficient to confer jurisdiction under 302(a)(1)); see also Novak v. Petsforum Group, Inc., No. 02-CV-2978, 2005 WL 1861778, at *3 (E.D.N.Y. Aug. 1, 2005) (website providing links to other sites where purchases could be made was insufficient); Freeplay Music, Inc. v. Cox Radio, Inc., No. 04 Civ. 5238, 2005 WL 1500896, at *7 (S.D.N.Y. June 23, 2005) (interactive website that provided access to radio station programming did not transact business in New York under 302(a)(1)); Chaldon Assocs., LLC v. Daedalus Capital, LLC, No. 01 Civ. 2015, 2001 WL 1160580, at *1 (S.D.N.Y. Oct. 1, 2001) (interactive features of website were "essentially informational" and did not give rise to personal jurisdiction).  Furthermore, plaintiffs do not allege, nor could they, that the claims asserted against IFSI are in any way related to any aspect of IFSI's website.  The website therefore provides no basis for the exercise of personal jurisdiction over IFSI.

### 2. IFSI Did Not Contract to Provide Services in New York

Plaintiffs' argument that this Court has personal jurisdiction over IFSI under the second prong of section 302(a)(1) -- contracts anywhere to provide goods or services within New York -- is easily dispensed with.  First, IFSI contracted to provide services in Ireland, not New York.  Ireland is the sole location of IFSI's business, its employees and its records.  Any and all services provided by IFSI to the Funds (or any other hedge fund for that matter) are provided in Ireland.  The mere fact that the fruits of those services may have benefited the Funds (or plaintiffs) at a later time in New York does not alter the location of where the services were actually performed, which is determinative.  See Bank Brussels Lambert v. Fiddler Gonzalez &

Rodriguez, 171 F.3d 779, 789 (2d Cir. 1999). Second, even if the Administration Agreements were contracts to provide services in New York, exercise of jurisdiction still would be improper because the claims asserted against IFSI do not arise from the terms of the Agreements, i.e., the Agreements do not contain provisions requiring IFSI to independently verify the NAV provided by the Funds. See Beacon, 715 F.2d at 765-66 (complaint must allege nexus between contract to provide goods in New York and cause of action to establish jurisdiction). Accordingly, the "contract" clause of section 302(a)(1) does not provide a basis for jurisdiction over IFSI.

### 3. IFSI Did Not Commit a Tortious Act Outside New York That Caused Injuries in New York

Plaintiffs' argument that IFSI is subject to this Court's personal jurisdiction pursuant to 302(a)(3) -- commission of a tortious act outside New York causing injury to person or property within New York -- also is meritless. As explained in IFSI's moving brief, even if plaintiffs could state a claim of breach of fiduciary duty and negligence, 302(a)(3) would remain inapplicable because plaintiffs cannot demonstrate, as they must, that they satisfy the "causing injury in New York" requirement of 302(a)(3). (See Def. Mem. at 13-14.) In cases, such as this one, alleging solely pecuniary injury, New York courts view the "situs of the injury" as "'where the critical events associated with the dispute took place.'" Jaisan, Inc. v. Sullivan, No. 96 Civ. 4336, 1997 WL 86402, at *5 (S.D.N.Y. Feb. 28, 1997) (citation omitted). The occurrence of financial consequences in New York, or the plaintiff's mere residence or domicile in New York, are an "'[in]sufficient basis for jurisdiction under Section 302(a)(3) where the underlying events took place outside New York.'" Id. As explained, the "critical event" or "original event" that caused plaintiffs' alleged IFSI-related injuries -- IFSI's alleged failure to independently calculate the Funds' NAV -- took place, if at all, in Dublin, Ireland where IFSI's entire Funds-related business took place. (See Def. Mem. at 14.)

In their brief, plaintiffs erroneously contend that the situs of "their" injury is New York because IFSI disseminated three purportedly fraudulent monthly NAV statements to four separate investors located in New York. (See Pl. Mem. at 16-17.) In support of their assertion, plaintiffs cite a string of cases purportedly holding that when a defendant "disseminates" a misrepresentation to people in New York, the "situs of the injury" for 302(a)(3) purposes is New York. (See id.) These cases, however, are readily distinguishable because each involved a non-domiciliary defendant accused of intentionally making in New York fraudulent statements to a New York-based plaintiff. See, e.g., Palace Explor. Co. v. Petroleum Dev. Co., 41 F. Supp. 2d 427, 435 (S.D.N.Y. 1998). The Complaint here, however, does not allege that IFSI deliberately made any false statements in New York to New York-based investors, and asserts no claim for fraud or misrepresentation against IFSI. Instead, plaintiffs claim that IFSI breached its fiduciary duties and was negligent in failing to take action in Dublin to independently verify the Funds' NAVs. Thus, as demonstrated in IFSI's moving brief, the situs of plaintiffs' injuries is Dublin, not New York.[5] (See Def. Mem. at 13-14.)

