UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
THE PENSION COMMITTEE OF THE                  :
UNIVERSITY OF MONTREAL PENSION                :        1:05-CV-09016 (SAS) (FM)
PLAN, et al.,                                 :
                                              :
                    Plaintiffs,               :
          v.                                  :
                                              :
BANC OF AMERICA SECURITIES, LLC, et al.,:
                                              :
                    Defendants.               :
------------------------------------------------------------x

## AMENDED ANSWER, AFFIRMATIVE DEFENSES
## AND CROSS-CLAIMS OF
## <u>DEFENDANT CITCO FUND SERVICES (CURACAO) N.V.</u>

Defendant Citco Fund Services (Curacao) N.V., by and through undersigned counsel, hereby files this Amended Answer, Affirmative Defenses and Cross-Claims in response to the Second Amended Complaint filed by Plaintiffs, and in support thereof states as follows:

### <u>ANSWER</u>

1.     Citco Fund Services (Curacao) N.V. ("CFS-Curacao") admits only that Lancer Offshore, Inc. ("Lancer Offshore") and The OmniFund, Ltd. ("OmniFund") (collectively, the "Funds"), were managed by Lancer Management Group, LLC ("Lancer Management"). CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Second Amended Complaint, and therefore denies same.

2.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of the Second Amended Complaint, and therefore denies same.

3.      CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 of the Second Amended Complaint, and therefore denies same.

4.      CFS-Curacao admits only that it was able to access position reports for the Funds on B of A's website and that the position reports were one of the sources of information that CFS-Curacao used when computing the NAV for the Funds.  CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of the Second Amended Complaint, and therefore denies same.

5.      CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5 of the Second Amended Complaint, and therefore denies same.

6.      CFS-Curacao denies the allegations in paragraph 6 of the Second Amended Complaint.

7.      CFS-Curacao admits only that it provided administrative services for the Funds pursuant to certain administrative services agreements. CFS-Curacao denies the remaining allegations set forth in paragraph 7 of the Second Amended Complaint.

8.      CFS-Curacao admits only that Defendants Stocks, Quilligan and Conroy served as directors of Lancer Offshore at varying times and that ICSL served as a director of OmniFund. CFS-Curacao denies the remaining allegations set forth in paragraph 8 of the Second Amended Complaint.

9.      CFS-Curacao denies the allegations set forth in paragraph 9 of the Second Amended Complaint.

10.     CFS-Curacao admits only that Defendants Bendall and Geist became directors of Lancer Offshore in or about February 2002. CFS-Curacao denies the remaining allegations set forth in paragraph 10 of the Second Amended Complaint.

11.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Second Amended Complaint, and therefore denies same.

12.     CFS-Curacao denies the allegations set forth in paragraph 12 of the Second Amended Complaint.

13.     CFS-Curacao admits only that it resigned as administrator for Lancer Offshore effective September 2002, and that CFS-Curacao was replaced by IFS. CFS-Curacao denies the remaining allegations set forth in paragraph 13 of the Second Amended Complaint.

14.     CFS-Curacao admits only that Plaintiffs are purported investors in Lancer Offshore and OmniFund. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Second Amended Complaint, and therefore denies same.

15.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the Second Amended Complaint, including each and every sub-paragraph, and therefore denies same.

16.     Paragraph 16 of the Second Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, CFS-Curacao denies the allegations set forth in paragraph 16 of the Second Amended Complaint.

17.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 of the Second Amended Complaint, and therefore denies same.

18.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 of the Second Amended Complaint, and therefore denies same.

19.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Second Amended Complaint, and therefore denies same.

20.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of the Second Amended Complaint, and therefore denies same.

21.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of the Second Amended Complaint, and therefore denies same.

22.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Second Amended Complaint, and therefore denies same.

23.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of the Second Amended Complaint, and therefore denies same.

24.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 of the Second Amended Complaint, and therefore denies same.

25.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 25 of the Second Amended Complaint, and therefore denies same.

26.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 26 of the Second Amended Complaint, and therefore denies same.

27.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 of the Second Amended Complaint, and therefore denies same.

28.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Second Amended Complaint, and therefore denies same.

29.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 of the Second Amended Complaint, and therefore denies same.

30.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30 of the Second Amended Complaint, and therefore denies same.

31.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 of the Second Amended Complaint, and therefore denies same.

32.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the Second Amended Complaint, and therefore denies same.

33.     CFS-Curacao admits only that a Case Management Order was entered on January 8, 2004. CFS-Curacao refers to the Case Management Order for a complete statement of its contents.

34.     CFS-Curacao admits only that it is a business entity organized and existing under the laws of the Netherlands Antilles, with its office located at Kaya Flamboyan 9, Willemstad, in Curacao, Netherlands Antilles.   CFS-Curacao denies the remaining allegations set forth in paragraph 34 of the Second Amended Complaint.

35.     CFS-Curacao denies the allegations set forth in paragraph 35 of the Second Amended Complaint.

36.     CFS-Curacao admits only that Defendant Stocks currently resides in England, that Stocks served as a director of Lancer Offshore until July 2001, that Stocks was previously employed by CFS-Curacao, and that Stocks is currently employed by Tennyson Capital Advisors in London.  CFS-Curacao denies the remaining allegations set forth in paragraph 36 of the Second Amended Complaint.

37.     CFS-Curacao admits only that Defendant Conroy currently resides in Dublin, Ireland, that Conroy is currently employed as a managing director of Citco Fund Services (Dublin), that Conroy previously served as a managing director of CFS-Curacao, that

Conroy served as a director of Lancer Offshore until 2002, and that Conroy was previously employed by KPMG in Dublin. CFS-Curacao denies the remaining allegations set forth in paragraph 37 of the Second Amended Complaint.

38. CFS-Curacao admits only that Defendant Quilligan currently resides in Dublin, Ireland and previously resided in Curacao, Netherlands Antilles, that Quilligan is currently employed as a managing director of Citco Fund Services (Dublin), that Quilligan previously served as a managing director of CFS-Curacao, and that Quilligan served as a director of Lancer Offshore until 2002. CFS-Curacao denies the remaining allegations set forth in paragraph 38 of the Second Amended Complaint.

39. CFS-Curacao admits only that ICSL is a corporation organized under the laws of the BVI, that ICSL served as the sole director for OmniFund, and that ICSL has a business address at CITCO Building, Wickhams Cay, P.O. Box 662, Road Town, Tortola, BVI. CFS-Curacao denies the remaining allegations set forth in paragraph 39 of the Second Amended Complaint.

40. CFS-Curacao admits only that Bendall became a director of Lancer Offshore in or about 2002. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 40 of the Second Amended Complaint, and therefore denies same.

41. CFS-Curacao admits only that Geist became a director of Lancer Offshore in or about 2002. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 41 of the Second Amended Complaint, and therefore denies same.

42. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of the Second Amended Complaint, and therefore denies same.

43. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 43 of the Second Amended Complaint, and therefore denies same.

44. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 of the Second Amended Complaint, and therefore denies same.

45. CFS-Curacao admits only that Orders were entered on January 8, 2004 and September 30, 2005. CFS-Curacao refers to the Orders for a complete statement of their contents. CFS-Curacao denies the remaining allegations set forth in paragraph 45 of the Second Amended Complaint.

46. CFS-Curacao denies the allegations set forth in paragraph 46 of the Second Amended Complaint.

47. CFS-Curacao denies the allegations set forth in paragraph 47 of the Second Amended Complaint.

48. CFS-Curacao denies the allegations set forth in paragraph 48 of the Second Amended Complaint.

49. CFS-Curacao denies the allegations set forth in paragraph 49 of the Second Amended Complaint.

50. CFS-Curacao denies the allegations set forth in paragraph 50 of the Second Amended Complaint.

51.     CFS-Curacao denies the allegations set forth in paragraph 51 of the Second Amended Complaint.

52.     CFS-Curacao denies the allegations set forth in paragraph 52 of the Second Amended Complaint.

53.     CFS-Curacao denies the allegations set forth in paragraph 53 of the Second Amended Complaint.

54.     CFS-Curacao denies the allegations set forth in paragraph 54 of the Second Amended Complaint.

55.     CFS-Curacao denies the allegations set forth in paragraph 55 of the Second Amended Complaint.

56.     CFS-Curacao denies the allegations set forth in paragraph 56 of the Second Amended Complaint.

57.     CFS-Curacao denies the allegations set forth in paragraph 57 of the Second Amended Complaint.

58.     CFS-Curacao denies the allegations set forth in paragraph 58 of the Second Amended Complaint.

59.     CFS-Curacao admits only that it performs administrative services in Curacao for numerous funds located in the BVI and in other countries. CFS-Curacao denies the remaining allegations set forth in paragraph 59 of the Second Amended Complaint.

60.     CFS-Curacao admits only that it provided administrative services for the Funds pursuant to certain administrative services agreements. CFS-Curacao refers to the administrative services agreements for a complete statement of their contents. CFS-Curacao

denies the remaining allegations set forth in paragraph 60 of the Second Amended Complaint.

