UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PENSION COMMITTEE OF THE UNIVERSITY OF MONTREAL PENSION PLAN, *et al.*,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>BANC OF AMERICA SECURITIES, LLC, CITCO FUND SERVICES (CURACAO) N.V., THE CITCO GROUP LIMITED, INTERNATIONAL FUND SERVICES (IRELAND) LIMITED, PRICEWATERHOUSECOOPERS (NETHERLANDS ANTILLES), JOHN W. BENDALL, JR., RICHARD GEIST, ANTHONY J. STOCKS, KIERAN CONROY, DECLAN QUILLIGAN, and INTERCARIBBEAN SERVICES, LIMITED,  )<br><br>Defendants.  ) | 05 Civ. 9016 (SAS) (FM)<br><br>ECF Case |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BANC OF AMERICA SECURITIES LLC TO CROSS-CLAIM OF DEFENDANT ANTHONY STOCKS

Defendant Banc of America Securities LLC ("BAS"), by its attorneys, Wilmer Cutler Pickering Hale and Dorr LLP, answers the Amended Answer, Affirmative Defenses and Cross-Claim of Defendant Anthony Stocks (the "Cross-Claim") by denying all allegations in the Cross-Claim.

### FIRST AFFIRMATIVE DEFENSE

Stocks is not entitled to contribution from BAS for all, or any part of, any verdict or judgment that Plaintiffs may recover against Stocks, because Plaintiffs are not entitled to recovery from BAS on the basis of any of the claims made against BAS in the Second Amended Complaint. BAS hereby incorporates and reasserts all twenty-six affirmative defenses asserted

against Plaintiffs in BAS's Answer to the Second Amended Complaint as affirmative defenses to the Cross-Claim.

## SECOND AFFIRMATIVE DEFENSE

The Cross-Claim fails to state a claim upon which relief may be granted as against BAS.

## THIRD AFFIRMATIVE DEFENSE

The claims alleged in the Cross-Claim are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, the applicable New York Civil Practice Law and Rules borrowing statute, C.P.L.R. § 202.

## FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Cross-Claim against BAS are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Cross-Claim against BAS are barred, in whole or in part, by the doctrine of *in pari delicto*.

## SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the Cross-Claim against BAS are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the Cross-Claim against BAS are barred, in whole or in part, because Stocks is a sophisticated executive for a financial services organization who knowingly and voluntarily assumed the risks inherent in servicing Michael Lauer; Lancer

Management Group, LLC ("Lancer Management"); Lancer Offshore, Inc.; and The OmniFund Ltd.

### EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Cross-Claim against BAS are barred, in whole or in part, because Stocks knowingly or recklessly failed to exercise the degree of care and due diligence required of a reasonable executive for a financial services organization in the circumstances.

### NINTH AFFIRMATIVE DEFENSE

BAS cannot be held liable for damages corresponding to the percentages of fault due to the negligence and/or wrongdoing of Michael Lauer, Lancer Management, and/or employees or agents of Lancer Management, Citco Fund Services (Curacao) N.V., The Citco Group Limited, International Fund Services (Ireland) Limited, PricewaterhouseCoopers (Netherlands Antilles), John W. Bendall, Jr., Richard Geist, Kieran Conroy, Declan Quilligan, InterCaribbean Services Limited, and any non-parties who may be identified through discovery in this matter.

### TENTH AFFIRMATIVE DEFENSE

BAS specifically reserves the right to assert additional affirmative defenses that may become apparent during the course of discovery.

### CROSS-CLAIM

BAS, by its attorneys, Wilmer Cutler Pickering Hale and Dorr LLP, asserts the following Cross-Claim against defendant Stocks:

1.  If any judgment is obtained by Plaintiffs against BAS, then, on the basis of Stocks's conduct, as alleged by Plaintiffs in the Second Amended Complaint, BAS is entitled to

recover from Stocks the amount of this judgment, or an amount equal to the excess over and above BAS's equitable share of any such judgment.

   2.  The equitable shares of any judgment obtained by Plaintiffs are to be determined in accordance with the relative culpability of BAS, if any, and Stocks.

WHEREFORE, BAS respectfully requests that this Court enter judgment as follows:

   (i)  Dismissing the Cross-Claim with prejudice;

   (ii)  Entitling BAS to recover from Stocks the amount of any judgment that may be obtained by Plaintiffs against BAS, or an amount equal to the excess over and above BAS's equitable share of any such judgment;

   (iii)  Awarding BAS costs and expenses of this action, including reasonable attorneys' fees; and

   (iv)  Granting BAS such other and further relief as the Court deems just and proper.

Dated: New York, New York
    September 3, 2009

          WILMER CUTLER PICKERING
         HALE AND DORR LLP

         By: /s/ Peter K. Vigeland
           Peter K. Vigeland
           Paul M. Winke
           399 Park Avenue
           New York, New York 10022
           (212) 230-8800
           peter.vigeland@wilmerhale.com
           *Attorneys for Defendant*
           *Banc of America Securities LLC*

WILMER CUTLER PICKERING
 HALE AND DORR LLP
Peter K. Vigeland
Paul M. Winke
399 Park Avenue
New York, New York 10022
(212) 230-8800

*Attorneys for Defendant*
*Banc of America Securities LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE PENSION COMMITTEE OF THE UNIVERSITY OF MONTREAL PENSION PLAN, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | 05 Civ. 9016 (SAS) (FM) |
| v. | ) ) ) | ECF Case |
| BANC OF AMERICA SECURITIES, LLC, CITCO FUND SERVICES (CURACAO) N.V., THE CITCO GROUP LIMITED, INTERNATIONAL FUND SERVICES (IRELAND) LIMITED, PRICEWATERHOUSECOOPERS (NETHERLANDS ANTILLES), JOHN W. BENDALL, JR., RICHARD GEIST, ANTHONY J. STOCKS, KIERAN CONROY, DECLAN QUILLIGAN, and INTERCARIBBEAN SERVICES, LIMITED, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## **CERTIFICATE OF SERVICE**

I, Peter K. Vigeland, hereby certify that on this 3rd day of September, 2009, I caused the

Answer and Affirmative Defenses of Defendant Banc of America Securities LLC to Cross-Claim

of Defendant Anthony Stocks to be served on the following counsel and *pro se* parties by

electronic mail and first class mail:

- 2 -

| | |
|---|---|
| Eliot Lauer, Esq.<br>Curtis, Mallet-Prevost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, New York 10178 | Anne E. Beaumont, Esq.<br>Friedman Kaplan Seiler & Adelman LLP<br>1633 Broadway<br>New York, New York 10019-6708 |
| Dyanne E. Feinberg, Esq.<br>Gilbride Heller & Brown, P.A.<br>One Biscayne Tower, 15th Floor<br>Two South Biscayne Blvd.<br>Miami, Florida 33131 | *Counsel for Plaintiffs* |
| *Counsel for Defendants Citco Fund Services (Curacao) N. V, The Citco Group Limited, Kieran Conroy, Declan Quilligan and Anthony Stocks* | |
| Dr. Richard Geist<br>1905 Beacon Street<br>Waban, Massachusetts 02468<br><br>*Pro Se* | Seth M. Schwartz, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036-6522<br><br>*Counsel for Defendant International Fund Services (Ireland) Limited* |
| John W. Bendall, Jr.<br>130 East 75th Street<br>New York, New York 10021<br><br>*Pro Se* | |
| | /s/ Peter K. Vigeland_____<br>Peter K. Vigeland |