UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

THE PENSION COMMITTEE OF THE
UNIVERSITY OF MONTREAL
PENSION PLAN, *et al.*,

        Plaintiffs,

- against -

BANC OF AMERICA SECURITIES,
LLC, CITCO FUND SERVICES
(CURACAO) N.V., THE CITCO GROUP
LIMITED, INTERNATIONAL FUND
SERVICES (IRELAND) LIMITED,
PRICEWATERHOUSECOOPERS
(NETHERLAND ANTILLES), JOHN W.
BENDALL, JR., RICHARD GEIST,
ANTHONY STOCKS, KIERAN
CONROY, and DECLAN QUILLIGAN,

        Defendants.

------------------------------------------------------ X

ORDER

05 Civ. 9016 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

On June 29, 2009, the Citco Fund Services (Curacao) N.V., the Citco Group Limited, Anthony J. Stocks, Kieran Conroy, and Declan Quilligan (together, the "Citco Defendants") filed a motion for sanctions against plaintiffs alleging that plaintiffs did nothing to prevent the destruction of relevant evidence,

1

submitted false and misleading declarations, and, in certain instances, gave false deposition testimony designed to conceal their failures, in violation of express Orders of this Court.  Plaintiffs filed their opposition on August 7, 2009, accompanied by the declarations of five attorneys and fifteen exhibits.  On August 14, 2009, the Citco Defendants sent a letter to the Court advising that plaintiffs had served the Citco Defendants with heavily redacted copies of the declarations of Travis A. Corder, Amy C. Brown, Lizbeth Parker, and Andrew S. Pak (collectively, "Declarations") based on plaintiffs' assertion of an attorney-client privilege over communications regarding document preservation and production.  In addition, Exhibits 13 through 15 (collectively, "Exhibits") were submitted *in camera* on the same grounds, and copies were not provided to the Citco Defendants.  The Citco Defendants request access to the Declarations and Exhibits submitted by plaintiffs *in camera* so that they may respond to plaintiffs' opposition in their reply memorandum of law.  Plaintiffs sent a letter on August 19, 2009 opposing the Citco Defendants' request.  The Citco Defendants' reply submission is now due on September 11, 2009.

      The Court has reviewed the Declarations and Exhibits and considered defendants' allegations that plaintiffs have waived the attorney-client privilege.  The attorney-client privilege is waived by any voluntary disclosure, meaning,

among other things, that the documents were not produced pursuant to judicial compulsion.[1] Plaintiffs previously disclosed communications with counsel regarding the issue of document preservation and production in declarations filed by plaintiffs and in deposition testimony because such disclosures were made pursuant to court order. Such disclosure does not amount to a waiver.

Plaintiffs have also not waived the attorney-client privilege with respect to these communications by asserting the good faith defense to the Citco Defendants' spoliation claims. The Citco Defendants cannot assert claims for spoliation and then argue that the plaintiffs must choose between defending against the Citco Defendants' claims and the attorney-client privilege. To do so "would give an adversary who is a skillful pleader the ability to render the privilege a nullity."[2] As a result, the assertion of the good faith defense does not amount to a waiver of the attorney-client privilege.

---

[1] *See Transamerica Computer Co., Inc. v. IBM*, 573 F.2d 646, 651 (9th Cir. 1978) ("[D]isclosure of confidential material constitutes a waiver of the attorney-client privilege only if it is voluntary and not compelled . . . ."); *In re Parmalat Sec. Litig.*, No. 04 MD 1653, 2006 WL 3592936, at *4 (S.D.N.Y. Dec. 1, 2006) (same); *Chubb Integrated Sys. Ltd. v. National Bank of Wash.*, 103 F.R.D. 52, 64 & n.2 (D.D.C. 1984) ("The attorney-client privilege is waived by any voluntary disclosure. . . . Voluntary disclosure means the documents were not judicially compelled.").

[2] *Chase Manhattan Bank N.A. v. Drysdale Sec. Corp.*, 587 F. Supp. 57, 59 (S.D.N.Y. 1984).

Nevertheless, the Citco Defendants cannot adequately respond to plaintiffs' arguments unless they have access to the Declarations and Exhibits. While courts regularly review material *in camera*, "'[i]n camera proceedings are extraordinary events in the constitutional framework' because they generally deprive one party to a proceeding of a full opportunity to be heard on an issue . . . . [I]n camera submissions provide a method of judicial resolution which preserves confidentiality when justified."[3] Here, an *in camera* submission is not justified where the Declarations and Exhibits speak to the core of the parties' dispute. As a result, the plaintiffs must provide the Citco Defendants with the attorney Declarations, subject to very limited redactions approved by the Court. In addition, plaintiffs must provide the Citco Defendants with the Exhibits, subject to certain redactions for privilege or lack of relevance as determined by the Court. The parties are further instructed that permitting the Citco Defendants to review the Declarations and redacted Exhibits does not result in a waiver of privilege as to these communications and the Citco Defendants may not use the information learned from the Declarations and redacted Exhibits as evidence outside this

---

[3] *In re John Doe Corp.*, 675 F.2d 482, 489-90 (2d Cir. 1982) (quoting *In re Taylor*, 567 F.2d 1183, 1187 (2d Cir. 1977)).

motion.[4] Plaintiffs must produce the redacted Exhibits and Declarations by 10:00 a.m. on September 10, 2009.

Because the Citco Defendants will need sufficient time to review the redacted Declarations and Exhibits, the Citco Defendants' reply brief shall be due September 15, 2009.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         September 8, 2009

---

[4]   *See* Fed. R. Evid. 502(d).

## - Appearances -

**For the Plaintiffs:**

Scott M. Berman, Esq.
Anne E. Beaumont, Esq.
Amy C. Brown, Esq.
Philip A. Wellner, Esq.
Robert S. Landy, Esq.
Lili Zandpour, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, New York 10019-6708
(212) 833-1100

**For Defendant Banc of America Securities LLC:**

Peter K. Vigeland, Esq.
Dawn M. Wilson, Esq.
Paul M. Winke, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800

**For the Citco Defendants:**

Lewis N. Brown, Esq.
Dyanne E. Feinberg, Esq.
Terence M. Mullen, Esq.
Elizabeth A. Izquierdo, Esq.
Gilbride, Heller & Brown, P.A.
One Biscayne Tower, 15th Floor
2 South Biscayne Blvd.
Miami, Florida 33131
(305) 358-3580

Eliot Lauer, Esq.
Michael Moscato, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
(212) 696-6000