UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
THE PENSION COMMITTEE OF THE                                     :
UNIVERSITY OF MONTREAL PENSION                                   :
PLAN, *et al.,*                                                  :
                                                                 :
                              Plaintiffs,  :   1:05-CV-09016 (SAS) (FM)
                                                                 :
       - against -                                              :   ECF case
                                                                 :
BANC OF AMERICA SECURITIES, LLC, CITCO                           :
FUND SERVICES (CURACAO) N.V., THE CITCO                          :
GROUP LIMITED, INTERNATIONAL FUND                                :
SERVICES (IRELAND) LIMITED,                                      :
PRICEWATERHOUSECOOPERS (NETHERLANDS                              :
ANTILLES), JOHN W. BENDALL, JR., RICHARD                         :
GEIST, ANTHONY J. STOCKS, KIERAN                                 :
CONROY, and DECLAN QUILLIGAN,                                    :
                                                                 :
                              Defendants.  :
                                                                 :
-----------------------------------------------------------------X

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE
CITCO GROUP LIMITED TO CROSS-CLAIM OF DEFENDANT BANC
OF AMERICA SECURITIES LLC AND REPLY TO AFFIRMATIVE
DEFENSES OF BANC OF AMERICA SECURITIES LLC**

Defendant The Citco Group Limited ("CGL"), by and through undersigned counsel, hereby files this Answer and Affirmative Defenses in response to the Cross-Claim filed by Defendant Banc of America Securities LLC (the "Cross-Claim"), and in support thereof states as follows:

## **ANSWER**

1.    CGL denies the allegations set forth in paragraph 1 of the Cross-Claim.

2.    CGL denies the allegations set forth in paragraph 2 of the Cross-Claim.

## AFFIRMATIVE DEFENSES

Without in any way admitting any of the allegations of the Cross-Claim and without admitting or suggesting that CGL bears the burden of proof on any of the following issues, as separate and independent affirmative defenses, CGL alleges as follows:

### First Affirmative Defense

1. Banc of America Securities LLC ("BAS") is not entitled to contribution from CGL for all, or any part of, any verdict or judgment that Plaintiffs may recover against BAS, because Plaintiffs are not entitled to recovery from CGL on the basis of any of the claims made against CGL in the Second Amended Complaint. CGL hereby incorporates and reasserts all affirmative defenses asserted against the Plaintiffs in CGL's Amended Answer to the Second Amended Complaint as affirmative defenses to the Cross-Claim.

### Second Affirmative Defense

2. BAS's purported claim against CGL is barred, in whole or in part, because the Cross-Claim fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

3. BAS's purported claim against CGL is barred, in whole or in part, by the doctrine of *in pari delicto*.

### Fourth Affirmative Defense

4. BAS's purported claim against CGL is barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

5. BAS's purported claim against CGL is barred, in whole or in part, because BAS is a sophisticated financial services organization that knowingly and voluntarily

assumed the risks inherent in providing services to or on behalf of Michael Lauer; Lancer Management Group, LLC; Lancer Offshore, Inc.; The Orbiter Fund, Ltd.; The Viator Fund, Ltd.; and The OmniFund Ltd.

### Sixth Affirmative Defense

6.    BAS's purported claim against CGL is barred, in whole or in part, because BAS knowingly or recklessly failed to exercise the degree of care and due diligence required of a reasonable financial services organization in the circumstances.

### Seventh Affirmative Defense

7.    CGL cannot be held liable for damages corresponding to the percentages of fault due to the negligence and/or wrongdoing of BAS; Michael Lauer; Lancer Management Group, LLC and/or its employees or agents; International Fund Services (Ireland) Limited; PricewaterhouseCoopers (Netherlands Antilles); PricewaterhouseCoopers International, Ltd.; PricewaterhouseCoopers LLP; John W. Bendall, Jr.; Richard Geist; and any other non-parties who may be identified through discovery in this matter.

### Eighth Affirmative Defense

8.    BAS is not entitled to attorneys' fees because its purported claim against CGL does not derive from a statute or contract authorizing the recovery of attorneys' fees.

CGL specifically reserves the right to assert additional affirmative defenses that may become apparent during the course of discovery.

### CGL'S REPLY TO BAS'S AFFIRMATIVE DEFENSES

CGL, by and through undersigned counsel, hereby replies to BAS's Affirmative Defenses by denying and avoiding each and every Affirmative Defense and demanding strict proof thereof.

3

Dated: September 28, 2009

        Respectfully submitted,

        By: /s/ Dyanne E. Feinberg
        Lewis N. Brown
        Dyanne E. Feinberg
        Terence M. Mullen
        Elizabeth A. Izquierdo
        **GILBRIDE, HELLER & BROWN, P.A.**
        One Biscayne Tower, 15th Floor
        2 South Biscayne Blvd.
        Miami, Florida 33131
        Tel:    305-358-3580
        Fax:   305-374-1756


        Eliot Lauer (EL 5590)
        Michael Moscato (MM 6321)
        **CURTIS, MALLET-PREVOST, COLT**
          **& MOSLE LLP**
        101 Park Avenue
        New York, NY 10178
        Tel:    212-696-6000
        Fax:   212-697-1559

        *Attorneys for Defendant The Citco Group Limited*