UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X

THE PENSION COMMITTEE OF THE
UNIVERSITY OF MONTREAL
PENSION PLAN, *et al.*,

    Plaintiffs,

- against -

BANC OF AMERICA SECURITIES,
LLC, CITCO FUND SERVICES
(CURACAO) N.V., THE CITCO GROUP
LIMITED, INTERNATIONAL FUND
SERVICES (IRELAND) LIMITED,
PRICEWATERHOUSECOOPERS
(NETHERLAND ANTILLES), JOHN W.
BENDALL, JR., RICHARD GEIST,
ANTHONY STOCKS, KIERAN
CONROY, and DECLAN QUILLIGAN,

    Defendants.

------------------------------------------------ X

**ORDER**

05 Civ. 9016 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    Citco Fund Services (Curacao) N.V. ("Citco NV") brings two cross-claims (the "Cross Claims") against Banc of America LLC ("BAS") in the above captioned action in which Citco NV and BAS are both defendants. Citco NV's first cross claim is for contribution based on a traditional joint tortfeasor theory. Citco NV's second cross claim is for negligence and negligent misrepresentation

1

based on BAS's alleged breach of a duty of care owed to Citco NV (the "Second Cross Claim"). BAS now moves to dismiss the Second Cross Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court has carefully considered all filings submitted by Citco NV and BAS. Having accepted as true all of the factual allegations contained in Citco NV's Cross Claims complaint and having drawn all reasonable inferences in Citco NV's favor,[1] Citco NV's Second Cross Claim plausibly pleads a cause of action against BAS for negligence and negligent misrepresentation. Accordingly, BAS's motion to dismiss is denied.

Furthermore, the memoranda of law submitted by BAS and Citco NV in support of and opposing dismissal, respectively, make apparent that there are genuine issues of material fact regarding the elements of duty and reliance. Specifically, questions exist as to whether Citco NV, in fact, had an independent duty to verify the information received and whether it could have done so based on the information to which it had access. Unless BAS can show that there is no dispute as to one or both of these questions, a summary judgment motion would be equally unsuccessful and therefore frivolous.

---

[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 572 (2007). *Accord Selevan v. New York Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (May 18, 2009)).

The Clerk of the Court is directed to close this motion (document no. 291). A conference is scheduled for December 9, 2009 at 2:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
December 2, 2009

## - Appearances -

**For the Plaintiffs:**

Scott M. Berman, Esq.
Anne E. Beaumont, Esq.
Amy C. Brown, Esq.
Philip A. Wellner, Esq.
Robert S. Landy, Esq.
Lili Zandpour, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, New York 10019-6708
(212) 833-1100

**For Defendant Banc of America Securities LLC:**

Peter K. Vigeland, Esq.
Dawn M. Wilson, Esq.
Paul M. Winke, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800

**For the Citco Defendants:**

Lewis N. Brown, Esq.
Dyanne E. Feinberg, Esq.
Terence M. Mullen, Esq.
Elizabeth A. Izquierdo, Esq.
Gilbride, Heller & Brown, P.A.
One Biscayne Tower, 15th Floor
2 South Biscayne Blvd.
Miami, Florida 33131
(305) 358-3580

Eliot Lauer, Esq.
Michael Moscato, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
(212) 696-6000