UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PENSION COMMITTEE OF THE UNIVERSITY OF MONTREAL PENSION PLAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANC OF AMERICA SECURITIES, LLC, CITCO FUND SERVICES (CURACAO) N.V., THE CITCO GROUP LIMITED, INTERNATIONAL FUND SERVICES (IRELAND) LIMITED, PRICEWATERHOUSECOOPERS (NETHERLANDS ANTILLES), JOHN W. BENDALL, JR., RICHARD GEIST, ANTHONY J. STOCKS, KIERAN CONROY, DECLAN QUILLIGAN, and INTERCARIBBEAN SERVICES, LIMITED, <br><br> Defendants. | 05 Civ. 9016 (SAS) (FM) <br><br> ECF Case |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
BANC OF AMERICA SECURITIES LLC TO SECOND CROSS-CLAIM OF
DEFENDANT CITCO FUND SERVICES (CURACAO) N.V.**

Defendant Banc of America Securities LLC ("BAS"), by its attorneys, Wilmer Cutler Pickering Hale and Dorr LLP, answers the Second Cross-Claim for Contribution in the Amended Answer, Affirmative Defenses and Cross-Claims of Defendant Citco Fund Services (Curacao) N.V. (the "Second Cross-Claim") as follows:

2.  Admits, upon information and belief, the allegations contained in Paragraph 2 of the Second Cross-Claim.

3.  Denies the allegations contained in Paragraph 3 of the Second Cross-Claim, except admits, upon information and belief, that at the time BAS became the prime broker for the Funds it knew that Citco Fund Services (Curacao) N.V. ("CFS") was the Funds' administrator.

4.  Denies the allegations contained in Paragraph 4 of the Second Cross-Claim.

5.  Paragraph 5 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 5 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

6.  Denies the allegations contained in Paragraph 6 of the Second Cross-Claim, except admits that BAS's predecessor, NationsBanc Montgomery Securities, began serving as prime broker for at least one of the Funds in 1997, admits that, after the merger between NationsBank Corporation and BankAmerica Corporation in September 1998, BAS became the Funds' prime broker, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that at "all times relevant hereto" BAS was "one of the leading prime brokers in the industry for hedge funds."

7.  Denies the allegations contained in Paragraph 7 of the Second Cross-Claim, except admits the allegations of the first sentence of that paragraph.

8.  Admits the allegations contained in Paragraph 8 of the Second Cross-Claim, except denies that BAS "prepared" reports in the sense of authoring them.

9.  Denies the allegations contained in Paragraph 9 of the Second Cross-Claim, except admits that BAS provided CFS with login and password information necessary to access www.primebroker.com, when authorized to do so by the Funds' manager, and admits that on occasion BAS faxed copies of certain reports to CFS.

10. Denies the allegations contained in Paragraph 10 of the Second Cross-Claim, except admits that certain reports contained BAS's name at the top of each page.

11. Denies the allegations contained in Paragraph 11 of the Second Cross-Claim, except admits that BAS could enter data into the reports.

12. Admits, upon information and belief, the allegations contained in Paragraph 12 of the Second Cross-Claim.

13. Denies the allegations contained in the last sentence of Paragraph 13 of the Second Cross-Claim, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 13.

14. Denies the allegations contained in Paragraph 14 of the Second Cross-Claim.

15. Denies the allegations contained in Paragraph 15 of the Second Cross-Claim, except admits that BAS facilitated the request of the Funds' manager to allow CFS to access and retrieve reports on www.primebroker.com, engaged in periodic communications, via fax, email and orally, with CFS, to answer inquiries regarding the reports, transactions and positions, and mailed hard copies of the Funds' account statements to CFS each month.

16. Paragraph 16 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 16 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

17. Paragraph 17 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 17 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

18. Denies the allegations contained in Paragraph 18 of the Second Cross-Claim, except admits that Lancer Management and Michael Lauer used Letters of Authorization to instruct BAS to input prices and other information regarding certain securities in the Funds' portfolios into reports which were posted on www.primebroker.com, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Letters of Authorization were used by Lancer Management and Michael Lauer without CFS's knowledge.

19. Paragraph 19 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 19 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

20. Paragraph 20 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 20 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

21. Paragraph 21 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 21 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations, except admits that the referenced Letter of Authorization ("LOA") contains some of the quoted language and respectfully refers the Court to the referenced LOA for the contents thereof, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the second and third sentences of sub-paragraph (b) of that paragraph.

22. Paragraph 22 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 22 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

23. Paragraph 23 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 23 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

24. Paragraph 24 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 24 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

25. Denies the allegations contained in Paragraph 25 of the Second Cross-Claim.

26. Paragraph 26 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 26 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

27. Paragraph 27 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 27 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

28. Paragraph 28 of the Second Cross-Claim sets forth a legal conclusion to which no response is required. To the extent that Paragraph 28 of the Second Cross-Claim sets forth factual allegations, BAS denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

CFS is not entitled to contribution from BAS for all, or any part of, any verdict or judgment that Plaintiffs may recover against CFS, because BAS did not commit any negligent or other wrongful act toward CFS that contributed to Plaintiffs' alleged damages.

