```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
THE PENSION COMMITTEE OF THE                                      :
UNIVERSITY OF MONTREAL PENSION                                    :
PLAN, et al.,                                                     :
                                                                  :
                              Plaintiffs,                         :   1:05-CV-09016 (SAS) (FM)
                                                                  :
              - against -                                         :
                                                                  :
BANC OF AMERICA SECURITIES, LLC, et al.,                          :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------x
```

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SPOLIATION BY NEGLIGENT PLAINTIFFS

Plaintiffs[1] respectfully submit this memorandum in support of their motion *in limine* to prohibit any references at trial to the spoliation of evidence by The Altar Fund, Pension Committee of the Pension Plan for the Regime de Retraite de la Corporation de l'Ecole Polytechnique ("Polytechnique"), Okabena Marketable Alternatives Fund, LLC ("Okabena"), the Corbett Family Charitable Foundation ("Corbett Foundation"), Commonfund Global Hedged Partners, LLC ("Commonfund"), Kuwait and Middle East Financial Investment Company ("KMEFIC") and Pension Committee of the University of Montreal Pension Plan ("UM").

### PRELIMINARY STATEMENT

On June 26, 2009, Citco Fund Services (Curacao) N.V., The Citco Group Limited, Kieran Conroy and Declan Quilligan (collectively, the "Citco Defendants") filed a

---

[1] As used herein, "plaintiffs" refers to only the Phase I plaintiffs, which are identified on the February 1, 2008 Case Management and Scheduling Order and whose claims are proceeding to trial on April 12, 2010.

829416.4

motion seeking the dismissal of all of the plaintiffs' claims as a sanction for the alleged spoliation of evidence. On January 11, 2010, this Court issued an opinion and order granting the Citco Defendants' motion in part, and the Court issued an amended opinion and order on January 15, 2010 (the "Opinion"). In the Opinion, the Court found that seven plaintiffs – Altar Fund, Polytechnique, Okabena, Corbett Foundation, Commonfund, KMEFIC and UM (collectively, the "Negligent Plaintiffs") – were negligent in discharging their discovery obligations and imposed monetary sanctions against them. (Opinion at 39, 84.) The Court found that the remaining six plaintiffs (the "Grossly Negligent Plaintiffs") were grossly negligent and, in addition to imposing monetary sanctions against them, directed that the jury be given an adverse inference instruction as to them only. (*Id*. at 38-39, 82-84) This motion is necessary because, in their witness list, exhibit list and deposition designations, the Citco Defendants have signaled their intent to put evidence of spoliation by the Negligent Plaintiffs before the jury even though this Court already has ruled that such evidence would be irrelevant.

## ARGUMENT

### I.

### EVIDENCE CONCERNING THE DOCUMENT PRESERVATION AND PRODUCTION EFFORTS OF THE NEGLIGENT PLAINTIFFS WOULD BE BOTH IRRELEVANT AND PREJUDICIAL

At the January 14, 2010 pre-trial conference, the Citco Defendants argued that they should be permitted to introduce evidence that the Negligent Plaintiffs lost or destroyed relevant evidence, even though the jury will not be entitled to an adverse inference as to them. The Court rejected that argument outright in the following colloquy:

```
0074
[…]
 15     MR. LAUER: Your Honor, Eliot Lauer. Just one
 16  observation.
 17        We had understood that your Honor's instruction to the
```

829416.4                                   2

```
           18   jury on spoliation was limited to those spoliators who engaged
           19   in grossly negligent conduct.
           20          THE COURT:  Correct.
           21          MR. LAUER:  However, we had assumed that with respect
           22   to the spoliators who had engaged in negligent conduct and who
           23   failed to follow the standards, that that still would properly
           24   be the subject of evidence and argument to the jury.
           25          THE COURT:  What evidence?  What argument?  What is
      0075
            1   the point?  What could they do with it?
            2          No, I don't think --
            3          MR. LAUER:  They can find that because they were
            4   negligent and failed to follow this Court's standards and the
            5   standards that governed a litigant who knows or anticipates
            6   litigation, that in fact relevant evidence was --
            7          THE COURT:  No.  I ruled on that as a matter of law.
            8   That was the whole point of the finding.
            9          MR. LAUER:  Despite the fact that you found that they
           10   were negligent?
           11          THE COURT:  Correct.  Correct.  Correct.
```

(*See* Transcript of 1/14/2010 Conference) (emphasis added).)  In other words, the Court concluded that admitting evidence of the Negligent Plaintiffs' discovery failures would serve no purpose because they already had been found negligent as a matter of law, and sanctioned accordingly.

