UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
 

THE PENSION COMMITTEE OF THE
UNIVERSITY OF MONTREAL PENSION
PLAN, *et al.*,

       Plaintiffs,

  - against -

BANC OF AMERICA SECURITIES, LLC,
CITCO FUND SERVICES (CURACAO) N.V.,
THE CITCO GROUP LIMITED,
INTERNATIONAL FUND SERVICES
(IRELAND) LIMITED,
PRICEWATERHOUSECOOPERS
(NETHERLANDSANTILLES), JOHN W.
BENDALL, JR., RICHARD GEIST, ANTHONY
STOCKS, KIERAN CONROY, and DECLAN
QUILLIGAN,

       Defendants.

-----------------------------------------------------------------X

05 Civ. 9016 (SAS)

ECF case

**MEMORANDUM OF LAW OF CITCO FUND SERVICES (CURACAO), N.V.,
KIERAN CONROY, AND DECLAN QUILLIGAN REGARDING THE
APPLICATION OF CPLR § 214(4)'s THREE-YEAR STATUTE OF LIMITATIONS
TO PLAINTIFFS' NEGLIGENT MISREPRESENTATION CLAIMS**

Citco Fund Services (Curacao), N.V., Kieran Conroy, and Declan Quilligan (the "Citco Defendants") hereby submit this memorandum of law on the application of CPLR § 214(4)'s three-year statute of limitations to plaintiffs' negligent misrepresentation claims.

## ARGUMENT

The appropriate statute of limitations for plaintiffs' non fraud-based negligent misrepresentation claims is the three year period for "injury to property" mandated by CPLR § 214(4). That is because all of the negligent misrepresentation claims to which the Citco Defendants seek to apply CPLR §214(4)'s three-year statute of limitations relate to investments for which plaintiffs' fraud-based claims (section 10(b), common law fraud, breach of fiduciary duty, and aiding and abetting) have been dismissed on the merits.

This Court, in *Fromer v. Yogel*, 50 F. Supp. 2d 227, 242 (S.D.N.Y. 1999), observed that where a claim for fraud has not been stated, the statute of limitations for a negligent misrepresentation claim is three years, and not the six years as provided by CPLR § 213(8) for "an action based upon fraud." In *Fromer*, plaintiffs asserted claims for both common law fraud and negligent misrepresentation. On a motion to dismiss, this Court found that plaintiffs had stated a claim for fraud. *Id.* Based on this ruling, the Court applied CPLR § 213(8)'s six-year statute of limitations to the companion negligent misrepresentation claim, but cautioned: ***"This holding is limited to those instances where negligent misrepresentation is alleged according to facts that also state a cause of action for fraud."*** *Id.* (Emphasis added). The Court added, citing *Ambassador Insurance Co. v. Euclid Services Inc.,* No. 80 Civ. 1235, 1984 WL 341, n.7 (S.D.N.Y. May 24, 1984), that "were the charge of negligent misrepresentation viewed strictly in terms of negligence, the claim would be time barred by the three-year limitations period provided in CPLR § 214(4)." *Fromer,* 50 F. Supp. 2d at 242.

