UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
THE PENSION COMMITTEE OF THE :
UNIVERSITY OF MONTREAL :
PENSION PLAN, *et al.*, :
:
                       Plaintiffs, :    1:05-CV-09016 (SAS) (FM)
:
       - against - :
:
BANC OF AMERICA SECURITIES, LLC, *et al.*, :
:
                      Defendants. :
:
-------------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW REGARDING THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFFS' NEGLIGENT MISREPRESENTATION CLAIMS

March 11, 2010

    FRIEDMAN KAPLAN SEILER &
     ADELMAN LLP
    Scott M. Berman
    Anne E. Beaumont
    Amy C. Brown
    Robert S. Landy
    Andrew S. Pak
    1633 Broadway, 46th Floor
    New York, New York 10019
    (212) 833-1100

    *Attorneys for Plaintiffs*

Plaintiffs respectfully submit this memorandum of law refuting the contention of defendants Citco Fund Services (Curacao) N.V., Kieran Conroy and Declan Quilligan (collectively, the "Citco Defendants") that a three-year statute of limitations applies to plaintiffs' negligent misrepresentation claims.

## ARGUMENT

It is beyond dispute, and the Citco Defendants do not contend otherwise, that the statute of limitations for claims of negligent misrepresentation that sound in fraud is six years. *See Milin Pharmacy, Inc. v. Cash Register Sys., Inc.*, 173 A.D.2d 686, 687, 570 N.Y.S.2d 341, 341 (2d Dep't 1991) (affirming dismissal of fraud claim for failure to plead with particularity, reversing dismissal of negligent misrepresentation claim sounding in fraud because of applicability of six-year statute of limitations); *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 698, 701-02 (S.D.N.Y. 2002) (dismissing fraud claim for failure to plead with particularity, sustaining negligent misrepresentation claims based on "same factual situation" and holding that negligent misrepresentation claims are subject to six-year statute of limitations).

In *Fromer v. Yogel*, 50 F. Supp. 2d 227 (S.D.N.Y. 1999), this Court analyzed the applicable New York law as follows:

> In [*In re Argo Communications Corp.*, 134 B.R. 776, 794-96 (Bankr. S.D.N.Y. 1991)], the court relied on the reasoning of *Ambassador Insurance Co. v. Euclid Services, Inc.*, 1984 U.S. Dist. LEXIS 16425, 80 Civ. 1235, 1984 WL 341 (S.D.N.Y. May 24, 1984). There, the District Court held that the six-year limitations period for fraud actions also governs negligent misrepresentation claims under CPLR § 213(8), because such a claim "*depends on the act of misrepresentation, be it negligent or intentional*…."…The District Court looked to the "essence of the complaint" before reaching its conclusion that CPLR § 213(8) was the applicable statute of limitations….The District Court in *Argo* then discussed the decision in *Milin Pharmacy, Inc. v. Cash Register Systems, Inc*.…  The *Milin* court based its decision on CPLR § 213(1), which provides a six-year limitations period for actions in "which no limitation is specifically prescribed by law."

*Id*. at 242 (internal citations omitted) (emphasis added).  Three years later, the court in *Von Hoffmann v. Prudential Insurance Co.*, 202 F. Supp. 2d 252 (S.D.N.Y. 2002), reaffirmed *Fromer*'s interpretation of New York law, stating:

> In New York, a claim for negligent misrepresentation based on the same facts as a claim for fraud is governed by the six-year statute of limitation for fraud under C.P.L.R. § 213(8).  *Fromer v. Yogel*, 50 F. Supp. 2d 227, 242 (S.D.N.Y. 1999) (collecting cases, and *reasoning that the six-year period for fraud applies because the claim depends on an act of misrepresentation whether negligent or intentional*); *Ambassador Ins. Co. v. Euclid Servs., Inc.*, 1984 U.S. Dist. LEXIS 16425, No. 80 Civ. 1235, at *4, 1984 WL 341 (S.D.N.Y. May 24, 1984) (applying § 213(8) because the 'essence of the complaint' sounded in fraud even though the limitations period for negligence under § 214(4) is three years).

*Id*. at 263 (emphasis added).

The complaint here clearly alleges that misrepresentations by the Citco Defendants form the basis of plaintiffs' fraud and negligent misrepresentation claims.  The only difference between the claims is that the negligent misrepresentation claim alleges that the misrepresentation was negligent, not intentional, which is irrelevant for statute of limitations purposes.[1]  *See Fromer*, 50 F. Supp. 2d at 242; *Von Hoffmann*, 202 F. Supp. 2d at 263.

The Citco Defendants' argument that plaintiffs' negligent misrepresentation claims for pre-June 2001 conduct became subject to a three-year limitations period after the accompanying fraud claims were dismissed for lack of scienter is contrary to New York law.

