UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE PENSION COMMITTEE OF THE
UNIVERSITY OF MONTREAL PENSION
PLAN, *et al.*,

                     Plaintiffs,

      - against -

BANC OF AMERICA SECURITIES, LLC,
CITCO FUND SERVICES (CURACAO) N.V.,
THE CITCO GROUP LIMITED,
INTERNATIONAL FUND SERVICES
(IRELAND) LIMITED,
PRICEWATERHOUSECOOPERS
(NETHERLANDSANTILLES), JOHN W.
BENDALL, JR., RICHARD GEIST, ANTHONY
STOCKS, KIERAN CONROY, and DECLAN
QUILLIGAN,

                     Defendants.

------------------------------------------------------------------X

05 Civ. 9016 (SAS)

ECF Case


**REPLY MEMORANDUM OF CITCO FUND SERVICES (CURACAO), N.V.,
KIERAN CONROY, AND DECLAN QUILLIGAN REGARDING THE
APPLICATION OF CPLR § 214(4)'s THREE-YEAR STATUTE OF LIMITATIONS
TO PLAINTIFFS' NEGLIGENT MISREPRESENTATION CLAIMS**

Citco Fund Services (Curacao), N.V., Kieran Conroy, and Declan Quilligan (the "Citco Defendants") hereby respectfully submit this reply memorandum on the application of CPLR § 214(4)'s three-year statute of limitations to plaintiffs' negligent misrepresentation claims.

## ARGUMENT

This Court's decision in *Fromer v. Yogel*, 50 F. Supp. 2d 227 (S.D.N.Y. 1999), as well as subsequent federal and New York court decisions, mandates the conclusion that plaintiffs' negligent misrepresentation claims based on purchases made prior to June 1, 2001 are subject to CPLR § 214(4)'s three-year statute of limitations, and are not entitled to CPLR § 213(8)'s six-year limitations period "for an action based upon fraud." CPLR § 213(8).

Plaintiffs' opposition brief ("Opp. Brief") fails to offer any justification for departing from *Fromer* and the cases cited in the Citco Defendants' opening memorandum. Instead, plaintiffs' opposition is based on the dubious notion that, solely because they included in their Second Amended Complaint an unsupported count for fraud with respect to their pre-June 2001 purchases, the negligent misrepresentation claims based on those purchases should somehow be assigned a six-year limitations period. However, this would invite any plaintiff to revive an expired negligent misrepresentation claim by simply drafting a companion fraud count purportedly based on the same transaction. Under plaintiffs' theory, it would be irrelevant that the fraud claim was subsequently dismissed as meritless, because the plaintiff would be entitled to retain the benefit of the six-year limitations period. For reasons of policy and common sense, this cannot be the law.

That plaintiffs' interpretation is wrong is further demonstrated by their failure to find any case where the court dismissed a fraud claim on the merits, but nonetheless allowed a six-year statute of limitations for a negligent misrepresentation claim based on the same transaction. For

example, although plaintiffs rely on *Von Hoffman v. Prudential Insurance Company*, 202 F. Supp. 2d 252 (S.D.N.Y. 2002), that case did not involve a situation where, as here, the plaintiffs failed to prove that the transaction at issue was fraudulent. (Opp. Brief at 2). To the contrary, the *Von Hoffman* court expressly determined that there *were* sufficient facts for a jury to find fraud, and therefore the negligent misrepresentation claim based on that transaction was entitled to a six-year limitations period. 202 F. Supp. 2d at 262.

In *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691 (S.D.N.Y. 2002), the plaintiff pleaded a negligent misrepresentation claim that was based on "the same transaction and occurrence" as the plaintiff's fraud claim. *Id.* at 702. Unlike in this case, the *Calcutti* court did not rule that there were insufficient facts to support a finding of fraud with respect to that transaction. Instead, it dismissed the fraud claim at the pleading stage because it was duplicative of the plaintiff's breach of contract claim, but the court further granted plaintiff leave to replead its fraud claim. *Id.* at 698. Because the *facts* that supported fraud were still in the case, the *Calcutti* court ruled that the six-year statute of limitations applied to the negligent misrepresentation claim that arose out of those facts. *Id.* at 701-02. Similarly, in *Milin Pharmacy, Inc. v. Cash Register Systems, Inc.*, 173 A.D.2d 686 (2d Dep't 1991), the court did not dismiss the fraud claim on the merits, but instead dismissed the claim for failure to comply with the heightened pleading requirements of CPLR § 3016(b). 173 A.D.2d at 687.

In sum, none of the cases relied upon by plaintiffs support their erroneous position. As set forth in the moving brief, numerous cases decided since *Von Hoffman*, *Calcutti* and *Milin* have affirmed that where, as here, there are insufficient facts to establish a fraud claim with respect to a transaction, the three-year statute of limitations applies to a negligent misrepresentation claim based on that transaction. *See* Moving Brief at 2 (citing, *inter alia*,

2

*HSBC Bank USA v. Bond, Schoeneck & King, PLLC*, 838 N.Y.S.2d 419, 435 (Sup. Ct. Erie County 2007), *Momentive Performance Materials USA, Inc. v. Astrocosmos Metallurgical, Inc.*, 659 F. Supp. 2d 332, 345 (N.D.N.Y. 2009), *Ruach Chaim Instit. v. Shteierman*, 872 N.Y.S.2d 693 (Sup. Ct. Kings County 2008)).

