**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- X

THE PENSION COMMITTEE OF THE
UNIVERSITY OF MONTREAL
PENSION PLAN, *et al.*,

         **Plaintiffs,**

    - against -

BANC OF AMERICA SECURITIES,
LLC, CITCO FUND SERVICES
(CURACAO) N.V., THE CITCO GROUP
LIMITED, INTERNATIONAL FUND
SERVICES (IRELAND) LIMITED,
PRICEWATERHOUSECOOPERS
(NETHERLAND ANTILLES), JOHN W.
BENDALL, JR., RICHARD GEIST,
ANTHONY STOCKS, KIERAN
CONROY, and DECLAN QUILLIGAN,

         **Defendants.**

------------------------------------------------- X

**MEMORANDUM
OPINION AND ORDER**

**05 Civ. 9016 (SAS)**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/10
```

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION AND BACKGROUND

A group of investors brings this action to recover losses stemming

from the liquidation of two British Virgin Islands based hedge funds in which they

held shares:  Lancer Offshore, Inc. ("Lancer Offshore") and OmniFund Ltd.

("OmniFund") (collectively, the "Lancer Funds").  These investors purchased

-1-

shares in the Lancer Funds between approximately 1998 and August 2002. The

action was filed on February 12, 2004 in the Southern District of Florida and

transferred to this Court on October 25, 2005 as a result of defendants' motion to

transfer venue.[1]  Although the action involves the claims of ninety-six plaintiff

investors, on February 1, 2008, I ordered that the case would proceed initially on

the claims of twenty plaintiffs ("Plaintiffs").  The only remaining defendants are

the Lancer Funds' former administrator, Citco Fund Services (Curacao), N.V.

("CFS-Curacao"), its parent company, The Citco Group Limited, and former

Lancer Offshore directors who were officers of CFS-Curacao (collectively, the

"Citco Defendants").

      In deciding the Citco Defendants' motion for summary judgment, I

held that Plaintiffs failed to state a claim for fraud with respect to investments

made prior to June 2001 because Plaintiffs had not shown that the Citco

Defendants possessed the requisite scienter prior to that date.[2]  I subsequently

---

[1]    *See Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,* — F. Supp. 2d —, 2010 WL 184312, at \*8 (S.D.N.Y. 2009).

[2]    *See Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,* 592 F. Supp. 2d 608, 642 (S.D.N.Y. 2009) ('Summary judgment is granted to the Citco Defendants on plaintiffs' Section 10(b) claims based on purchases of shares made before June 2001 because plaintiffs have not shown that the Citco Defendants possessed scienter prior to this date."); *id.* ("Summary judgment is granted to the Citco Defendants on plaintiffs' common law fraud

-2-

extended that ruling to Plaintiffs' breach of fiduciary duty claims on the ground that those claims are "fraud-based."[3] In preparation for trial, the Citco Defendants have made a motion, based on those holdings, requesting that I apply New York's three-year statute of limitations for injuries to property,[4] and not its six-year statute of limitations for actions based on fraud,[5] to Plaintiffs' negligent misrepresentation claims relating to investments made prior to June 2001. For reasons discussed below, the Citco Defendants' motion is granted.

The Citco Defendants omitted to specifically request in their motion that Plaintiffs' relevant negligent misrepresentation claims be dismissed pursuant to a ruling that the three-year statute of limitation applies. However, under New York law, negligent misrepresentation claims accrue "'on the date of the alleged

---

claims based on purchases made before June 2001 because plaintiffs have not shown that the Citco Defendants possessed scienter prior to that date."); *id.* ("Summary judgment is granted to the Citco Defendants on plaintiffs' aiding and abetting claims for purchases made prior to June 2001 because they have not shown that the Citco Defendants possessed actual knowledge of the alleged scheme prior to this date.").

[3]    *See Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 617 F. Supp. 2d 216, 226 (S.D.N.Y. 2009).

[4]    *See* C.P.L.R. § 214(4).

[5]    *See id.* at § 213(8)

-3-

misrepresentation which is relied upon by the plaintiff.'"[6]  Accordingly, all of

Plaintiffs' negligent misrepresentation claims arising from representations made

prior to February 12, 2001 are hereby dismissed.

## II.    APPLICABLE LAW

Under New York law, the appropriate statute of limitations for

negligent misrepresentation claims depends on the nature of the claim.  If the

negligent misrepresentation claim arises from facts that also state a cause of action

for fraud, New York courts apply the six-year statute of limitations provided by

section 213(8) of the New York Civil Practice Law and Rules ("C.P.L.R.") for

actions "based upon fraud" so long as the allegation of fraud is not ancillary to the

negligent misrepresentation claim.[7]  If the negligent misrepresentation claim does

---

[6]    *Doss, Inc. v. Christie's Inc.*, No. 08 Civ. 10577, 2009 Wl 3053713, at
\*3 (S.D.N.Y. Sept. 23, 2009) (quoting *Fandy Corp. v. Lung-Fong Chen*, 691
N.Y.S.2d 572, 573 (2d Dep't 1999)) (collecting cases)

[7]    *See* C.P.L.R. § 213(8).  *See Sotheby's Fin. Servs., Inc. v. Baran*, No.