**B.    IFSI is Not Subject to General Jurisdiction**

Plaintiffs also have failed to establish that IFSI is subject to general personal jurisdiction in New York. (See Def. Mem. at 7-9.) First, plaintiffs appear to refer to IFSI and non-party International Fund Services, N.A. ("IFS NA") interchangeably, as if they were the same entity. (See, e.g., Pl. Mem. at 21.) They are not. Although IFSI and IFS NA are affiliates (see Byrne Reply Aff. ¶ 5), they are separately managed and have different officers and employees. IFSI and IFS NA also engage in different, albeit related, businesses. IFSI, based in Dublin, Ireland, is a fund administrator providing administrative services for off-shore hedge

---

[5]    Because plaintiffs have failed to allege an "injury in New York," the Court need not reach the "substantial revenue" prong of 302(a)(3).

funds. IFS NA is based in New York and provides fund administration services for domestic hedge funds. (Id. ¶ 6.)

In its opposition brief, plaintiffs point to portions of an IFS website in an attempt to suggest that IFS NA and IFSI are the same company. (See Pl. Mem. at 4-5; see also Beaumont Decl. Exh. 2.) IFS NA and IFSI, however, are separately managed entities operated by different officers and employees. (Byrne Reply Aff. ¶ 8.) This is reflected in the "Contact Us" portion of the website (omitted from plaintiffs' opposition papers), which separately identifies IFS NA and IFSI, and provides the pertinent contact information for each company in New York and Dublin, respectively. (Byrne Reply Aff. Exh. 1.) Cf. Rolls-Royce Motors, Inc. v. Charles Schmitt & Co., 657 F. Supp. 1040, 1049 (S.D.N.Y. 1987) (stationary stating that foreign defendant had a New York office "insufficient to establish that it is doing business in New York").

As reflected in the material submitted by plaintiffs, the only contacts IFSI has had with New York were through Eugene Manella, former president of IFS NA, who in 2002 and 2003 was authorized by IFSI to sign documents on its behalf when requested to do so by IFSI and who, in the course of marketing IFS NA's business to domestic hedge funds, on occasion recommended IFSI as a provider of off-shore fund administrative services. (See Mannella Decl. ¶ 2.) But neither of these "contacts" constitutes "doing business" in New York for purposes of Section 301. For example, the mere fact that Mr. Manella was asked by IFSI to sign certain documents on its behalf does not make Mr. Manella a New York agent of IFSI. His limited role provides no basis for exercising jurisdiction over IFSI because he "had no authority to bind [IFSI] and needed its approval" before signing any document on its behalf. See Holness v. Maritime Overseas Corp., 251 A.D.2d 220, 221, 676 N.Y.S.2d 540, 542 (1st Dep't 1998).

Moreover, even if Mr. Manella's recommendation of IFSI's administrative fund services to certain off-shore funds rose to the level of solicitation of business (which it does not),

7

it is well established that such solicitation alone will not subject a foreign corporation to general personal jurisdiction in New York. See Sedig v. Okemo Mountain, 204 A.D.2d 709, 710, 612 N.Y.S.2d 643, 644 (2d Dep't 1994). The "solicitation plus" rule requires that the plaintiff show activities of substance in addition to solicitation to support a finding of presence within the State. See id. As shown above (see supra at 1-3), IFSI did not have any "activities of substance" in New York, and plaintiffs have proffered no evidence to the contrary. See Aquascutum of London, Inc. v. S.S. American Champion, 426 F.2d 205, 211-12 (2d Cir. 1970)(no jurisdiction over foreign defendant with no office in New York, but which contracted for the delivery of a substantial volume of goods to New York and frequently sent employees to the state to solicit business); Associated Trade Dev., Inc. v. Condor Lines, Inc., 590 F. Supp. 525, 527-28 (S.D.N.Y. 1984) (solicitation of "substantial business" in New York insufficient).