61.     CFS-Curacao admits only that it employs over one hundred people. CFS-Curacao denies the remaining allegations set forth in paragraph 61 of the Second Amended Complaint.

62.     CFS-Curacao denies the allegations set forth in paragraph 62 of the Second Amended Complaint.

63.     CFS-Curacao denies the allegations set forth in paragraph 63 of the Second Amended Complaint.

64.     CFS-Curacao denies the allegations set forth in paragraph 64 of the Second Amended Complaint.

65.     CFS-Curacao denies the allegations set forth in paragraph 65 of the Second Amended Complaint.

66.     Due to the vague nature of the reference to a purported "2003 interview," CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 66 of the Second Amended Complaint, and therefore denies same.

67.     CFS-Curacao denies the allegations set forth in paragraph 67 of the Second Amended Complaint.

68.     CFS-Curacao admits only that all of The Citco Group Limited's revenues are derived from its various subsidiaries. CFS-Curacao denies the remaining allegations set forth in paragraph 68 of the Second Amended Complaint.

69.     CFS-Curacao denies the allegations set forth in paragraph 69 of the Second Amended Complaint.

70.     CFS-Curacao denies the allegations set forth in paragraph 70 of the Second Amended Complaint.

71.     Due to the vague nature of the reference to a purported "brochure," CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 71 of the Second Amended Complaint, and therefore denies same.

72.     Due to the vague nature of the reference to purported materials on "Citco Group's website," CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of that allegation set forth in paragraph 72 of the Second Amended Complaint, and therefore denies same.  CFS-Curacao denies the remaining allegations set forth in paragraph 72 of the Second Amended Complaint.

73.     Due to the vague nature of the reference to a purported "brochure," CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of that allegation set forth in paragraph 73 of the Second Amended Complaint, and therefore denies same.  CFS-Curacao denies the remaining allegations set forth in paragraph 73 of the Second Amended Complaint.

74.     CFS-Curacao admits only that Keunen resides in Miami, Florida, is employed by Citco Fund Services (USA) Inc., and maintains an office in Miami.  CFS-Curacao denies that the managing directors of CFS-Curacao report to Keunen regarding the day-to-day management of CFS-Curacao, and denies that Keunen reports to the executive

committee of The Citco Group Limited regarding the day-to-day management of CFS-Curacao.

75.     CFS-Curacao denies the allegations set forth in paragraph 75 of the Second Amended Complaint.

76.     CFS-Curacao denies the allegations set forth in paragraph 76 of the Second Amended Complaint.

77.     CFS-Curacao denies the allegations set forth in paragraph 77 of the Second Amended Complaint.

78.     CFS-Curacao denies the allegations set forth in paragraph 78 of the Second Amended Complaint.

79.     CFS-Curacao denies the allegations set forth in paragraph 79 of the Second Amended Complaint.

80.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 80 of the Second Amended Complaint, and therefore denies same.

81.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 81 of the Second Amended Complaint, and therefore denies same.

82.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 82 of the Second Amended Complaint, and therefore denies same.

83. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 83 of the Second Amended Complaint, and therefore denies same.

84. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 84 of the Second Amended Complaint, and therefore denies same.

85. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 85 of the Second Amended Complaint, and therefore denies same.

86. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 86 of the Second Amended Complaint, and therefore denies same.

87. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 87 of the Second Amended Complaint, and therefore denies same.

88. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 88 of the Second Amended Complaint, and therefore denies same.

89. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 89 of the Second Amended Complaint, and therefore denies same.

90.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 90 of the Second Amended Complaint, and therefore denies same.

91.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 91 of the Second Amended Complaint, and therefore denies same.

92.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 92 of the Second Amended Complaint, and therefore denies same.

93.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 93 of the Second Amended Complaint, and therefore denies same.

94.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 94 of the Second Amended Complaint, and therefore denies same.

95.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 95 of the Second Amended Complaint, and therefore denies same.

96.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 96 of the Second Amended Complaint, and therefore denies same.

97.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 97 of the Second Amended Complaint, and therefore denies same.

98.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 98 of the Second Amended Complaint, and therefore denies same.

99.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 99 of the Second Amended Complaint, and therefore denies same.

100.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 100 of the Second Amended Complaint, and therefore denies same.

101.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 101 of the Second Amended Complaint, and therefore denies same.

102.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 102 of the Second Amended Complaint, and therefore denies same.

103.    CFS-Curacao denies the allegations set forth in paragraph 103 of the Second Amended Complaint.

104.    CFS-Curacao admits only that Lancer Offshore was incorporated as an international business company in the BVI on September 27, 1995, that at the time of its incorporation, Lancer Offshore's registered office was at Citco Building, Wickhams Cay,

Road Town, Tortola, BVI, and that Lancer Offshore was listed on the Irish Stock Exchange. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 104 of the Second Amended Complaint, and therefore denies same.

105. CFS-Curacao admits only that OmniFund was formed through the merger of The Orbiter Fund, Ltd. and The Viator Fund, that Orbiter was incorporated as an IBC in the BVI on January 29, 1999, that Viator was incorporated as an IBC in the BVI on September 30, 1999, and that at the time of their incorporation, Orbiter and Viator listed their registered offices at Citco Building, Wickhams Cay, Road Town, Tortola, BVI. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 105 of the Second Amended Complaint, and therefore denies same.

106. CFS-Curacao denies the allegations set forth in paragraph 106 of the Second Amended Complaint.

107. CFS-Curacao admits only that the Funds were not registered with the SEC and were open only to qualified investors. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 107 of the Second Amended Complaint, and therefore denies same.

108. CFS-Curacao admits only that Lancer Management was the investment manager of the Funds and was responsible for all investment decisions. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 108 of the Second Amended Complaint, and therefore denies same.

109.     CFS-Curacao admits only that Lancer Management was entitled to receive fees at the rates set forth in the pertinent investment management agreements. CFS-Curacao refers to the investment management agreements for a complete statement of their contents.

110.     CFS-Curacao admits only that the referenced financial statements contain the cited information. CFS-Curacao refers to the referenced financial statements for a complete statement of their contents.

111.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 111 of the Second Amended Complaint, and therefore denies same.

112.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 112 of the Second Amended Complaint, and therefore denies same.

113.     CFS-Curacao denies the allegations set forth in paragraph 113 of the Second Amended Complaint. CFS-Curacao refers to the Funds' PPMs for a complete statement of their contents.

114.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 114 of the Second Amended Complaint, and therefore denies same.

115.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 115 of the Second Amended Complaint, and therefore denies same.

116. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 116 of the Second Amended Complaint, and therefore denies same.

117. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 117 of the Second Amended Complaint, and therefore denies same.

118. CFS-Curacao admits only that the Funds' PPMs contain the quoted language. CFS-Curacao refers to the PPMs for a complete statement of their contents.

119. CFS-Curacao denies the allegations set forth in paragraph 119 of the Second Amended Complaint. CFS-Curacao refers to the PPMs for a complete statement of their contents.

120. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 120 of the Second Amended Complaint, and therefore denies same.

121. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 121 of the Second Amended Complaint, and therefore denies same.

122. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 122 of the Second Amended Complaint, and therefore denies same.

123. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 123 of the Second Amended Complaint, and therefore denies same.

124.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 124 of the Second Amended Complaint, and therefore denies same.

125.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 125 of the Second Amended Complaint, and therefore denies same.

126.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 126 of the Second Amended Complaint, and therefore denies same.

127.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 127 of the Second Amended Complaint, and therefore denies same.

128.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 128 of the Second Amended Complaint, and therefore denies same.

129.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 129 of the Second Amended Complaint, and therefore denies same.

130.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 130 of the Second Amended Complaint, and therefore denies same.

131. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 131 of the Second Amended Complaint, and therefore denies same.

132. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 132 of the Second Amended Complaint, and therefore denies same.

133. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 133 of the Second Amended Complaint, and therefore denies same.

134. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 134 of the Second Amended Complaint, and therefore denies same.

135. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 135 of the Second Amended Complaint, and therefore denies same.

136. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 136 of the Second Amended Complaint, and therefore denies same.

137. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 137 of the Second Amended Complaint, and therefore denies same.

138.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 138 of the Second Amended Complaint, and therefore denies same.

139.     CFS-Curacao denies the allegations set forth in paragraph 139 of the Second Amended Complaint.

140.     CFS-Curacao admits only that the referenced documents contain the cited information. CFS-Curacao refers to the referenced documents for a complete statement of their contents. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 140 of the Second Amended Complaint, and therefore denies same.

141.     CFS-Curacao denies the allegations set forth in paragraph 141 of the Second Amended Complaint.

142.     CFS-Curacao denies the allegations set forth in paragraph 142 of the Second Amended Complaint.

143.     CFS-Curacao admits only that BofA served as the Funds' prime broker. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 143 of the Second Amended Complaint, and therefore denies same.