## SECOND AFFIRMATIVE DEFENSE

The Second Cross-Claim fails to state a claim upon which relief may be granted as against BAS.

## THIRD AFFIRMATIVE DEFENSE

The claims alleged in the Second Cross-Claim are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, the applicable New York Civil Practice Law and Rules borrowing statute, C.P.L.R. § 202.

## FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Second Cross-Claim against BAS are barred, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

The claims alleged in the Second Cross-Claim against BAS are barred, in whole or in part, by the doctrine of *in pari delicto*.

**SIXTH AFFIRMATIVE DEFENSE**

The claims alleged in the Second Cross-Claim against BAS are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims alleged in the Second Cross-Claim against BAS are barred, in whole or in part, because CFS is a sophisticated financial services organization that knowingly and voluntarily assumed the risks inherent in servicing Michael Lauer; Lancer Management Group, LLC ("Lancer Management"); Lancer Offshore, Inc; and The OmniFund Ltd.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims alleged in the Second Cross-Claim against BAS are barred, in whole or in part, because CFS knowingly or recklessly failed to exercise the degree of care and due diligence required of a reasonable financial services organization in the circumstances.

**NINTH AFFIRMATIVE DEFENSE**

BAS cannot be held liable for damages corresponding to the percentages of fault due to the negligence and/or wrongdoing of Michael Lauer, Lancer Management, and/or employees or agents of Lancer Management, The Citco Group Limited, International Fund Services (Ireland) Limited, PricewaterhouseCoopers (Netherlands Antilles), John W. Bendall, Jr., Richard Geist, Anthony Stocks, Kieran Conroy, Declan Quilligan, InterCaribbean Services Limited, and any non-parties who may be identified through discovery in this matter.

**TENTH AFFIRMATIVE DEFENSE**

The claims alleged in the Second Cross-Claim against BAS are barred under N.Y. G.O.L. § 15-108(b) to the extent that plaintiffs have given BAS a release in good faith in connection with the claims alleged by plaintiffs in the Second Amended Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

BAS specifically reserves the right to assert additional affirmative defenses that may become apparent during the course of discovery.

WHEREFORE, BAS respectfully requests that this Court enter judgment as follows:

(i)  Dismissing the Second Cross-Claim with prejudice;

(ii)  Awarding BAS costs and expenses of this action, including reasonable attorneys' fees; and

(iii)  Granting BAS such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 16, 2009

> WILMER CUTLER PICKERING
>  HALE AND DORR LLP
>
> By: /s/ Peter K. Vigeland_____
>     Peter K. Vigeland
>     Paul M. Winke
>     399 Park Avenue
>     New York, New York 10022
>     (212) 230-8800
>     peter.vigeland@wilmerhale.com
>     *Attorneys for Defendant*
>     *Banc of America Securities LLC*

WILMER CUTLER PICKERING
 HALE AND DORR LLP
Peter K. Vigeland
Paul M. Winke
399 Park Avenue
New York, New York 10022
(212) 230-8800

*Attorneys for Defendant*
*Banc of America Securities LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PENSION COMMITTEE OF THE UNIVERSITY OF MONTREAL PENSION PLAN, *et al.*, ) ) ) ) Plaintiffs, ) ) v. ) ) ) BANC OF AMERICA SECURITIES, LLC, CITCO FUND SERVICES (CURACAO) N.V., THE CITCO GROUP LIMITED, INTERNATIONAL FUND SERVICES (IRELAND) LIMITED, PRICEWATERHOUSECOOPERS (NETHERLANDS ANTILLES), JOHN W. BENDALL, JR., RICHARD GEIST, ANTHONY J. STOCKS, KIERAN CONROY, DECLAN QUILLIGAN, and INTERCARIBBEAN SERVICES, LIMITED, ) ) ) ) ) ) ) ) ) Defendants. ) ) ) | 05 Civ. 9016 (SAS) (FM) ECF Case |

## **CERTIFICATE OF SERVICE**

      I, Peter K. Vigeland, hereby certify that on this 16th day of December, 2009, I caused the

Answer and Affirmative Defenses of Defendant Banc of America Securities LLC to Second

Cross-Claim of Defendant Citco Fund Services (Curacao) N.V. to be served on the following

counsel and *pro se* parties by electronic mail and first class mail:

- 2 -

Eliot Lauer, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York  10178

Dyanne E. Feinberg, Esq.
Gilbride Heller & Brown, P.A.
One Biscayne Tower, 15th Floor
Two South Biscayne Blvd.
Miami, Florida  33131

*Counsel for Defendants Citco Fund Services (Curacao) N. V, The Citco Group Limited, Kieran Conroy, Declan Quilligan and Anthony Stocks*

Dr. Richard Geist
1905 Beacon Street
Waban, Massachusetts  02468

*Pro Se*


John W. Bendall, Jr.
130 East 75th Street
New York, New York  10021

*Pro Se*

Anne E. Beaumont, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, New York  10019-6708

*Counsel for Plaintiffs*

Seth M. Schwartz, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York  10036-6522

*Counsel for Defendant International Fund Services (Ireland) Limited*

/s/ Peter K. Vigeland_____
Peter K. Vigeland

US1DOCS 7387014v3