Just two weeks later – on January 29, 2010 – the parties exchanged preliminary witness and exhibit lists.  The Citco Defendants' proposed witness list includes four representatives of the Negligent Plaintiffs that were deposed solely in connection with the Citco Defendants' efforts to prove spoliation:  Isabelle Poissant (Polytechnique), Sherry Van Zee (Okabena), John Auchincloss (Commonfund) and Abdullateef Al-Tammar (KMEFIC).  *None* of these witnesses has knowledge of or testified with respect to the substantive facts underlying plaintiffs' claims – and plaintiffs do not plan to present them as witnesses at trial.  Rather, each was deposed solely to answer questions about the steps that his or her employer took to preserve and produce documents in this action.

829416.4                                              3

In addition, the Citco Defendants identified on their exhibit list hundreds of documents that could have no possible purpose other than to attempt to show that Negligent Plaintiffs lost or destroyed relevant evidence. Those documents include, among others: (1) declarations detailing the steps that the Negligent Plaintiffs took to preserve and produce documents, and (2) e-mails that were either sent to or received by representatives of the Negligent Plaintiffs and that were missing from the Negligent Plaintiffs' productions. These documents will be completely irrelevant at trial, because the Court already has found, as a matter of law, that the Negligent Plaintiffs failed to preserve certain documents and has sanctioned them for their failures. Any additional proof of spoliation at trial would serve no legitimate purpose – to the contrary, it would waste the Court's and the jury's time and impermissibly prejudice the jury against these plaintiffs.

## II.

## EVIDENCE OF THE NEGLIGENT PLAINTIFFS' DISCOVERY FAILURES IS INADMISSIBLE UNDER RULE 608

On February 2, 2010, the Citco Defendants served plaintiffs with proposed designations from the depositions of Poissant, Van Zee, Auchincloss and Al-Tammar, along with designations from those portions of the deposition transcripts of two other witnesses – Melanie Craig (Corbett Foundation) and Jean-Paul Gourdeau (UM, Polytechnique) – concerning the document preservation and production practices of the Negligent Plaintiffs. When plaintiffs' counsel objected to the designations as improper, counsel for the Citco Defendants indicated that the evidence is admissible for purpose of attacking the Negligent Plaintiffs' credibility at trial. That is incorrect.

Generally speaking, evidence of specific instances of a witness' conduct cannot be introduced for the purpose of attacking the witness' credibility. *See* Fed. R. Evid. 608(b).

There is one potentially relevant exception to the rule: courts have the discretion, but not the obligation, to allow evidence of specific conduct to attack the credibility of a witness on cross-examination concerning the witness' truthfulness or untruthfulness, where the conduct in question is in fact probative of that witness' truthfulness or untruthfulness. *See id*. That exception has *no* application to individuals who will not be witnesses at trial and, as a result, have not put their credibility at issue. *None* of the four individuals identified above is scheduled to testify live at trial – precisely because they know *nothing* about the facts surrounding plaintiffs' investments in the Lancer Funds.[2] There is nothing in Rule 608 that would permit the Citco Defendants to use the depositions of these non-witnesses to attack the credibility of the substantive witnesses who made the investment decisions or the plaintiffs with whom they are affiliated.

        Nor does Rule 608 permit the Citco Defendants to cross-examine witnesses that are affiliated with the Negligent Plaintiffs about the failures in their document preservation and collection process. Mere acts of negligence are not probative of a witness' truthfulness or untruthfulness and, as a result, are inadmissible to attack a witness' credibility under Rule 608(b). *See U.S. v. Leon-Lopez*, 891 F. Supp. 138, 151 (S.D.N.Y. 1995). Thus, a witness' failure to ask a particular person for documents or conduct a comprehensive search for e-mail has no bearing on his or her credibility.[3]

---

[2] Indeed, none of these four individuals resides in New York, and two of them – Al-Tammar and Van Zee – are beyond the Court's subpoena power.

[3] The same is true for those witnesses who made unintentional misstatements in their declarations: because any of the misstatements in declarations for the Negligent Plaintiffs were merely negligent – not willful – they should not be used to attack the declarant's credibility at trial. (*See* Opinion at 37-38 & n.93; *Leon-Lopez*, 891 F. Supp. at 151.) Any other rule would unfairly prejudice the jury against a witness who may have been careless in his or her

## **CONCLUSION**

For all of the foregoing reasons, plaintiffs' motion *in limine* should be granted in its entirety, and the Citco Defendants should be prohibited from introducing any evidence concerning the document collection and preservation efforts of, and any spoliation or alleged spoliation by, the Negligent Plaintiffs at trial, and the Court should grant such other and further relief as it deems just and proper.

Dated:   New York, New York
        February 8, 2010

    FRIEDMAN KAPLAN SEILER &
      ADELMAN LLP


    s/ Scott M. Berman
    Scott M. Berman (sberman@fklaw.com)
    Anne E. Beaumont
    Amy C. Brown
    Robert S. Landy
    Andrew S. Pak
    1633 Broadway
    New York, New York  10019
    (212) 833-1100

    *Attorneys for Plaintiffs*

---

declaration, but who never engaged in any sort of effort to mislead the Citco Defendants or the Court.