*Fromer*, and its distinction between the statute of limitations for non fraud-based and fraud-based negligent misrepresentation claims, is still good law today. Courts in New York have consistently applied the three-year statute of limitations of CPLR § 214(4) when the facts upon which a negligent misrepresentation claim is based do not state a claim for fraud. *See HSBC Bank USA v. Bond, Schoeneck & King, PLLC*, 16 Misc. 3d 813, 833, 838 N.Y.S.2d 419, 435 (Sup. Ct. Erie County 2007) (in reliance on *Fromer,* applying the three-year statute of limitations to negligent misrepresentation claims because "[t]here have been no allegations remotely sounding in fraud" and the misrepresentations were not "intentional misrepresentations"); *see also Momentive Performance Materials USA, Inc. v. Astrocosmos Metallurgical, Inc.*, 659 F. Supp. 2d 332, 345 (N.D.N.Y. 2009) (where plaintiff alleged no fraud claims, applying the three-year statute of limitations to the negligent misrepresentation claims because they sounded in negligence); *IT Corp. v. Ecology & Envtl. Eng'g, P.C.,* 275 A.D.2d 958, 959, 713 N.Y.S.2d 633, 635 (4th Dep't 2000) (applying the three-year statute of limitations to the negligent misrepresentation claim because there were no allegations "that defendant acted fraudulently or in bad faith" in making its misrepresentations); *Fleet Factors Corp. v. Werblin*, 114 A.D.2d 996, 997, 495 N.Y.S.2d 434 (2d Dep't 1985) (dismissing the fraud claim and applying the three-year statute of limitations to the negligent misrepresentation claim); *Ruach Chaim Instit. v. Shteierman,* 20 Misc. 3d 1132(A), 872 N.Y.S.2d 693, 693 (Sup. Ct. Kings County 2008) (where plaintiff alleged no fraud claim, applying the three-year statute of limitations to the negligent misrepresentation claim).

Further, consistent with *Fromer*, New York courts have applied the six-year fraud statute of limitations to negligent misrepresentation claims when plaintiffs have pled sufficient facts to sustain a fraud cause of action. *Von Hoffman v. Prudential Ins. Co.*, 202 F. Supp. 2d 252, 262

2

(S.D.N.Y. 2002) (holding that a reasonable jury could find facts to support a fraud claim and that a negligent misrepresentation claim based on the same facts as the fraud claim is governed by the six-year statute of limitations); *Pereira v. Centel Corp. (In re Argo Commc'ns Corp.)*, 134 B.R. 776, 796 (S.D.N.Y. 1991) (applying six-year statute of limitations to negligent misrepresentation claims but noting that its holding was limited to situations where negligent misrepresentation is alleged according to facts that also state a cause of action for fraud).

In this case, the Court held that the plaintiffs failed to state a claim for fraud with respect to investments made prior to June 2001. *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc. of Am. Sec., LLC,* 592 F. Supp. 2d 608, 628-29, 639, 642 (S.D.N.Y. 2009). Thus, with respect to plaintiffs' claims for negligent misrepresentation based on pre-June 2001 investments, there is no concomitant claim for fraud, and the three-year statute of limitations clearly applies to those claims. To hold otherwise would be to ignore the plain wording of CPLR § 213(8), which provides that the six-year statute of limitations applies only to "an action based upon fraud." Indeed, we are aware of no post-*Fromer* case in which a New York court, after dismissing fraud-based claims on the merits, applied the six-year fraud statute of limitations of CPLR §213(8) to negligent misrepresentation claims that relied on the same facts as the dismissed fraud claims. Because the facts supporting the pre-June 2001 negligent misrepresentation claims do not state a cause of action for fraud, those claims should be governed by the three-year limitations period of CPLR § 214(4).

## **CONCLUSION**

For the foregoing reasons, CPLR 214(4)'s three-year statute of limitations applies to plaintiffs' negligent misrepresentation claims relating to investments made prior to June 2001.

Dated: March 4, 2010

        Respectfully submitted,

        By: __/s/ Lewis N. Brown____
        Lewis N. Brown
        Dyanne E. Feinberg
        Terence M. Mullen
        Elizabeth A. Izquierdo
        **GILBRIDE, HELLER & BROWN, P.A.**
        One Biscayne Tower, 15th Floor
        2 South Biscayne Blvd.
        Miami, FL 33131
        Tel: 305-358-3580
        Fax: 305-374-1756

        Eliot Lauer (EL 5590)
        Michael Moscato (MM 6321)
        **CURTIS, MALLET-PREVOST, COLT**
         **& MOSLE LLP**
        101 Park Avenue
        New York, NY 10178
        Tel: 212-696-6000
        Fax: 212-697-1559

        *Attorneys for Defendants The Citco Group Limited,*
        *Citco Fund Services (Curacao) N.V., Kieran*
        *Conroy, and Declan Quilligan*