---

[1] In fact, the Citco Defendants have relied on the fact that plaintiffs' negligent misrepresentation claim sounds in fraud in two separate, prior attempts to dismiss this claim.  In their 2006 motion to dismiss, the Citco Defendants argued that this claim was fraud-based and thus subject to Rule 9(b). (The Citco Defendants' Mem. of Law in Supp. of Their Mot. to Dismiss First Am. Compl. at 36 (Docket No. 16.)  In their recent second motion for partial summary judgment, they argued that the negligent misrepresentation claims were fraud-based and thus subject to preemption under SLUSA.  (The Citco Defendants' Mem. of Law in Supp. of Their Second Mot. for Partial Summ. J., at 6 (Docket number 323.)).

For example, in *Milin Pharmacy*, the Second Department affirmed the dismissal of the fraud claim for failure to plead with particularity but reversed the dismissal of the negligent misrepresentation claim because a six-year statute of limitations applied. *See* 173 A.D.2d at 686-87, 570 N.Y.S.2d at 341. Similarly, in *Calcutti*, the Court dismissed the plaintiff's fraud claim but sustained its negligent misrepresentation claims that were based on the "same factual situation" as the fraud claim, and held that the negligent misrepresentation claim was subject to a six-year statute of limitations. *See Calcutti*, 224 F. Supp. 2d at 701. *Milin* and *Calcutti* thus dispose of the Citco Defendants' argument in its entirety.

*Fromer*, which the Citco Defendants principally rely on, simply does not say that a negligent misrepresentation claim that is subject to a six-year statute of limitations can become subject to a three-year statute of limitations if the accompanying fraud claim is dismissed for failure to prove scienter. In that case, this Court stated in *dictum* that the six-year statute of limitations should apply "where negligent misrepresentation is alleged according to facts that also state a cause of action for fraud." 50 F. Supp. 2d at 242. The Court explained in a footnote that this view is consistent with New York law that the fraud statute of limitations applies if "the essential claim of the complaint sound[s] in fraud." *Id.* at 242 n.13. The Court also stated that: "[n]egligent misrepresentation is a species of fraud that replaces the required showing of scienter with a showing of negligence." *Id.* at 243. These statements demonstrate that the Court did not depart from settled New York law in holding that the statute of limitations on a negligent misrepresentation claim is six years if it sounds in fraud, even if an accompanying fraud claim is dismissed for failure to establish scienter.

In addition to *Fromer*, the Citco Defendants cite decisions on motions to dismiss that apply a three-year statue of limitations to negligent misrepresentation where the complaints

3

sound in professional malpractice.[2]  The Citco Defendants also cite one case in which a fraudulent inducement claim was dismissed as barred by the six-year statute of limitations.[3] These decisions are inapposite, because they do not address the applicable statue of limitations for a negligent misrepresentation claim like the one here, which includes all of the elements of fraud except scienter.

---

[2] *See, e.g., HSBC Bank USA v. Bond, Schoeneck & King, PLLC,* 2007 NY Slip Op. 27227, 16 Misc. 3d 813, 833-34, 838 N.Y.S.2d 419, 434-36 (Sup. Ct. Erie Cty. 2007) (applying three-year statute of limitations to negligent misrepresentation claim alleged in professional malpractice action); *IT Corp. v. Ecology & Envtl. Eng'g, P.C.*, 275 A.D.2d 958, 959, 713 N.Y.S.2d 633, 635 (4th Dep't 2000) (applying three-year statute of limitations to negligent misrepresentation claim alleged in the context of a professional malpractice action where application of three-year statute of limitations was undisputed); *Fleet Factors Corp. v. Werblin*, 114 A.D.2d 996, 997, 495 N.Y.S.2d 434, 435-36 (2d Dep't 1985) (applying three-year statute of limitations to negligence claim in professional malpractice action and dismissing fraud-based claim where complaint contained only "bald allegations" of fraud); *Ruach Chaim Inst. v. Shteierman*, 872 N.Y.S.2d 693, 693 (Sup. Ct. Kings Cty. 2008) (applying three-year statute of limitations to negligent misrepresentation claim in professional malpractice action where no fraud claim asserted).  As the Citco Defendants' selection of authorities indicates, the three-year statute of limitations is most often applied when negligent misrepresentation claims rely on the same allegations as professional malpractice claims.  That is not the case here.

[3] *See Momentive Performance Materials USA, Inc. v. AstroCosmos Metallurgical, Inc.*, 659 F. Supp. 2d 332, 344-45 (N.D.N.Y. 2009) (applying three-year statute of limitations to negligent misrepresentation claim in breach of contract and professional malpractice action and dismissing fraudulent inducement claim as untimely under six-year statute of limitations).

4

## **CONCLUSION**

For the foregoing reasons, the appropriate statute of limitations for plaintiffs' negligent misrepresentation claims is six years.

Dated: New York, New York
March 11, 2010

                                        FRIEDMAN KAPLAN SEILER &
                                          ADELMAN LLP

                                        s/ Scott M. Berman
                                        Scott M. Berman (sberman@fklaw.com)
                                        Anne E. Beaumont
                                        Amy C. Brown
                                        Robert S. Landy
                                        Andrew S. Pak
                                        1633 Broadway
                                        New York, New York 10019
                                        (212) 833-1100

                                        *Attorneys for Plaintiffs*