  Plaintiffs attempt to distinguish this authority by noting that the plaintiffs in those cases also alleged professional malpractice claims. (Opp. Brief at 3-4). But plaintiffs here do not, and cannot, explain why the existence of parallel professional malpractice claims should make any difference in this analysis.[1] As explained in *Fromer*, the crucial inquiry is whether the facts of the transaction upon which the negligent misrepresentation claim is based would also state a cause of action for fraud. 50 F. Supp. 2d at 242. In this regard, the Court found that the six-year statute of limitations of CPLR § 213(8) only applies to negligent misrepresentation claims in "***those instances where negligent misrepresentation is alleged according to facts that also state a cause of action for fraud***." 50 F. Supp. 2d at 242 (emphasis supplied). The crucial limitation set forth in *Fromer* has never been criticized in a reported decision, and in fact, has been adopted and applied in subsequent state and federal cases. *See*, *e.g.*, *HSBC Bank USA*, 838 N.Y.S.2d at 435; *see also* Moving Brief at 2 (collecting authority).

  In its summary judgment opinions in this case, this Court has made a clear distinction between those purchases of Lancer Funds shares that could support fraud claims, and those that cannot. *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 592 F.

---

[1] Moreover, even if the assertion of related professional malpractice claims was somehow relevant to this analysis, it would fail to distinguish this case from the authority cited above. In their Second Amended Complaint, plaintiffs also asserted a professional malpractice claim in the same count that sets forth the purported basis for their negligent misrepresentation claims. (*See* Second Amended Complaint at ¶¶ 367-375). This Court dismissed the professional malpractice claim because the plaintiffs failed to show "that hedge fund administrators are 'professionals' under New York law." *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 592 F. Supp. 2d 608, 642 (S.D.N.Y. 2009).

3

Supp. 2d 608, 628-29, 639, 642 (S.D.N.Y. 2009); *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 617 F. Supp. 2d 216, 226 (S.D.N.Y. 2009). Specifically, this Court dismissed plaintiffs' fraud claims based on purchases made prior to June 1, 2001 for the express reason that there are insufficient facts to support fraud claims for purchases made during that period.[2] For example, this Court ruled:

- "Because plaintiffs have not adduced any other evidence of recklessness by the Citco Defendants, summary judgment on the Section 10(b) claims is granted to the Citco Defendants with respect to the plaintiffs who purchased all of their shares in the Funds prior to June 2001." 592 F. Supp. 2d at 628-29;

- "Because plaintiffs have not established the Citco Defendants' scienter prior to June 2001, those [common law fraud] claims of plaintiffs who purchased their shares in the Funds before June 2001 fail." *Id.* at 639;

- Dismissing the aiding and abetting claims arising prior to June 2001, stating "plaintiffs have not shown that the Citco Defendants acted recklessly – much less with knowledge of the fraud – prior to June 2001." *Id.* at 642.

Accordingly, as a matter of law, plaintiffs' negligent misrepresentation claims based on purchases made prior to June 1, 2001 are not based on facts "that also state a cause of action for fraud." *Fromer*, 50 F. Supp. 2d at 242. Based on *Fromer* and the authority cited in the Citco Defendants' moving brief, such negligent misrepresentation claims are therefore not entitled to CPLR § 213(8)'s six-year limitations period "for an action based upon fraud." CPLR § 213(8). Instead, these claims are governed by the three-year statute of limitations of CPLR § 214(4).

---

[2] By way of contrast, this Court has ruled that claims based on purchases made on or after June 1, 2001 could support a finding of fraud.

4

## CONCLUSION

For the reasons set forth in the Citco Defendants' opening memorandum and above, the statute of limitations applicable to plaintiffs' negligent misrepresentation claims based on purchases made prior to June 1, 2001, is three years.

Dated: March 15, 2010

Respectfully submitted,

By: /s/ Lewis N. Brown
Lewis N. Brown
Dyanne E. Feinberg
Terence M. Mullen
Elizabeth A. Izquierdo
**GILBRIDE, HELLER & BROWN, P.A.**
One Biscayne Tower, 15th Floor
2 South Biscayne Blvd.
Miami, FL 33131
Tel: 305-358-3580
Fax: 305-374-1756

Eliot Lauer (EL 5590)
Michael Moscato (MM 6321)
**CURTIS, MALLET-PREVOST, COLT
  & MOSLE LLP**
101 Park Avenue
New York, NY 10178
Tel: 212-696-6000
Fax: 212-697-1559

*Attorneys for Defendants The Citco Group Limited, Citco Fund Services (Curacao) N.V., Kieran Conroy, and Declan Quilligan*