00 Civ. 7897, 2003 WL 21756126, at \*10 (S.D.N.Y. July 29, 2003) ("Under New
York law, claims for negligent misrepresentation based on fraud are governed by a
six-year statute of limitations period."); *Von Hoffman v. Prudential Ins. Co. of Am.*,
202 F. Supp. 2d 252, 263 (S.D.N.Y. 2002) ("In New York, a claim for negligent
misrepresentation based on the same facts as a claim for fraud is governed by the
six-year statute of limitation for fraud under C.P.L.R. § 213(8)." (citations
omitted)); *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 701 (S.D.N.Y. 2002) ("In
New York, a negligent misrepresentation claim that is based on the same factual
situation as a fraud claim is subject to a six-year statute of limitations." (citations
omitted)); *Fromer v. Yogel*, 50 F. Supp. 2d 227, 242 (S.D.N.Y. 1999) ("I hold that
Plaintiffs' [negligent misrepresentation] claim is timely under the six-year statute

-4-

not state a cause of action for fraud, New York courts sometimes apply the six-year

statute of limitations provided by section 213(1) for actions "for which no

limitation is specifically prescribed by law."[8] Other times, however, courts have

applied the three-year statute of limitations provided by section 214(4) for actions

"to recover damages for an injury to property."[9]

## III.   DISCUSSION

At the summary judgment phase, Plaintiffs failed to demonstrate that

there was a genuine issue of material fact as to whether the Citco Defendants had

the requisite scienter to support their fraud claims relating to investments made

prior to June 2001. Without proving scienter, which is a necessary element of

fraud,[10] Plaintiffs cannot logically argue that their negligent misrepresentation

_____

of limitations provided in CPLR § 213(8). This holding is limited to those
instances where negligent misrepresentation is alleged according to facts that also
state a cause of action for fraud."); *County of Ulster v. Highland Fire Dist.*, 815
N.Y.S.2d 303, 306 (3d Dep't 2006) ("Finally, if the facts underlying a cause of
action for negligent misrepresentation also state a cause of action for fraud, it too
must be brought within six years of the offending conduct." (citation omitted)).

[8]      C.P.L.R. § 213(1). *See Asbeka Indus. v. Travelers Indemnity Co.*, 831
F. Supp. 74, 80 (E.D.N.Y. 1993); *Milin Pharmacy, Inc. v. Cash Register Sys., Inc.*,
570 N.Y.S.2d 341, 341 (2d Dep't 1991).

[9]      C.P.L.R. § 214(4). *See Colon v. Banco Popular N. Am.*, 874 N.Y.S.2d
44, 44 (1st Dep't 2009).

[10]     *See Chanayil v. Gulati*, 169 F.3d 168, 171 (2d Cir. 1987) ("Under
New York Law, the elements of common law fraud are a material, false

claims relating to those investments state a cause of action for fraud.[11] To the extent that Plaintiffs are able to succeed on their negligent misrepresentation claims relating to investments made prior to June 2001, those claims will have to be based on something other than fraud.

Plaintiffs cite two cases – *Milin Pharmacy, Inc. v. Cash Register System, Inc.* and *Calcutti v. SBU, Inc.* – for the contrary proposition that their negligent misrepresentation claims still sound in fraud even though their fraud claims were dismissed for lack of scienter.[12] However, neither case supports this proposition. In *Milin Pharmacy*, a New York appellate court upheld a trial court's application of a six-year statute of limitations to a negligent misrepresentation claim even though it also determined that the trial court had properly dismissed

representation, *an intent to defraud thereby*, and reasonable reliance on the representation, causing damage to the plaintiff." (emphasis added) (quotation marks and citation omitted)). Constructive fraud, unlike actual fraud, does not require an intent to deceive. However, as Plaintiffs have not alleged a claim for constructive fraud, I do not pass on whether a negligent misrepresentation claim sounding in *constructive* fraud is subject to a six-year statute of limitations.

[11] *See County of Ulster*, 815 N.Y.S.2d at 306. *Cf. IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009) (holding that plaintiff's breach of fiduciary duty claim was not essentially a fraud action subject to section 213(8) because plaintiff did not allege justifiable reliance).

[12] *See* Plaintiffs' Memorandum of Law Regarding the Statute of Limitations Applicable to Plaintiffs' Negligent Misrepresentation Claims at 2-3.

plaintiff's fraud claim for failing to plead with the required particularity.[13]

However, the appellate court cited section 213(1), not section 213(8), in support of

that assertion.[14]  As discussed below, section 213(1) is not applicable to Plaintiffs'

claims.

In *Calcutti*, a federal district court applying New York law also held

that the six-year statute of limitations applied to a negligent misrepresentation

claim even though plaintiff failed to plead his fraud claim with particularity.[15]

However, the court did not discuss the interplay of the fraud and the negligent

misrepresentation claims, granted plaintiff the opportunity to replead his fraud

claim, and did not discuss whether the six-year statute of limitations would still

apply if the fraud claim was ultimately dismissed with prejudice.[16]