Plaintiffs also fail to establish that IFSI is doing business in New York by pointing to the names of several New York based entities drawn from a purported "IFS" marketing brochure and claiming that each is a client of IFSI. Not only are the marketing materials completely irrelevant to a section 301 analysis of IFSI, plaintiffs' bald allegation that these U.S. based entities were clients of IFSI (as opposed to IFS NA), are wholly unsupported by the record. Plaintiffs also find no support for their position in The Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. Ltd., 154 F. Supp. 2d 682 (S.D.N.Y. 2001). IFSI is not a defendant in Jordan, having been dropped by the plaintiff there in order to preserve subject matter jurisdiction (making an inquiry into personal jurisdiction over IFSI unnecessary). In any event, the plaintiff in Jordan is a corporation organized and existing under the laws of Bermuda, with its principal place of business in the State of Illinois. See The Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. Ltd., No. 00 Civ. 9214, 2003 WL 1751780, at *1 (S.D.N.Y. Apr. 1, 2003). Moreover, the manager of the hedge fund at issue in Jordan was based in Connecticut. See id. Thus, Jordan provides no

basis for plaintiffs' erroneous assertion that IFSI acted as an administrator for "certain New York-based hedge funds." (Pl. Mem. 20.)

## II.     THE COMPLAINT FAILS TO STATE A CLAIM AGAINST IFSI

Plaintiffs' opposition also confirms that plaintiffs have failed to state any claim against IFSI. (See Pl. Mem. at 22-24.) In response to IFSI's argument that the Complaint failed to allege facts sufficient to plead that IFSI owed plaintiffs either a fiduciary duty or a duty of care (see Def. Mem. at 15), plaintiffs contend that a fiduciary duty arose because (i) plaintiffs purportedly reposed their trust and confidence in IFSI, and (ii) hedge fund administrators purportedly always owe a fiduciary duty to the fund's investors. (See Pl. Mem. at 22-23.) Plaintiffs are wrong on both counts.

First, although a fiduciary duty can arise in a commercial setting when one party places trust and confidence in another "who exercises discretionary functions for the party's benefit or possesses superior expertise on which the party relied," Anonymous v. CVS Corp., 188 Misc. 616, 620, 728 N.Y.S.2d 333, 337 (Sup. Ct. N.Y. Cty. 2001), it will only occur where the purported fiduciary voluntarily accepts the entrustment of confidence. See NFS Serv., Inc. v. Chemical Bank, No. 89 Civ. 585, 1990 WL 145152 (S.D.N.Y. Sep. 26, 1990). Here, the Complaint alleges no facts to show that IFSI ever knew that any plaintiff reposed "trust and confidence" in IFSI, much less that it accepted any such responsibility. This is no surprise given that IFSI had no direct relationship with plaintiffs (having contracted to supply administrative services solely to the Funds), and the only real "contact" between IFSI and the plaintiffs was monthly NAV statements mailed to each of them by IFSI at the request of the Funds.[6]  See

---

[6]     The cases cited by plaintiffs actually support IFSI's position, i.e., in each the plaintiff had a direct, trusting relationship with the defendant. See CVS Corp., 188 Misc. 2d at 621, 728 N.Y.S.2d at 337 (patient-pharmacist relationship); Daly v. Metropolitan Life Ins. Co., 4 Misc. 3d 887, 782 N.Y.S.2d 530 (Sup. Ct. N.Y. Cty. 2004) (insured-health insurer relationship). No such relationship is present here.

Thermal Imaging, Inc. v. Sandgrain Sec., 158 F. Supp. 2d 335, 343 (S.D.N.Y. 2001) (defendant owed no fiduciary duty to a "client of a client").

Second, plaintiffs' contention that a hedge fund administrator always stands in a fiduciary relationship with the hedge fund's investors finds no support in the law. (See Pl. Mem. at 23.)  In fact, the one case cited by plaintiffs in support of their assertion actually belies their argument.  In The Jordan (Bermuda) Investment Co., 2003 WL 1751780, the court held that the plaintiff alleged sufficient facts to support a claim for breach of fiduciary duty against a hedge fund administrator.  See id. at *13.  The Complaint in Jordan, however, alleged that a single named plaintiff purchased a special class of hedge fund shares that were supposed to be invested on an unleveraged basis and that the defendant fund administrator undertook to directly execute unleveraged trades on plaintiff's behalf.  See id.  No such direct relationship of trust and confidence has been, or could be, alleged here, and plaintiffs' attempt to create a per se rule to a fact-specific analysis should be rejected.

## CONCLUSION

For the reasons stated above and in its moving brief, IFSI respectfully submits that its motion to dismiss should be granted in all respects.

Dated: January 4, 2006

        Respectfully submitted,

        SKADDEN, ARPS, SLATE,
          MEAGHER & FLOM LLP

By: \s\ Seth M. Schwartz
    Seth M. Schwartz (SS 2530)
    William F. Clarke, Jr. (WC 3501)
    Four Times Square
    New York, New York 10036-6522
    (212) 735-3000

    Attorneys for Defendant
    International Fund Services (Ireland) Limited