144.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 144 of the Second Amended Complaint, and therefore denies same.

145. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 145 of the Second Amended Complaint, and therefore denies same.

146. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 146 of the Second Amended Complaint, and therefore denies same.

147. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 147 of the Second Amended Complaint, and therefore denies same.

148. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 148 of the Second Amended Complaint, and therefore denies same.

149. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 149 of the Second Amended Complaint, and therefore denies same.

150. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 150 of the Second Amended Complaint, and therefore denies same.

151. CFS-Curacao admits that from time to time it received account statements from BofA. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 151 of the Second Amended Complaint, and therefore denies same.

152.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 152 of the Second Amended Complaint, and therefore denies same.

153.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 153 of the Second Amended Complaint, and therefore denies same.

154.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 154 of the Second Amended Complaint, and therefore denies same.

155.     CFS-Curacao admits only that it was able to access position reports for the Funds on BofA's website.  CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 155 of the Second Amended Complaint, and therefore denies same.

156.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 156 of the Second Amended Complaint.

157.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 157 of the Second Amended Complaint, and therefore denies same.

158.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 158 of the Second Amended Complaint, and therefore denies same.

159. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 159 of the Second Amended Complaint, and therefore denies same.

160. CFS-Curacao admits only that the position reports were one of the sources of information that CFS-Curacao used when computing the NAV for the Funds. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 160 of the Second Amended Complaint, and therefore denies same.

161. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 161 of the Second Amended Complaint, and therefore denies same.

162. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 162 of the Second Amended Complaint, and therefore denies same.

163. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 163 of the Second Amended Complaint, and therefore denies same.

164. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 164 of the Second Amended Complaint, and therefore denies same.

165. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 165 of the Second Amended Complaint, and therefore denies same.

166.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 166 of the Second Amended Complaint, and therefore denies same.

167.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 167 of the Second Amended Complaint, and therefore denies same.

168.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 168 of the Second Amended Complaint, and therefore denies same.

169.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 169 of the Second Amended Complaint, and therefore denies same.

170.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 170 of the Second Amended Complaint, and therefore denies same.

171.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 171 of the Second Amended Complaint, and therefore denies same.

172.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 172 of the Second Amended Complaint, and therefore denies same.

173.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 173 of the Second Amended Complaint, and therefore denies same.

174.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 174 of the Second Amended Complaint, and therefore denies same.

175.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 175 of the Second Amended Complaint, and therefore denies same.

176.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 176 of the Second Amended Complaint, and therefore denies same.

177.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 177 of the Second Amended Complaint, and therefore denies same.

178.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 178 of the Second Amended Complaint, and therefore denies same.

179.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 179 of the Second Amended Complaint, and therefore denies same.

180. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 180 of the Second Amended Complaint, and therefore denies same.

181. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 181 of the Second Amended Complaint, and therefore denies same.

182. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 182 of the Second Amended Complaint, and therefore denies same.

183. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 183 of the Second Amended Complaint, and therefore denies same.

184. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 184 of the Second Amended Complaint, and therefore denies same.

185. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 185 of the Second Amended Complaint, and therefore denies same.

186. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 186 of the Second Amended Complaint, and therefore denies same.

187. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 187 of the Second Amended Complaint, and therefore denies same.

188. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 188 of the Second Amended Complaint, and therefore denies same.

189. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 189 of the Second Amended Complaint, and therefore denies same.

190. CFS-Curacao admits only that it was able to access position reports for the Funds on BofA's website. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 190 of the Second Amended Complaint, and therefore denies same.

191. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 191 of the Second Amended Complaint, and therefore denies same.

192. CFS-Curacao admits only that it served as administrator for the Funds. CFS-Curacao denies the remaining allegations set forth in paragraph 192 of the Second Amended Complaint.

193. CFS-Curacao admits only that it provided administrative services for the Funds, and that the administrative services agreements contain the quoted language. CFS-Curacao refers to the administrative services agreements for a complete statement of their

contents. CFS-Curacao denies the remaining allegations set forth in paragraph 193 of the Second Amended Complaint.

194.    CFS-Curacao denies the allegations set forth in paragraph 194 of the Second Amended Complaint.

195.    CFS-Curacao admits only that the PPM Lancer Offshore contains the cited language. CFS-Curacao refers to the Funds' PPMs for a complete statement of their contents. CFS-Curacao denies the remaining allegations set forth in paragraph 195 of the Second Amended Complaint.

196.    CFS-Curacao denies the allegations set forth in paragraph 196 of the Second Amended Complaint.

197.    CFS-Curacao admits only that a Citco Fund Services brochure contains the quoted language. CFS-Curacao refers to the brochure for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 197 of the Second Amended Complaint.

198.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 198 of the Second Amended Complaint, and therefore denies same.

199.    CFS-Curacao admits only that the referenced article contains the quoted language. CFS-Curacao refers to the referenced article for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 199 of the Second Amended Complaint.

200.    CFS-Curacao admits only that the referenced document contains the quoted language. CFS-Curacao refers to the referenced document for a complete statement of its

contents. CFS-Curacao denies the remaining allegations set forth in paragraph 200 of the Second Amended Complaint.

201.    CFS-Curacao admits only that the referenced document contains the quoted language. CFS-Curacao refers to the referenced document for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 201 of the Second Amended Complaint.

202.    CFS-Curacao admits only that the referenced document contains the quoted language. CFS-Curacao refers to the referenced document for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 202 of the Second Amended Complaint.

203.    CFS-Curacao admits only that the referenced article contains the quoted language. CFS-Curacao refers to the referenced article for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 203 of the Second Amended Complaint.

204.    CFS-Curacao admits only that the referenced article contains the quoted language. CFS-Curacao refers to the referenced article for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 204 of the Second Amended Complaint.

205.    CFS-Curacao admits only that the referenced article contains the quoted language. CFS-Curacao refers to the referenced article for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 205 of the Second Amended Complaint.

206. Due to the vague nature of the source of the alleged quotation, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 206 of the Second Amended Complaint, and therefore denies same.

207. CFS-Curacao admits only that the referenced article contains the quoted language. CFS-Curacao refers to the referenced article for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 207 of the Second Amended Complaint.

208. Due to the vague nature of the reference to a purported writing, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 208 of the Second Amended Complaint, and therefore denies same.

209. CFS-Curacao admits only that the referenced article contains the quoted language. CFS-Curacao refers to the referenced article for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 209 of the Second Amended Complaint.

210. CFS-Curacao admits only that the referenced article contains the quoted language. CFS-Curacao refers to the article for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 210 of the Second Amended Complaint.

211. Due to the vague nature of the reference to purported "materials," CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in paragraph 211 of the Second Amended Complaint, and therefore denies same.

212. Due to the vague nature of the reference to purported "materials," CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 212 of the Second Amended Complaint, and therefore denies same.

213. CFS-Curacao denies the allegations set forth in paragraph 213 of the Second Amended Complaint.

214. CFS-Curacao admits only that the Guide to Sound Practices For European Hedge Fund Management ("Guide") contains the quoted language. CFS-Curacao refers to the Guide for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 214 of the Second Amended Complaint.

215. CFS-Curacao admits only that at various times Defendants Conroy, Stocks and Quilligan served as directors for Lancer Offshore, and that ICSL served as director for OmniFund. CFS-Curacao denies the remaining allegations set forth in paragraph 215 of the Second Amended Complaint.

216. CFS-Curacao denies the allegations set forth in paragraph 216 of the Second Amended Complaint.

217. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 217 of the Second Amended Complaint, and therefore denies same.

218. CFS-Curacao admits only that the Funds' Articles of Association contain provisions regarding the role of the Funds' directors. CFS-Curacao refers to the Funds'

Articles of Association for a complete statement of their contents. CFS-Curacao denies the remaining allegations set forth in paragraph 218 of the Second Amended Complaint.

219.    CFS-Curacao admits only that the Funds' Articles of Association contain provisions regarding the role of the Funds' directors. CFS-Curacao refers to the Funds' Articles of Association for a complete statement of their contents. CFS-Curacao denies the remaining allegations set forth in paragraph 219 of the Second Amended Complaint.

220.    CFS-Curacao admits only that the Funds' PPMs contain provisions regarding the role of the Funds' directors. CFS-Curacao refers to the Funds' PPMs for a complete statement of their contents. CFS-Curacao denies the remaining allegations set forth in paragraph 220 of the Second Amended Complaint.

221.    CFS-Curacao denies the allegations set forth in paragraph 221 of the Second Amended Complaint.

222.    CFS-Curacao denies the allegations set forth in paragraph 222 of the Second Amended Complaint.

223.    CFS-Curacao admits only that the referenced financial statements contain the quoted language. CFS-Curacao refers to the financial statements for a complete statement of their contents. CFS-Curacao denies the remaining allegations set forth in paragraph 223 of the Second Amended Complaint.