---

[13]    *See Milin Pharmacy*, 570 N.Y.S.2d at 341.

[14]    *See id.*

[15]    *See Calcutti*, 224 F. Supp. 2d at 697-99, 701-02.

[16]    *See id.*  If the court in *Calcultti* did intend to hold that the six-year statute of limitations applies to negligent misrepresentation claims even after a claim for fraud has been dismissed, I disagree with that conclusion. *See In re Argo Commc'ns Corp.*, 134 B.R. 776, 796 (Bankr. S.D.N.Y. 1999) ("[W]e hold that Trustee's [negligent misrepresentation] claim is timely under the six-year statute of limitations provided in CPLR § 213(8). Our holding, however, is limited to situations where negligent misrepresentation is alleged according to facts that also *state a cause of action for fraud*." (emphasis added)); *Ambassador Ins. Co. v. Euclid Servs., Inc.*, No. 80 Civ. 1235, 1984 WL 341, at *4 n.7 (S.D.N.Y. May 24, 1984) (applying a six-year statute of limitations to a negligent misrepresentation

Having determined that section 213(8) does not apply to Plaintiffs'
negligent misrepresentation claims relating to purchases prior to June 2001, the
next question is whether section 213(1) or section 214(4) applies to those claims.
New York courts have not specifically addressed when section 214(4) and when
section 213(1) apply to negligent misrepresentation claims. Some guidance is
provided by the New York courts' treatment of breach of fiduciary duty claims.
As with negligent misrepresentation claims, if "an allegation of fraud is essential
to a breach of fiduciary duty claim," the six-year statute of limitations provided by
section 213(8) applies.[17] If an allegation of fraud is not essential to the claim, then
"the choice of the applicable limitations period depends on the substantive remedy
that the plaintiff seeks."[18] Where the "remedy sought is purely monetary in nature,
courts construe the suits as alleging 'injury to property' within the meaning of
CPLR 214(4), which has a three-year limitations period."[19] Where, however, "the

---

claim but noting "that were the charge of negligent misrepresentation viewed
strictly in terms of negligence, that claim would be time-barred by a three year
statute of limitations." (citing C.P.L.R. § 214(4))); *Fleet Factors Corp. v. Werblin*,
495 N.Y.S.2d 434, 435-36 (2d Dep't 1985) (dismissing plaintiff's fraud claim and
applying a three-year statute of limitations to a negligent misrepresentation claim).

[17]    *IDT Corp.*, 12 N.Y.3d at 139 (citation omitted).

[18]    *Id.* (citation omitted).

[19]    *Id.* (citation omitted).

relief sought is equitable in nature, the six-year limitations period of CPLR 213(1) applies."[20]

Because this rule accords with the general understanding that section 213(1) "govern[s] actions for equitable relief, not actions for damages,"[21] I hold that claims seeking monetary damages for negligent misrepresentations, like breach of fiduciary duty claims, are properly governed by section 214(4).[22] In addition, the "injury to property" language in section 214(4) has generally been interpreted broadly and has been construed to include actions alleging a decline in the value of financial instruments.[23] I therefore conclude that the three-year statute of limitations provided by section 214(4) governs Plaintiffs' negligent misrepresentation claim which seeks monetary damages arising from their investment in the Lancer Funds.

---

[20]     *Id.* (citation omitted).

[21]     *Singleton v. City of New York*, 632 F.2d 185, 190 (2d Cir. 1980) (citation omitted).

[22]     *Cf. Fandy Corp.*, 691 N.Y.S.2d at 573 ("The plaintiff's causes of action based on constructive fraud and negligent misrepresentation are covered by the six-year Statute of Limitations *governing equitable actions in general.*" (emphasis added) (citations omitted)).

[23]     *See Independent Order of Foresters v. Donaldson, Lufkin, & Jenrette, Inc.*, 157 F.3d 933, 942 (2d Cir. 1998) (applying section 214(4) in a case where the plaintiff alleged losses on purchased securities due to a breach of defendant's fiduciary duty).

## IV.   CONCLUSION

For the aforementioned reasons, Citco Defendants' motion to apply section 214(4)'s three-year statute of limitation to Plaintiffs' negligent misrepresentation claims relating to investments made prior to June 2001 is granted.  Accordingly, Plaintiffs' negligent misrepresentation claims arising from misrepresentations occurring before February 12, 2001 are dismissed.  The Clerk of Court is directed to close this motion (Docket No. 344).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 22, 2010

## - Appearances -

**For the Plaintiffs:**

Scott M. Berman, Esq.
Anne E. Beaumont, Esq.
Amy C. Brown, Esq.
Philip A. Wellner, Esq.
Robert S. Landy, Esq.
Lili Zandpour, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, New York 10019
(212) 833-1100

**For the Citco Defendants:**

Lewis N. Brown, Esq.
Dyanne E. Feinberg, Esq.
Terence M. Mullen, Esq.
Elizabeth A. Izquierdo, Esq.
Gilbride, Heller & Brown, P.A.
One Biscayne Tower, 15th Floor
2 South Biscayne Blvd.
Miami, Florida 33131
(305) 358-3580

Eliot Lauer, Esq.
Michael Moscato, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
(212) 696-6000