224.    CFS-Curacao denies the allegations set forth in paragraph 224 of the Second Amended Complaint.

225.    CFS-Curacao admits only that it received compensation from Lancer Offshore in connection with providing directors in accordance with the administrative services

agreements. CFS-Curacao denies the remaining allegations set forth in paragraph 225 of the Second Amended Complaint.

226.    CFS-Curacao admits only that the referenced financial statements identify the Funds' directors and refer to the payment of fees. CFS-Curacao refers to the financial statements for a complete statement of their contents. CFS-Curacao denies the remaining allegations set forth in paragraph 226 of the Second Amended Complaint.

227.    CFS-Curacao denies the allegations set forth in paragraph 227 of the Second Amended Complaint.

228.    CFS-Curacao admits only that as administrator it distributed the NAV of the Funds' in accordance with the pertinent administrative services agreements. CFS-Curacao denies the remaining allegations set forth in paragraph 228 of the Second Amended Complaint.

229.    CFS-Curacao denies the allegations set forth in paragraph 229 of the Second Amended Complaint.

230.    CFS-Curacao denies the allegations set forth in paragraph 230 of the Second Amended Complaint.

231.    CFS-Curacao denies the allegations set forth in paragraph 231 of the Second Amended Complaint.

232.    CFS-Curacao admits only that the referenced memorandum contains the quoted language. CFS-Curacao refers to the memorandum for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 232 of the Second Amended Complaint.

233. CFS-Curacao denies the allegations set forth in paragraph 233 of the Second Amended Complaint.

234. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 234 of the Second Amended Complaint, and therefore denies same.

235. CFS-Curacao admits only that the referenced email contains the quoted language. CFS-Curacao refers to the email for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 235 of the Second Amended Complaint.

236. CFS-Curacao denies the allegations set forth in paragraph 236 of the Second Amended Complaint.

237. CFS-Curacao admits only that the referenced email contains the quoted language. CFS-Curacao refers to the email for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 237 of the Second Amended Complaint.

238. CFS-Curacao admits only that Quilligan and Heidema traveled to New York to meet with Lancer Management personnel, and that the referenced email contains the quoted language. CFS-Curacao refers to the email for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 238 of the Second Amended Complaint.

239. CFS-Curacao denies the allegations set forth in paragraph 239 of the Second Amended Complaint.

240.     CFS-Curacao denies the allegations set forth in paragraph 240 of the Second Amended Complaint.

241.     CFS-Curacao admits only that the referenced emails contain the quoted language. CFS-Curacao refers to the emails for a complete statement of their contents. CFS-Curacao denies the remaining allegations set forth in paragraph 241 of the Second Amended Complaint.

242.     CFS-Curacao denies the allegations set forth in paragraph 242 of the Second Amended Complaint.

243.     CFS-Curacao admits only that the referenced memorandum contains the quoted language. CFS-Curacao refers to the memorandum for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 243 of the Second Amended Complaint.

244.     CFS-Curacao admits only that the referenced email contains the quoted language. CFS-Curacao refers to the email for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 244 of the Second Amended Complaint.

245.     CFS-Curacao denies the allegations set forth in paragraph 245 of the Second Amended Complaint.

246.     CFS-Curacao admits only that the referenced emails contain the quoted language. CFS-Curacao refers to the emails for a complete statement of their contents. CFS-Curacao denies the remaining allegations set forth in paragraph 246 of the Second Amended Complaint.

247.    CFS-Curacao admits only that the referenced email contains the quoted language. CFS-Curacao refers to the email for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 247 of the Second Amended Complaint.

248.    CFS-Curacao admits only that a letter was sent to investors containing the quoted language. CFS-Curacao refers to the letter for a complete statement of its contents. CFS-Curacao denies the remaining allegations set forth in paragraph 248 of the Second Amended Complaint.

249.    CFS-Curacao denies the allegations set forth in paragraph 249 of the Second Amended Complaint.

250.    CFS-Curacao denies the allegations set forth in paragraph 250 of the Second Amended Complaint.

251.    CFS-Curacao denies the allegations set forth in paragraph 251 of the Second Amended Complaint.

252.    CFS-Curacao denies the allegations set forth in paragraph 252 of the Second Amended Complaint.

253.    CFS-Curacao denies the allegations set forth in paragraph 253 of the Second Amended Complaint.

254.    CFS-Curacao denies the allegations set forth in paragraph 254 of the Second Amended Complaint.

255.    CFS-Curacao denies the allegations set forth in paragraph 255 of the Second Amended Complaint.

256.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 256 of the Second Amended Complaint, and therefore denies same.

257.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 257 of the Second Amended Complaint, and therefore denies same.

258.    CFS-Curacao denies the allegations set forth in paragraph 258 of the Second Amended Complaint.

259.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 259 of the Second Amended Complaint, and therefore denies same.

260.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 260 of the Second Amended Complaint, and therefore denies same.

261.    CFS-Curacao denies the allegations set forth in paragraph 261 of the Second Amended Complaint.

262.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 262 of the Second Amended Complaint, and therefore denies same.

263.    CFS-Curacao denies the allegations set forth in paragraph 263 of the Second Amended Complaint.

264.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 264 of the Second Amended Complaint, and therefore denies same.

265.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 265 of the Second Amended Complaint, and therefore denies same.

266.     CFS-Curacao denies the allegations set forth in paragraph 266 of the Second Amended Complaint.

267.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 267 of the Second Amended Complaint, and therefore denies same.

268.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 268 of the Second Amended Complaint, and therefore denies same.

269.     CFS-Curacao denies the allegations set forth in paragraph 269 of the Second Amended Complaint.

270.     CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 270 of the Second Amended Complaint, and therefore denies same.

271.     CFS-Curacao admits only that Lancer Management's management fee and incentive fee were calculated as set forth in the investment management agreements. CFS-Curacao refers to the investment management agreements for a complete statement of their contents. CFS-Curacao is without sufficient knowledge or information to form a belief as to

the truth of the remaining allegations set forth in paragraph 271 of the Second Amended Complaint, and therefore denies same.

272.    CFS-Curacao denies the allegations set forth in paragraph 272 of the Second Amended Complaint.

273.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 273 of the Second Amended Complaint, and therefore denies same.

274.    CFS-Curacao admits only that PWC NA audited the financial statements of Lancer Offshore, Viator and Orbiter. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 274 of the Second Amended Complaint, and therefore denies same.

275.    CFS-Curacao admits only that PWC NA's audit opinion letters indicated that the audits were conducted in accordance with ISA. CFS-Curacao refers to the opinion letters for a complete statement of their contents. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 275 of the Second Amended Complaint, and therefore denies same.

276.    CFS-Curacao denies the allegations set forth in paragraph 276 of the Second Amended Complaint.

277.    CFS-Curacao admits only that the referenced audit opinions contained the quoted language. CFS-Curacao refers to the audit opinions for a complete statement of their contents. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 277 of the Second Amended Complaint, and therefore denies same.

278. CFS-Curacao admits only that the referenced audit opinions contained the quoted language. CFS-Curacao refers to the audit opinions for a complete statement of their contents. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 278 of the Second Amended Complaint, and therefore denies same.

279. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 279 of the Second Amended Complaint, and therefore denies same.

280. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 280 of the Second Amended Complaint, and therefore denies same.

281. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 281 of the Second Amended Complaint, and therefore denies same.

282. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 282 of the Second Amended Complaint, and therefore denies same.

283. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 283 of the Second Amended Complaint, and therefore denies same.

284. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 284 of the Second Amended Complaint, and therefore denies same.

285. CFS-Curacao admits only that the notes to the referenced financial statements contain the quoted language. CFS-Curacao refers to the financial statements for a complete statement of their contents. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 285 of the Second Amended Complaint, and therefore denies same.

286. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 286 of the Second Amended Complaint, and therefore denies same.

287. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 287 of the Second Amended Complaint, and therefore denies same.

288. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 288 of the Second Amended Complaint, and therefore denies same.

289. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 289 of the Second Amended Complaint, and therefore denies same.

290. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 290 of the Second Amended Complaint, and therefore denies same.

291. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 291 of the Second Amended Complaint, and therefore denies same.

292. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 292 of the Second Amended Complaint, and therefore denies same.

293. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 293 of the Second Amended Complaint, and therefore denies same.

294. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 294 of the Second Amended Complaint, and therefore denies same.

295. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 295 of the Second Amended Complaint, and therefore denies same.

296. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 296 of the Second Amended Complaint, and therefore denies same.

297. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 297 of the Second Amended Complaint, and therefore denies same.

298. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 298 of the Second Amended Complaint, and therefore denies same.

299. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 299 of the Second Amended Complaint, and therefore denies same.

300. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 300 of the Second Amended Complaint, and therefore denies same.

301. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 301 of the Second Amended Complaint, and therefore denies same.

302. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 302 of the Second Amended Complaint, and therefore denies same.

303. CFS-Curacao admits only that IFS replaced CFS-Curacao as administrator of the Funds. CFS-Curacao denies the remaining allegations set forth in paragraph 303 of the Second Amended Complaint.

304. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 304 of the Second Amended Complaint, and therefore denies same.

305. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 305 of the Second Amended Complaint, and therefore denies same.

306.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 306 of the Second Amended Complaint, and therefore denies same.

307.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 307 of the Second Amended Complaint, and therefore denies same.

308.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 308 of the Second Amended Complaint, and therefore denies same.

309.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 309 of the Second Amended Complaint, and therefore denies same.

310.    CFS-Curacao denies the allegations set forth in paragraph 310 of the Second Amended Complaint.

311.    CFS-Curacao denies the allegations set forth in paragraph 311 of the Second Amended Complaint.

312.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 312 of the Second Amended Complaint, and therefore denies same.

313.    CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 313 of the Second Amended Complaint, and therefore denies same.

314. CFS-Curacao admits only that the BVI Financial Services Commission instituted an action against the Funds. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 314 of the Second Amended Complaint, and therefore denies same.

315. CFS-Curacao admits only that on or about July 8, 2003, the SEC commenced an action in the United States District Court for the Southern District of Florida, and that a Receiver was appointed. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 315 of the Second Amended Complaint, and therefore denies same.

316. CFS-Curacao admits only that the referenced lawsuits were filed. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 316 of the Second Amended Complaint, and therefore denies same.

317. CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 317 of the Second Amended Complaint, and therefore denies same.

## FIRST CLAIM FOR RELIEF

318. CFS-Curacao repeats and reincorporates by reference the responses to paragraphs 1 through 317 as if fully set forth herein.

319. CFS-Curacao denies the allegations set forth in paragraph 319 of the Second Amended Complaint.

320. CFS-Curacao denies the allegations set forth in paragraph 320 of the Second Amended Complaint.

321.     CFS-Curacao denies the allegations set forth in paragraph 321 of the Second Amended Complaint.

322.     CFS-Curacao denies the allegations set forth in paragraph 322 of the Second Amended Complaint.

323.     CFS-Curacao denies the allegations set forth in paragraph 323 of the Second Amended Complaint.

324.     CFS-Curacao denies the allegations set forth in paragraph 324 of the Second Amended Complaint.

325.     CFS-Curacao denies the allegations set forth in paragraph 325 of the Second Amended Complaint.

326.     CFS-Curacao denies the allegations set forth in paragraph 326 of the Second Amended Complaint.

## SECOND CLAIM FOR RELIEF

327.     CFS-Curacao repeats and reincorporates by reference the responses to paragraphs 1 through 317 as if fully set forth herein.

328.     CFS-Curacao denies the allegations set forth in paragraph 328 of the Second Amended Complaint.

329.     CFS-Curacao denies the allegations set forth in paragraph 329 of the Second Amended Complaint.

330.     CFS-Curacao denies the allegations set forth in paragraph 330 of the Second Amended Complaint.

331.     CFS-Curacao denies the allegations set forth in paragraph 331 of the Second Amended Complaint.

332.     CFS-Curacao denies the allegations set forth in paragraph 332 of the Second Amended Complaint.

333.     Due to the vague nature of the reference to a purported "brochure," CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 333 of the Second Amended Complaint, and therefore denies same.

334.     Due to the vague nature of the reference to purported materials on "Citco Group's website," CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of that allegation set forth in paragraph 334 of the Second Amended Complaint, and therefore denies same. CFS-Curacao denies the remaining allegations set forth in paragraph 334 of the Second Amended Complaint.

335.     Due to the vague nature of the reference to a purported "brochure," CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of that allegations set forth in paragraph 335 of the Second Amended Complaint, and therefore denies same. CFS-Curacao denies the remaining allegations set forth in paragraph 335 of the Second Amended Complaint.

336.     CFS-Curacao admits only that Keunen resides in Miami, Florida, is employed by Citco Fund Services (USA) Inc., and maintains an office in Miami.  CFS-Curacao denies that the managing directors of CFS-Curacao report to Keunen regarding the day-to-day management of CFS-Curacao, and denies that Keunen reports to the executive committee of The Citco Group Limited regarding the day-to-day management of CFS-Curacao.

337.    CFS-Curacao denies the allegations set forth in paragraph 337 of the Second Amended Complaint.

338.    CFS-Curacao denies the allegations set forth in paragraph 338 of the Second Amended Complaint.

339.    CFS-Curacao denies the allegations set forth in paragraph 339 of the Second Amended Complaint.

340.    CFS-Curacao denies the allegations set forth in paragraph 340 of the Second Amended Complaint.

341.    CFS-Curacao denies the allegations set forth in paragraph 341 of the Second Amended Complaint.

## THIRD CLAIM FOR RELIEF

342.    CFS-Curacao repeats and reincorporates by reference the responses to paragraphs 1 through 317 as if fully set forth herein.

343.    CFS-Curacao denies the allegations set forth in paragraph 343 of the Second Amended Complaint.

344.    CFS-Curacao denies the allegations set forth in paragraph 344 of the Second Amended Complaint.

345.    CFS-Curacao denies the allegations set forth in paragraph 345 of the Second Amended Complaint.

346.    CFS-Curacao denies the allegations set forth in paragraph 346 of the Second Amended Complaint.

347.    CFS-Curacao denies the allegations set forth in paragraph 347 of the Second Amended Complaint.

348.    CFS-Curacao denies the allegations set forth in paragraph 348 of the Second Amended Complaint.

349.    CFS-Curacao denies the allegations set forth in paragraph 349 of the Second Amended Complaint.

350.    CFS-Curacao denies the allegations set forth in paragraph 350 of the Second Amended Complaint.

## FOURTH CLAIM FOR RELIEF

351.    CFS-Curacao repeats and reincorporates by reference the responses to paragraphs 1 through 317 as if fully set forth herein.

352.    CFS-Curacao denies the allegations set forth in paragraph 352 of the Second Amended Complaint.

353.    CFS-Curacao denies the allegations set forth in paragraph 353 of the Second Amended Complaint.

354.    CFS-Curacao denies the allegations set forth in paragraph 354 of the Second Amended Complaint.

355.    CFS-Curacao denies the allegations set forth in paragraph 355 of the Second Amended Complaint.

356.    CFS-Curacao denies the allegations set forth in paragraph 356 of the Second Amended Complaint.

357.    CFS-Curacao denies the allegations set forth in paragraph 357 of the Second Amended Complaint.

358.    CFS-Curacao denies the allegations set forth in paragraph 358 of the Second Amended Complaint.

359. CFS-Curacao denies the allegations set forth in paragraph 359 of the Second Amended Complaint.

## FIFTH CLAIM FOR RELIEF

360. CFS-Curacao repeats and reincorporates by reference the responses to paragraphs 1 through 317 as if fully set forth herein.

361. CFS-Curacao denies the allegations set forth in paragraph 361 of the Second Amended Complaint.

362. CFS-Curacao denies the allegations set forth in paragraph 362 of the Second Amended Complaint.

363. CFS-Curacao denies the allegations set forth in paragraph 363 of the Second Amended Complaint.

364. CFS-Curacao denies the allegations set forth in paragraph 364 of the Second Amended Complaint.

365. CFS-Curacao denies the allegations set forth in paragraph 365 of the Second Amended Complaint.

366. CFS-Curacao denies the allegations set forth in paragraph 366 of the Second Amended Complaint.

## SIXTH CLAIM FOR RELIEF

367. CFS-Curacao repeats and reincorporates by reference the responses to paragraphs 1 through 317 as if fully set forth herein.

368. CFS-Curacao denies the allegations set forth in paragraph 368 of the Second Amended Complaint.

369.    CFS-Curacao denies the allegations set forth in paragraph 369 of the Second Amended Complaint.

370.    CFS-Curacao denies the allegations set forth in paragraph 370 of the Second Amended Complaint.

371.    CFS-Curacao denies the allegations set forth in paragraph 371 of the Second Amended Complaint.

372.    CFS-Curacao denies the allegations set forth in paragraph 372 of the Second Amended Complaint.

373.    CFS-Curacao denies the allegations set forth in paragraph 373 of the Second Amended Complaint.

374.    CFS-Curacao denies the allegations set forth in paragraph 374 of the Second Amended Complaint.

375.    CFS-Curacao denies the allegations set forth in paragraph 375 of the Second Amended Complaint.

## SEVENTH CLAIM FOR RELIEF

376.-383.    Paragraphs 376-383 do not contain allegations directed to CFS-Curacao, and therefore no response is required. To the extent that a response is deemed required, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 376-383 of the Second Amended Complaint, and therefore denies same.

## EIGHTH CLAIM FOR RELIEF

384.    CFS-Curacao repeats and reincorporates by reference the responses to paragraphs 1 through 317 as if fully set forth herein.

385.     CFS-Curacao denies the allegations set forth in paragraph 385 of the Second Amended Complaint.

386.     CFS-Curacao denies the allegations set forth in paragraph 386 of the Second Amended Complaint.

387.     CFS-Curacao denies the allegations set forth in paragraph 387 of the Second Amended Complaint.

388.     CFS-Curacao denies the allegations set forth in paragraph 388 of the Second Amended Complaint.

389.     CFS-Curacao denies the allegations set forth in paragraph 389 of the Second Amended Complaint.

390.     CFS-Curacao denies the allegations set forth in paragraph 390 of the Second Amended Complaint.

391.     CFS-Curacao denies the allegations set forth in paragraph 391 of the Second Amended Complaint.

## NINTH CLAIM FOR RELIEF

392.-400.     Paragraphs 392-400 do not contain allegations directed to CFS-Curacao, and therefore no response is required. To the extent that a response is deemed required, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 392-400 of the Second Amended Complaint, and therefore denies same.

## TENTH CLAIM FOR RELIEF

401.-409.     Paragraphs 401-409 do not contain allegations directed to CFS-Curacao, and therefore no response is required. To the extent that a response is deemed

required, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 401-409 of the Second Amended Complaint, and therefore denies same.

<b><u>ELEVENTH CLAIM FOR RELIEF</u></b>

410.-418.     Paragraphs 410-418 do not contain allegations directed to CFS-Curacao, and therefore no response is required. To the extent that a response is deemed required, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 410-418 of the Second Amended Complaint, and therefore denies same.

<b><u>TWELFTH CLAIM FOR RELIEF</u></b>

419.-424.     Paragraphs 419-424 do not contain allegations directed to CFS-Curacao, and therefore no response is required. To the extent that a response is deemed required, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 419-424 of the Second Amended Complaint, and therefore denies same.

<b><u>THIRTEENTH CLAIM FOR RELIEF</u></b>

425.-434.     Paragraphs 425-434 do not contain allegations directed to CFS-Curacao, and therefore no response is required. To the extent that a response is deemed required, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 425-434 of the Second Amended Complaint, and therefore denies same.

## FOURTEENTH CLAIM FOR RELIEF

435.-442.    Paragraphs 435-442 do not contain allegations directed to CFS-Curacao, and therefore no response is required. To the extent that a response is deemed required, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 435-442 of the Second Amended Complaint, and therefore denies same.

## FIFTEENTH CLAIM FOR RELIEF

443.-452.    Paragraphs 443-452 do not contain allegations directed to CFS-Curacao, and therefore no response is required. To the extent that a response is deemed required, CFS-Curacao is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 443-452 of the Second Amended Complaint, and therefore denies same.

## SIXTEENTH CLAIM FOR RELIEF

453.    CFS-Curacao repeats and reincorporates by reference the responses to paragraphs 1 through 317 as if fully set forth herein.

454.    CFS-Curacao denies the allegations set forth in paragraph 454 of the Second Amended Complaint.

455.    CFS-Curacao denies the allegations set forth in paragraph 455 of the Second Amended Complaint.

456.    CFS-Curacao denies the allegations set forth in paragraph 456 of the Second Amended Complaint.

457.    CFS-Curacao denies the allegations set forth in paragraph 457 of the Second Amended Complaint.

458. CFS-Curacao denies the allegations set forth in paragraph 458 of the Second Amended Complaint.

459. CFS-Curacao denies the allegations set forth in paragraph 459 of the Second Amended Complaint.

460. CFS-Curacao denies the allegations set forth in paragraph 460 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Without in any way admitting any of the allegations of the Second Amended Complaint and without admitting or suggesting that CFS-Curacao bears the burden of proof on any of the following issues, as separate at independent affirmative defenses, CFS-Curacao alleges as follows:

### First Affirmative Defense

1. Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because the Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

3. This Court lacks subject matter jurisdiction over the purported claims asserted in the Second Amended Complaint.

### Fourth Affirmative Defense

4. Venue is improper in the Southern District of New York for this matter.

**Fifth Affirmative Defense**

5.     The Southern District of New York constitutes an inconvenient forum for this matter and thus this matter should be dismissed pursuant to the doctrine of *forum non conveniens*.

**Sixth Affirmative Defense**

6.     Some or all of the Plaintiffs lack standing and/or the capacity to assert the purported claims alleged against CFS-Curacao in the Second Amended Complaint.

**Seventh Affirmative Defense**

7.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, by the doctrine of laches.

**Eighth Affirmative Defense**

8.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, by operation of the doctrine of unclean hands.

**Ninth Affirmative Defense**

9.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, by operation of the doctrines of waiver and/or estoppel.

**Tenth Affirmative Defense**

10.     Plaintiffs' purported common law claims against CFS-Curacao are barred, in whole or in part, to the extent that they are preempted by the Martin Act., N.Y. Gen. Bus. Law, Art. 23-A, §§ 352 et seq.

### Eleventh Affirmative Defense

11.     Plaintiffs' purported common law claims against CFS-Curacao are barred, in whole or in part, to the extent that they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### Twelfth Affirmative Defense

12.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because of the contributing and/or comparative negligence and fault of Plaintiffs.

### Thirteenth Affirmative Defense

13.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because Plaintiffs are sophisticated institutional investors that knowingly and voluntarily assumed the risks inherent in the investments at issue.

### Fourteenth Affirmative Defense

14.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because Plaintiffs knowingly or recklessly failed to exercise the degree of care and due diligence required of a reasonable investor in the circumstances.

### Fifteenth Affirmative Defense

15.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because the Plaintiffs, when subscribing to the Funds, expressly represented and warranted that they relied on no representations other than those in the Funds' Private Placement Memoranda and Articles of Association, which documents expressly disclosed and delineated all risks inherent in the investments at issue.

## Sixteenth Affirmative Defense

16.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, to the extent that Plaintiffs invested in the Funds in violation of the applicable laws or regulations of its, his or her foreign country of origin.

## Seventeenth Affirmative Defense

17.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, to the extent that Plaintiffs invested in the Funds in violation of the Funds' suitability requirements.

## Eighteenth Affirmative Defense

18.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because Plaintiffs did not actually rely on any representation, omission, or act by CFS-Curacao.

## Nineteenth Affirmative Defense

19.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because Plaintiffs did not reasonably rely on any representation, omission, or act by CFS-Curacao.

## Twentieth Affirmative Defense

20.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, to the extent that they relate to a Plaintiff's investments in the Funds that were made prior to the receipt by that Plaintiff of an NAV statement from CFS-Curacao.

## Twenty-First Affirmative Defense

21.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, to the extent that they relate to purchases of shares in the Funds prior to the date on

which the alleged fraud by Michael Lauer, Lancer Management, and/or employees or agents of Lancer Management began, or after the date on which CFS-Curacao distributed its last NAV statement for the Funds.

## Twenty-Second Affirmative Defense

22.     Plaintiffs' purported federal securities claims against CFS-Curacao that are based on alleged decisions to maintain, or not redeem, shares in the Funds are barred because such claims do not satisfy the purchase or sale requirement.

## Twenty-Third Affirmative Defense

23.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, to the extent that the Second Amended Complaint purports to allege liability based upon fraud on the market theory. Any and all acts, representations or omissions alleged in the Second Amended Complaint were corrected or disputed by information entering the market.

## Twenty-Fourth Affirmative Defense

24.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because CFS-Curacao did not owe Plaintiffs any duty, whether contractual, fiduciary or at law, with respect to the administrative services provided by CFS-Curacao for the Funds.

## Twenty-Fifth Affirmative Defense

25.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because any duties owed by CFS-Curacao in connection with the administrative services at issue were contractual duties owed to the Funds pursuant to the pertinent Administrative Services Agreements, and thus CFS-Curacao was not in privity with, and did not owe any duty to, the Plaintiffs.

## Twenty-Sixth Affirmative Defense

26.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because CFS-Curacao was under no duty to disclose any purported omission of fact, which the Plaintiffs claim caused their damages.

## Twenty-Seventh Affirmative Defense

27.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because CFS-Curacao was under no duty to render investment advice to the Plaintiffs.

## Twenty-Eighth Affirmative Defense

28.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because the NAV statements establish, on their face, that CFS-Curacao did not hold itself out to be an investment advisor or assume any duty to provide investment advice to shareholders with respect to any decision whether to purchase, retain, or increase their investment(s) in the Funds.

## Twenty-Ninth Affirmative Defense

29.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because CFS-Curacao acted without scienter and without any intention to defraud.

## Thirtieth Affirmative Defense

30.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because during the relevant time period, CFS-Curacao had no actual knowledge of the alleged fraudulent acts or misconduct of Michael Lauer, Lancer Management, and/or employees or agents of Lancer Management.

## Thirty-First Affirmative Defense

31.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because CFS-Curacao acted in good faith and with due care and diligence and did not,

directly or indirectly, participate in, or aid and abet, or induce any act constituting any alleged violation of law or breach of duty claimed in the Second Amended Complaint.

**Thirty-Second Affirmative Defense**

32.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because any duties owed by CFS-Curacao in connection with the administrative services at issue were contractual duties owed to the Funds pursuant to the pertinent Administrative Services Agreements, and CFS-Curacao did not breach any duty owing under the pertinent Administrative Services Agreements.

**Thirty-Third Affirmative Defense**

33.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because any alleged liability of CFS-Curacao is limited by the exculpatory clauses contained in the pertinent Administrative Services Agreements, and which are incorporated into the Funds' Private Placement Memoranda.

**Thirty-Fourth Affirmative Defense**

34.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because any and all actions taken by CFS-Curacao with respect to any of the matters alleged in the Second Amended Complaint were taken pursuant to prudent business judgment.

**Thirty-Fifth Affirmative Defense**

35.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because actions taken or not taken by CFS-Curacao with respect to certain matters alleged in the Second Amended Complaint were taken pursuant to the advice of counsel.

### Thirty-Sixth Affirmative Defense

36.    Plaintiffs' purported federal securities claims against CFS-Curacao are barred, in whole or in part, because CFS-Curacao's alleged conduct would at most constitute nothing more than aiding and abetting the fraudulent acts of other parties.

### Thirty-Seventh Affirmative Defense

37.    Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because the alleged fraudulent conduct of Michael Lauer, Lancer Management, and/or employees or agents of Lancer Management, was not a foreseeable consequence of any conduct or inaction by CFS-Curacao.

### Thirty-Eighth Affirmative Defense

*38.*    Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, to the extent Plaintiffs' claimed injuries were not proximately caused by any acts or omissions of CFS-Curacao.

### Thirty-Ninth Affirmative Defense

39.    Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because had the information allegedly omitted from the NAV statements been disclosed, it would not have changed Plaintiffs' decisions to purchase, sell and/or retain shares in the Funds.

### Fortieth Affirmative Defense

40.    Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of the intervening or superseding conduct of third parties.

## Forty-First Affirmative Defense

41.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because Plaintiffs sustained no damages as a result of any acts or omissions of CFS-Curacao.

## Forty-Second Affirmative Defense

42.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because Plaintiffs failed to mitigate their damages, if any.

## Forty-Third Affirmative Defense

43.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because Plaintiffs' purported damages are remote, uncertain, speculative and without basis in law or in fact.

## Forty-Fourth Affirmative Defense

44.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because Plaintiffs sustained no damages, because following the commencement of the alleged fraudulent conduct by Michael Lauer, Lancer Management, and/or employees or agents of Lancer Management, Plaintiffs would not have been able to recover their investments.

## Forty-Fifth Affirmative Defense

45.     CFS-Curacao is entitled to an offset of any and all recoveries by Plaintiffs, including, but not limited to, the following: (i) all proceeds Plaintiffs have received or will receive in settlement of all or some of their claims; (ii) any payments that Plaintiffs have recovered or will recover from others; (iii) any payments that Plaintiffs have recovered or will recover from insurance; (iv) any payments that Plaintiffs have recovered or will recover in the

receivership proceedings relating to the Funds; (v) any payments that Plaintiffs have recovered or will recover in the criminal or SEC proceedings against Michael Lauer, Lancer Management, and/or employees or agents of Lancer Management; and (vi) any redemptions.

## Forty-Sixth Affirmative Defense

46.     CFS-Curacao itself was defrauded by Michael Lauer, Lancer Management, and/or employees or agents of Lancer Management. Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, by the fraud and/or misconduct of Michael Lauer and Lancer Management.

## Forty-Seventh Affirmative Defense

47.     Any damages recoverable from CFS-Curacao by the Plaintiffs are limited to the percentage of fault attributable to CFS-Curacao. CFS-Curacao cannot be held liable for damages corresponding to the percentages of fault due to the negligence and/or wrongdoing of: (i) Michael Lauer, Lancer Management, and/or employees or agents of Lancer Management; (ii) Banc of America Securities, LLC, PricewaterhouseCoopers (Netherland Antilles), PricewaterhouseCoopers International, Ltd., International Fund Services (Ireland) Limited, John W. Bendall, Jr., Richard Geist; and (iii) any other non-parties who may be identified through discovery in this matter.

## Forty-Eighth Affirmative Defense

48.     Plaintiffs' purported claims against CFS-Curacao are barred, in whole or in part, because CFS-Curacao engaged in no gross, wanton, or willful fraud or other morally culpable conduct that would justify an award of punitive damages.

### Forty-Ninth Affirmative Defense

49.     Plaintiffs' purported common law claims against CFS-Curacao are barred, in whole or in part, under BVI law, which governs Plaintiffs' claims, to the extent that such claims are not recognized causes of action under the law of the BVI.

### Fiftieth Affirmative Defense

50.     Plaintiffs' purported claim against CFS-Curacao for alleged breach of fiduciary duty is barred under BVI law, because under the applicable standards of the BVI, CFS-Curacao did not act in breach of any alleged fiduciary duties.

### Fifty-First Affirmative Defense

51.     Plaintiffs' purported claims against CFS-Curacao for alleged aiding and abetting fraud and breach of fiduciary duty are barred under BVI law because BVI law does not recognize a tort of aiding or abetting the commission of a tort.

## CROSS-CLAIMS

Defendant Citco Fund Services (Curacao) N.V. ("CFS-Curacao"), by and through undersigned counsel, as and for its Cross-Claims against Defendant Banc of America Securities, LLC ("BofA"), alleges as follows:

### First Cross-Claim for Contribution

1.     If Plaintiffs sustained any damages in the manner alleged, and if it is found that CFS-Curacao is legally responsible for causing said damages to Plaintiffs – all of which CFS-Curacao specifically denies – then CFS-Curacao is entitled to contribution from co-defendant BofA, on the basis of BofA's conduct as alleged by Plaintiffs in the Second Amended Complaint, for all of any verdict or judgment that Plaintiffs may recover against CFS-Curacao, or for an amount equal to the excess over and above CFS-Curacao's equitable share of such

verdict or judgment. The equitable shares of any judgment recovered by Plaintiffs are to be determined in accordance with the relative culpability of CFS-Curacao (if any) and co-defendant BofA.

WHEREFORE, CFS-Curacao demands judgment against co-defendant BofA for the amount of any judgment which may be obtained by Plaintiffs against CFS-Curacao, or in an amount equal to the excess over and above its equitable share of any such judgment, together with interest and costs, and such other and further relief as this Court deems just and proper.

## Second Cross-Claim for Contribution

2. At all times relevant hereto, CFS-Curacao was the administrator for the Funds.[1] In accordance with its administrative services agreements with the Funds, CFS-Curacao, among other things, calculated the NAV of the Funds and distributed an NAV statement to certain registered shareholders of the Funds from time to time on a monthly basis.

3. At the time BofA became the prime broker for the Funds, BofA knew that CFS-Curacao was the Funds' administrator and knew that the material source for CFS-Curacao's calculation of the NAV would be the monthly reports prepared by BofA reflecting the portfolios of the Funds, which reports BofA knowingly provided to CFS-Curacao.

4. Pursuant to standards in the prime brokerage industry, of which BofA was aware at the time it furnished the monthly reports and other portfolio information to CFS-Curacao, BofA knew CFS-Curacao had no duty to confirm the information provided to it by BofA, thus imposing a duty on BofA to CFS-Curacao to ensure the accuracy of the information contained therein.

---

[1] The term "Funds" shall refer to Lancer Offshore Inc. and The Omnifund Ltd., and shall also include The Orbiter Fund, Ltd. and The Viator Fund, Ltd. (the predecessor funds to The Omnifund Ltd.).

5.     If Plaintiffs sustained any damages in the manner alleged, and if it is found that CFS-Curacao is legally responsible for causing said damages to Plaintiffs – all of which CFS-Curacao specifically denies – then CFS-Curacao is entitled to contribution from co-defendant BofA.  CFS-Curacao is entitled to contribution because BofA's conduct constituted negligence as against CFS-Curacao. As set forth herein, BofA owed a duty of care to CFS-Curacao and breached such duties owing to CFS-Curacao.

6.     BofA's predecessor, NationsBanc Montgomery Securities, began serving as the Funds' prime broker in 1997. Following the September 1998 merger between BofA and NationsBanc Montgomery Securities, BofA became the Funds' prime broker.  At all times relevant hereto, BofA was one of the leading prime brokers in the industry for hedge funds. Accordingly, BofA knew that hedge fund administrators relied on the accuracy of its reports and other information furnished to administrators by BofA.

7.     As the Funds' prime broker, BofA cleared and settled trades, provided portfolio management services, and served as the central custodian for certain of the securities held by the Funds. BofA received compensation for these services in the form of commissions on each of the trades it cleared and settled.

8.     At all times relevant hereto, and as part of its services as prime broker for the Funds, BofA prepared reports on a monthly basis regarding the transactions entered into by the Funds and the positions held by the Funds (hereinafter collectively referred to as the "Reports"). These Reports were posted on BofA's password-protected website, called "primebroker.com."

9.     Knowing that the administrator would rely on the information BofA provided in calculating the monthly NAVs of the Funds, BofA furnished the Reports to CFS-Curacao via its primebroker.com website. BofA provided CFS-Curacao with the necessary login information

and passwords, and expressly authorized CFS-Curacao to access, download and print the Reports maintained by BofA on its primebroker.com website. On occasion, BofA also faxed copies of certain Reports directly to CFS-Curacao.

10.     The Reports contained BofA's name at the top of each page. When downloaded and printed, the Reports contained no disclaimer or other marking to suggest that they were anything other than official documents prepared by BofA and bearing its imprimatur.

11.     Although BofA permitted Lancer Management and CFS-Curacao to view, download and print the Reports from the BofA website, only BofA could enter the position, transaction and pricing information into the BofA computer system that generated the Reports posted on the BofA primebroker.com website.

12.     At all times relevant hereto, BofA knew that CFS-Curacao served as the administrator for the Funds. BofA also knew that, as administrator, CFS-Curacao calculated the Funds' NAVs and prepared monthly NAV statements for the Funds, which CFS-Curacao distributed to certain registered shareholders of the Funds from time to time on a monthly basis.

13.     Each month, as part of the preparation of NAV statements, CFS-Curacao relied on the data provided by BofA in the Reports. For example, the information regarding positions and pricing was inputted into CFS-Curacao's computer system, which was used for the purpose of calculating the monthly NAVs of the Funds. The Reports constituted CFS-Curacao's primary, if not sole, source of data for all material information regarding cash transactions, the purchase and sale of positions, and pricing information for unlisted securities in the portfolios of the Funds. Thus, a primary purpose of BofA's preparation of the Reports was to provide data to CFS-Curacao that was necessary for the preparation of the monthly NAV statements.

14.     BofA, as an experienced prime broker for hedge funds, had actual knowledge that CFS-Curacao utilized and relied upon the above information in the Reports for the purpose of calculating the Funds' monthly NAV statements.

15.     BofA engaged in conduct that evinced its understanding that CFS-Curacao relied on the Reports. As noted above, BofA directly communicated the Reports to CFS-Curacao, by giving express authority to CFS-Curacao to access and retrieve the Reports on the primebroker.com website. BofA also engaged in periodic communications, via fax, email and orally, with CFS-Curacao, to answer inquiries from CFS-Curacao regarding the Reports and particular transactions and positions. BofA also mailed hard copies of the Funds' account statements to CFS-Curacao each month.

16.     Accordingly, based on the foregoing, BofA owed a duty of care to CFS-Curacao to ensure that the Reports were accurate and not misleading.

17.     In engaging in the conduct set forth herein and as alleged by Plaintiffs in the Second Amended Complaint, BofA failed to use the requisite skill and knowledge in performing its duties owed to CFS-Curacao, and failed to exercise ordinary and reasonable care in preparing and communicating the Reports to CFS-Curacao.  Consequently, BofA's conduct was at the very least negligent as against CFS-Curacao, whether or not BofA knowingly provided substantial assistance to Lauer and Lancer Management in carrying out their alleged intentional acts.

18.     During all times relevant hereto, Lancer Management and Michael Lauer used Letters of Authorization ("LOAs") to instruct BofA, without CFS-Curacao's knowledge, to input prices and other information regarding the securities in the Funds' portfolios into BofA's Reports. In breach of well-accepted standards in the prime brokerage industry, BofA accepted

the information being supplied by Lauer and Lancer Management, without taking ordinary and reasonable steps to verify or confirm the information.

19.     In breach of well-accepted standards in the prime brokerage industry, BofA provided Reports to CFS-Curacao that were inaccurate and materially misleading because, among other things: (i) they depicted unregistered shares and warrants which could not be publicly traded as registered, free-trading shares, despite the fact that BofA had access to information identifying such positions as unregistered shares or warrants; (ii) they reflected inaccurate prices for unregistered shares and warrants without any basis to support such prices, even though BofA took no steps to verify that such prices represented fair value; and (iii) they identified "away" positions (*i.e*., positions held by a custodian other than BofA) as part of the Funds' portfolios, even though BofA took no steps to confirm the existence of those positions.

20.     Moreover, had BofA exercised ordinary and reasonable care in preparing and communicating the Reports to CFS-Curacao, BofA, as an experienced prime broker for hedge funds, should have discovered that information provided by Lancer Management and Lauer was inaccurate and misleading, and that it resulted in materially misstated Reports.

21.     BofA's conduct included but was not limited to the following:

(a)     On December 27, 2000, Lauer sent BofA an LOA instructing that BofA send a wire transfer of $250,000 for the purchase of 6,812,500 shares of Nu-D-Zine stock – which indicates a purchase price of roughly $0.0367 per share. In the very same LOA, Lauer directed BofA to reflect a price for the stock at $0.50 per share with a note at the bottom of the LOA that read: "(Please price @ $0.50 tonight.)." In other words, Lauer instructed BofA to report to CFS-Curacao the price of the

stock as having increased more than twelvefold over the span of a few hours without any reasonable basis for such a material increase in price.

(b)     The Reports reflected that, as of December 31, 2000, the Funds owned 21,820,500 free-trading shares of Nu-D-Zine. However, the Funds held only 8,000 free-trading Nu-D-Zine shares. Specifically, the Funds' holdings consisted of the following: (i) the 6,812,500 *unregistered* shares purchased on December 27, 2000 at $0.0367 per share; (ii) an additional 15,000,000 *unregistered* shares purchased on December 28, 2000 at $0.01 per share; (iii) 2,500 *free-trading* shares purchased on December 28, 2000 at $0.625 per share; and (iv) 5,500 *free-trading* shares purchased on December 29 at $0.9872 per share. As a result of BofA's failure to exercise ordinary care, it accepted position information from Lancer Management and Lauer and priced all of the Nu-D-Zine shares at $1.0156 – based on the market price for free-trading "NUDZ" shares – for a total of $22,161,445.31, thus breaching its duty of care to CFS-Curacao by communicating this information to CFS-Curacao in Reports sent to CFS-Curacao by BofA.

22.     At the time BofA engaged in its negligent conduct, including but not limited to the conduct set forth herein, BofA, as an experienced prime broker for hedge funds, knew CFS-Curacao would rely on these prices and descriptions of the portfolio positions as its primary, if not sole, source of information used to calculate the NAV of the Funds.

23.     If BofA acted with ordinary care, it would not have input into its Reports the pricing information provided by Lancer Management and Lauer without taking any steps to

verify or confirm the information, and thus the Reports would not have been inaccurate and materially misleading.

24.     BofA also breached its duty of care to CFS-Curacao by failing to inform CFS-Curacao that its Reports should not be relied upon, or that such Reports contained valuation and position information that had not been verified in any way.

25.     As an experienced prime broker for hedge funds, BofA knew that the Reports and the prices contained therein would be relied upon by CFS-Curacao in calculating the NAV of the Funds and preparing the NAV statements.

26.     If, as alleged by Plaintiffs, the NAV statements calculated by CFS-Curacao were inaccurate, it was as a direct and proximate result of inaccurate and misleading information negligently provided by BofA in its Reports provided to CFS-Curacao which BofA knew at the time it prepared the Reports would be relied upon by CFS-Curacao in calculating the NAV of the Funds.

27.     If Plaintiffs suffered damages as a direct and proximate result of receiving the allegedly inaccurate NAV statements, such damages were caused by BofA's negligent conduct in providing inaccurate and misleading information to CFS-Curacao, in breach of BofA's duty of care to CFS-Curacao.

28.     Accordingly, CFS-Curacao is entitled to contribution from co-defendant BofA, for all or part of any verdict or judgment that Plaintiffs may recover against CFS-Curacao, on the basis of BofA's negligent performance of its duties owing to CFS-Curacao.

WHEREFORE, CFS-Curacao demands judgment against co-defendant BofA for the amount of any judgment which may be obtained by Plaintiffs against CFS-Curacao, or in an

amount equal to the excess over and above its equitable share of any such judgment, together with interest and costs, and such other and further relief as this Court deems just and proper.

## JURY DEMAND

CFS-Curacao demands a trial by jury as to its Cross-Claims.

Dated: July 20, 2009

Respectfully submitted,

By:   /s/ Lewis N. Brown
Lewis N. Brown (Fla. Bar No. 270008)
Dyanne E. Feinberg (Fla. Bar No. 371548)
Terence M. Mullen (Fla. Bar No. 0191957)
Elizabeth A. Izquierdo (Fla. Bar No. 594466)
**GILBRIDE, HELLER & BROWN, P.A.**
One Biscayne Tower, 15th Floor
2 South Biscayne Blvd.
Miami, Florida 33131
Tel:    305-358-3580
Fax:    305-374-1756


Eliot Lauer (EL 5590)
Michael Moscato (MM 6321)
**CURTIS, MALLET-PREVOST, COLT
   & MOSLE LLP**
101 Park Avenue
New York, NY 10178
Tel:    212-696-6000
Fax:    212-697-1559

*Attorneys for Defendant Citco Fund Services
(Curacao) N.V.*